**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, <br><br> Defendant. | Civil Action No. 06-530–SLR |

**BANK OF AMERICA CORPORATION'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Bank of America Corporation ("BAC") responds as follows to the allegations and averments in the First Amended Complaint ("Complaint")[1] that Plaintiffs Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Ablaise") filed in the above-styled action.

1.      BAC admits that the Complaint purports to set forth a patent infringement claim under Title 35 of the United States Code.  BAC admits that the Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1338(a).

2.      BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and on that basis denies them.

3.      BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and on that basis denies them.

---

[1]     Plaintiffs filed a First Amended Complaint before the extended due date for any response to the Original Complaint in this Action.  BAC, therefore, has answered only the First Amended Complaint, which superseded the Original Complaint.

4.      BAC admits the allegations in paragraph 4 of the Complaint, but denies that it is a proper party to this action because BAC has not engaged in, supervised or directed any of the activities alleged in the Complaint.

5.      BAC admits that United States Patent No. 6,961,737 ("the '737 patent") is titled "Serving Signals" and that United States Patent No. 6,295,530 ("the '530 patent") is titled "Internet Service of Differently Formatted Viewable Data Signals Including Commands for Browser Execution."  BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the ownership of the '737 and '530 patents and Ablaise's standing to assert these patents, and on that basis denies them.

6.      BAC admits that the '737 patent was issued on November 1, 2005.  BAC denies that the '737 patent was duly or legally issued.

7.      BAC admits that the '530 patent was issued on September 25, 2001.  BAC denies that the '530 patent was duly or legally issued.

8.      BAC denies that it has made, used or operated the bankofamerica.com website, or any related website as set forth in paragraph 8 of the Complaint, and denies any remaining allegation in paragraph 8 of the Complaint.

9.      BAC denies all allegations in paragraph 9 of the Complaint.

10.     BAC denies all allegations in paragraph 10 of the Complaint.

11.     BAC denies all allegations in paragraph 11 of the Complaint.

12.     BAC denies all allegations in paragraph 12 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Improper Party)

13.     Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted and fails to join a party under Rule 19 because BAC has not

engaged in, supervised or directed any of the activities alleged in the First Amended Complaint.

## Second Affirmative Defense

### (Non-Infringement)

14.    BAC has not infringed (either directly, contributorily, or by inducement) any claim of the '737 patent.

15.    BAC has not infringed (either directly, contributorily, or by inducement) any claim of the '530 patent.

## Third Affirmative Defense

### (Invalidity – 35 U.S.C. § 102)

16.    The '737 patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. § 102.

17.    The '530 patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. § 102.

## Fourth Affirmative Defense

### (Invalidity – 35 U.S.C. § 103)

18.    The '737 patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. § 103.

19.    The '530 patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. § 103.

**Fifth Affirmative Defense**

**(Invalidity – 35 U.S.C. § 112)**

20.    The '737 patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. § 112.

21.    The '530 patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. § 112.


**Sixth Affirmative Defense**

**(Prosecution Laches)**

22.    The '737 patent is unenforceable because Ablaise violated the equitable doctrine of prosecution laches by not substantively advancing the prosecution of the '737 patent when required and given the opportunity by the United States Patent & Trademark Office.


**PRAYER FOR RELIEF**

WHEREFORE, BAC prays for judgment against Plaintiffs as follows:

(a)    That Ablaise's Complaint be dismissed with prejudice;

(b)    That Ablaise be denied any and all relief that it has requested in its Complaint;

(c)    That the Court deny any preliminary or permanent injunctive relief in favor of Ablaise and against BAC;

(d)    That the Court find that BAC has not infringed and does not currently infringe any valid claim of the '737 patent, directly or indirectly, literally or by equivalents;

(e)    That the Court find that BAC has not infringed and does not currently infringe any valid claim of the '530 patent, directly or indirectly, literally or by equivalents;

-4-

(f)     That the Court find that the claims of the '737 patent are invalid;

(g)     That the Court find that the claims of the '530 patent are invalid;

(h)     That the Court find that the claims of the '737 patent are unenforceable;

(i)     That the Court find that this case is exceptional under 35 U.S.C. § 285

and, accordingly, award BAC its reasonable attorneys' fees and costs;

(j)     That BAC be granted such other and further relief as this Court deems just

and equitable.


### **DEMAND FOR JURY TRIAL**

BAC requests a jury trial of any issues triable by right by a jury.


Dated: November 16, 2006

FISH & RICHARDSON P.C.


*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
919 Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899
(302) 778-8401

Nagendra Setty
Christopher O. Green
Douglas L. Bridges
1180 Peachtree Street
21st Floor
Atlanta, GA 30309
(404) 892-5005

**Attorneys for Defendant**
**Bank of America Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2006, I electronically filed with the Clerk of Court the pleading entitled "BANK OF AMERICA CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT" using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via hand delivery:

Thomas C. Grimm (#1098)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200


I hereby certify that on November 16, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Thomas G. Scavone
Matthew G. McAndrews
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison Street, Suite 4600
Chicago, IL  60602
(312) 236-0733


*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr.