IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABLAISE LTD. and GENERAL INVENTORS INSTITUTE A, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, <br><br> Defendants. | C.A. No. 06-530-SLR |

**DEFENDANT BANK OF AMERICA CORPORATION'S
OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Nagendra Setty
Douglas Bridges
Fish & Richardson P.C.
1180 Peachtree St., NE, 21st. Fl.
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

David M. Barkan
Craig R. Compton
Jonathan J. Lamberson
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant
BANK OF AMERICA CORPORATION

Dated: December 22, 2006

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS ............................................1

III. SUMMARY OF ARGUMENT .............................................................................2

IV. STATEMENT OF FACTS ....................................................................................3

V. ARGUMENT .........................................................................................................5

    A. This Case Should Be Stayed Pending The Outcome Of The Two Manufacturers' Litigations. ..........................................................5

    B. Manufacturers of the Accused Software Products Should Be Allowed to Resolve Ablaise's Infringement Claims. ............................6

    C. All The Factors Weigh In Favor Of Staying This Litigation. ...................................................................................................8

    D. Financial Fusion Was First To File Suit. ..................................................11

    E. Yodlee's Suit Should Be Given Priority Under The Customer-Suit Exception. ...........................................................................12

VI. CONCLUSION ....................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bechtel Corp. v. Laborers' International Union*,
    544 F.2d 1207 (3d Cir. 1976) ................................................................................. 6

*Cheyney State College Faculty v. Hufstedler*,
    703 F.2d 732 (3d Cir. 1983) ................................................................................... 6

*Codex Corp. v. Milgo Elec. Corp.*,
    553 F.2d 735 (1st Cir. 1977) ......................................................................... 6, 7, 12

*Genentech, Inc. v. Eli Lilly Co.*,
    998 F.2d 931 (Fed. Cir. 1993) ............................................................................ 7, 11

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*,
    2005 U.S. Dist. LEXIS 22933 (D. Del. 2005) at *8 ........................................... 6, 7

*Kahn v. General Motors Corp.*,
    889 F.2d 1078 (Fed. Cir. 1989) ................................................................................ 7

*Katz v. Lear Siegler, Inc.*,
    909 F.2d 1459 (Fed. Cir. 1990) ......................................................................... 7, 12

*Ricoh Co. v. Aeroflex Inc.*,
    279 F. Supp. 2d 554 (D. Del. 2003) ........................................................................ 7

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
    766 F. Supp. 212 (D. Del. 1991) ............................................................................. 6

**I.  INTRODUCTION**

Defendant Bank of America Corporation ("Bank of America") provides services and features on its website, bankofamerica.com. Bank of America, however, relies on independent third-party software vendors to create, develop and maintain many of these features. The infringement contentions that Ablaise Ltd. and General Inventors Institute A, Inc. (collectively, "Ablaise") raise in this lawsuit implicate two such features: the militarybankonline.bankofamerica.com website that Financial Fusion, Inc. ("Financial Fusion") developed, and the "My Portfolio" feature that Yodlee, Inc. ("Yodlee") developed. Both of these independent, third-party software developers have brought declaratory judgment actions in the Northern District of California seeking declarations that their products do not infringe the Ablaise patents, and the outcome of these two litigations will resolve any alleged infringement by Bank of America. Because these two software manufacturers can more appropriately defend their products against claims of patent infringement, and because the controlling Federal Circuit authorities give priority to manufacturers' suits over suits against customers, this Court should stay this action pending the outcome of those two suits.

**II.  NATURE AND STAGE OF THE PROCEEDINGS**

Ablaise filed this suit against Bank of America on August 28th, 2006, alleging that Bank of America infringed U.S. Patent No. 6,961,737 ("the '737 patent"). [D.I. 1] Ablaise brought this infringement suit more than four months *after* Financial Fusion filed a declaratory relief action against Ablaise in the Northern District of California regarding the same '737 patent and its assertion against the Financial Fusion portion of the bankofamerica.com website. [Marsden Decl.[1], Ex. A.] On October 10, 2006, Ablaise amended its complaint to add U.S. Patent No. 6,295,530 ("the '530 patent") to this suit.

---

[1]  "Marsden Decl." refers to the Declaration of William J. Marsden, Jr. in Support of Defendant Bank of America Corporation's Motion to Stay.

[D.I. 6]  On November 2, 2006 Financial Fusion sought leave to add the '530 patent to its declaratory relief action in the Northern District of California.  [Marsden Decl., Ex. B.]

On November 16, 2006, Bank of America answered Ablaise's first amended complaint.  [D.I. 8]

On November 21, 2006, Yodlee filed a declaratory relief action in the Northern District of California against Ablaise regarding both the '737 and '530 patents based on Ablaise's assertion that the Yodlee portion of the bankofamerica.com website infringes those patents.  [Marsden Decl., Ex. C.]

On December 15, 2006, Magistrate Judge Patricia Trumbull in the Northern District of California granted Financial Fusion's request to add the '530 patent to its declaratory relief action against Ablaise, and also issued an order relating the Yodlee case to the Financial Fusion litigation.  [Marsden Decl., Ex. K.]

## III.    SUMMARY OF ARGUMENT

1. Federal Circuit and Delaware precedent gives priority to manufacturers' suits, because manufacturers can most readily defend their products against claims of infringement.  Here, Financial Fusion initiated its declaratory relief action in the Northern District of California more than four months before Ablaise filed this lawsuit in Delaware on the same subject matter.  Now that Yodlee has also filed a declaratory relief action against Ablaise in the same court as the Financial Fusion action, all of Ablaise's claims relating to the bankofamerica.com website will be resolved through these two pending manufacturers' suits.  As acknowledged in the "customer suit exception" case law, manufacturers have better access to the technical information needed to defend the litigation and are more motivated to seek full resolution of the claims against their products.  Finally, staying this litigation until the Financial Fusion and Yodlee actions are resolved will serve the interests of judicial economy by avoiding duplicative litigation and the possibility of inconsistent results.  Ablaise cannot claim prejudice from having its

patent rights litigated in the Northern District of California because Ablaise has voluntarily chosen that forum in suing other companies on these patents.

IV.     STATEMENT OF FACTS

On February 6, 2006, counsel for Ablaise sent a letter to Bank of America alleging that the militarybankonline.bankofamerica.com portion of the bankofamerica.com website implements "core features" of the '737 patent. [Marsden Decl., Ex. D] Ablaise provided what it called a "representative infringement analysis for Claim 1 of the '737 patent," which used a multimedia presentation on a CD-ROM entitled "Ablaise Patent Information Kit" to compare screenshots from the bankofamerica.com website to elements in Claim 1 of the '737 patent. [*Id.*]

Ablaise wrote that it had initiated a "licensing program" in the United States in 2005. [*Id.*] As part of this "licensing program," Ablaise said that it had licensed the '737 patent to several U.S. corporations, including CDW Corporation, Citigroup Corporation, E*Trade Securities, LLC, Salesforce.com, and Shopping.com. [*Id.*] Bank of America subsequently discovered that Ablaise had sued a number of these companies in venues around the United States, including suits against E*Trade and Salesforce.com in the Northern District of California, and against J&R Electronics, Inc., Lycos, Inc., and CDW Corporation in the Northern District of Illinois. [Marsden Decl., Ex. E.] Bank of America also discovered that a number of companies had brought their own declaratory judgment complaints against Ablaise involving these two patents, including Investools, Inc. in the Northern District of California, Lowe's Home Centers, Inc. in the Western District of North Carolina, and Dow Jones Reuters Business Interactive, LLC in the District of Columbia. [*Id.*]

On April 6, 2006, Financial Fusion sued Ablaise in the Northern District of California seeking a declaratory judgment of non-infringement and invalidity of the '737 patent. [Marsden Decl., Ex. A.] As noted in that complaint, Financial Fusion and its predecessor corporations were responsible for creating, providing, and maintaining the

3

allegedly infringing militarybankonline.bankofamerica.com website that Ablaise identified in its "representative infringement analysis." [*Id*. at ¶ 5.] Financial Fusion, a wholly-owned subsidiary of Sybase, has also agreed to indemnify Bank of America and to defend any claims of infringement involving the software it provided to Bank of America. [*Id*.]

On July 26, 2006, Ablaise filed a motion to dismiss Financial Fusion's California complaint on the grounds that there was no actual controversy between Ablaise and Financial Fusion. [Marsden Decl., Ex. F.] In its response to that motion, Financial Fusion pointed out that it had developed the allegedly infringing feature of the bankofamerica.com website, that Ablaise had explicitly threatened Bank of America and other Financial Fusion customers, and that such threats against customers are enough to meet the case and controversy requirement of the declaratory judgment act. [Marsden Decl., Ex. G.] On September 27th, 2006, Magistrate Judge Trumbull (designated by consent of the parties to adjudicate all issues in the case) denied the Ablaise motion to dismiss, and that case is currently proceeding in the Northern District of California. [Marsden Decl., Ex. H.]

Also on July 26, 2006, (the same day Ablaise brought its motion to dismiss the Financial Fusion litigation), Ablaise sent another letter to Bank of America, this time accusing another feature of the bankofamerica.com website of infringing the '737 patent. [Marsden Decl., Ex. I.] This letter referred to the earlier letter, stating, "[a]s you know, we first wrote to Bank of America ('B of A') in February of this year advising that the B of A web site, and particularly the militarybank.com portion of the site, was utilizing technology covered by the '737 patent owned by our client, Ablaise Ltd." [*Id*.] The letter went on to state that "since that initial letter, the Ablaise technical staff has revisited the B of A site and discovered yet another infringing functionality. We have reviewed our client's findings and confirmed that the 'My Portfolio' facility of the B of A site does practice the method recited in claim 1 of the '737 patent." [*Id*.] Ablaise again enclosed a

4

purported "infringement analysis" comparing screen shots from the bankofamerica.com website to elements from Claim 1 of the '737 patent, and referred Bank of America to the "license proposal" sent with the February 6th, 2006, letter.  [*Id.*]

On August 28th, 2006, Ablaise sued Bank of America, alleging broadly that the bankofamerica.com website infringed the '737 patent. [D.I. 1]  On October 10, 2006, Ablaise amended its complaint, adding an allegation that the bankofamerica.com website infringed the '530 patent. [D.I. 6]  On November 2, 2006, Financial Fusion moved for leave to amend its California complaint to add the '530 patent.  [Marsden Decl., Ex. B.]

On November 21, 2006, Yodlee filed its own declaratory judgment complaint against Ablaise in the Northern District of California seeking a declaration that the '737 and '530 patents are not infringed, and are invalid and unenforceable.  [Marsden Decl., Ex. C.]  As noted in that complaint, Yodlee developed, provides, and supports the "My Portfolio" facility of the bankofamerica.com website that Ablaise identified in its second "infringement analysis."  [*Id.*]  Also as noted in that complaint, Yodlee has indemnification agreements with Bank of America and has agreed to defend any claims of infringement involving the software it developed for the bankofamerica.com website. [*Id.*]

On December 15, 2006, Magistrate Judge Trumbull granted Financial Fusion's request to add the '530 patent to its declaratory relief action against Ablaise, and also issued an order relating the Yodlee case to the Financial Fusion litigation.  [Marsden Decl., Ex. K.]  Both the Yodlee and Financial Fusion suits are currently proceeding in the Northern District of California.

V.     **ARGUMENT**

      **A.     This Case Should Be Stayed Pending The Outcome Of The Two Manufacturers' Litigations.**

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for

itself, for counsel, and for litigants." *See Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *See Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). When considering a motion to stay, the court considers four factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp*., 2005 U.S. Dist. LEXIS 22933 (D. Del. 2005) at *8 (*citing United Sweetener USA, Inc. v. Nutrasweet Co*., 766 F. Supp. 212, 217 (D. Del. 1991)). In this case, not only do these factors weigh in favor of staying this litigation, Federal Circuit and Delaware precedent requires that suits of manufacturers be given priority over suits against customers of allegedly infringing products. This Court should exercise its broad discretion and stay this litigation pending the outcome of the two manufacturers' suits.

        **B.**     **Manufacturers of the Accused Software Products Should Be Allowed to Resolve Ablaise's Infringement Claims.**

Suits involving the manufacturer of a product are generally given priority over suits brought against the customers of that product. As the First Circuit noted in *Codex Corp. v. Milgo Elec. Corp*., 553 F.2d 735 (1st Cir. 1977), "[a]t the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit. … [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." [*Id*. at 737-38.]

The Federal Circuit has explicitly recognized that suits of manufacturers are to be given priority over suits against customers. For example, in *Kahn v. General Motors Corp.*, 889 F.2d 1078 (Fed. Cir. 1989), the Federal Circuit noted that "[t]he customer suit exception is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse." [*Id*. at 1081.] In *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990), the Federal Circuit quoted *Codex* for the proposition that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." [*Id*. at 1464.] Finally, in *Genentech, Inc. v. Eli Lilly Co*., 998 F.2d 931 (Fed. Cir. 1993), the Federal Circuit noted that, "[t]he considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action. When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum [for the first-filed action], a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." [*Id*. at 938.]

The Delaware courts have followed the Federal Circuit in prioritizing manufacturers' suits. For example, in *Ricoh Co. v. Aeroflex Inc*., 279 F. Supp. 2d 554 (D. Del. 2003), the court transferred a customer suit to the Northern District of California because the patentee's claims were "fundamentally claims against the ordinary use of [the manufacturer's product]." [*Id.* at 558.] The court said, "it is clear that, based on the outcome of the California case, either [the manufacturer] will prevail and use of the [product] will be determined to be non-infringing, or [the patentee] will prevail, and [the manufacturer] will be forced to pay damages or license the patent." [*Id.*] Similarly, in *Honeywell* the court stayed a number of cases brought against non-manufacturer defendants, giving priority to the suits against the manufacturers of the accused products. *See* 2005 U.S. Dist. LEXIS 22933 at *8-9.

In this case, both Yodlee and Financial Fusion have indicated their willingness to protect their products and customers against claims of infringement. Both have initiated litigation against Ablaise in the Northern District of California, and both allege that Ablaise has threatened other customers with infringement. [Marsden Decl. Exs. A & C; Hazlehurst Decl.[2] ¶ 5; Dmitrich Decl.[3] ¶ 4.] Yodlee and Financial Fusion have also entered into indemnification agreements with Bank of America, whereby they agreed to defend claims such as Ablaise's. [Hazlehurst Decl. ¶ 4; Dmitrich Decl. ¶ 2] Either Ablaise will prevail in these litigations against Yodlee and Financial Fusion, in which case these manufacturers will pay damages that will exhaust any remedy against customers such as Bank of America, or the manufacturers will prevail, leaving no claims against the customers of these software products. There is simply no reason for this litigation to duplicate the efforts that will be put forward in those two cases, especially where both manufacturers have already agreed to defend this particular suit against Bank of America, and where both manufacturers have initiated their own suits against Ablaise.

### C.     All The Factors Weigh In Favor Of Staying This Litigation.

As demonstrated below, all of the factors strongly support staying the Delaware action in favor of the two manufacturer lawsuits that will resolve Ablaise's claims against the bankofamerica.com website set.

First, Ablaise will not be unduly prejudiced by litigating this case in the Northern District of California. Ablaise has already availed itself of the courts in California for previous litigations, including litigation against E*Trade and Salesforce.com. [Marsden Decl., Ex. E.] The first-filed Financial Fusion litigation is already pending in that district, and Ablaise will already be expending the resources to litigate in that District. [*Id.*]

---

[2]  "Hazlehurst Decl." refers to the Declaration of Peter Hazlehurst in Support of Defendant Bank of America Corporation's Motion to Stay.
[3]  "Dmitrich Decl." refers to the Declaration of Tony Dmitrich in Support of Defendant Bank of America Corporation's Motion to Stay.

8

Yodlee is located in the Northern District, and Financial Fusion also has regional offices located in that district, which means that several documents and witnesses will be located in that district. [Marsden Decl., Ex. A at ¶ 12; Marden Decl., Ex. C at ¶ 12.] Bank of America is subject to jurisdiction in that District, and any third-party discovery that may be necessary from Bank of America can be conducted in that District.

Moreover, in the last two years the two Ablaise patents-at-issue have spawned 16 lawsuits, with several cases in the Northern District of California. [Marsden Decl., Ex. E.] Suits relating to the '737 and '530 patents remain pending in the Northern District of California, the Northern District of Illinois, the District of Columbia, and the District of Massachusetts. [*Id.*] Ablaise is already utilizing more than its fair share of the resources of the Federal Court System, and cannot claim prejudice because it wants to further burden the Court system by initiating litigation against individual customers in Districts around the country.

Indeed, Ablaise's decision to file this lawsuit in this District came after Financial Fusion had already initiated a manufacturer's action more than four months earlier in a different court. When Ablaise filed its Complaint in this Action, it omitted any mention of related actions in its Civil Cover Sheet in violation of Delaware Local Rule 3.1(b) – a rule that certainly required notifying this Court of the pendency of the Financial Fusion action as well as other actions involving the '737 patent.

Second, a stay will not only simplify the issues involved in this trial with respect to the bankofamerica.com website, it will completely resolve them. When a user accesses the "My Portfolio" or militarybankonline.bankofamerica.com portions of the bankofamerica.com website, that user is actually interacting with software provided by

9

Yodlee or Financial Fusion.  [Hazlehurst Decl. ¶ 3; Dmitrich Decl. ¶ 3.]  Bank of America's name is on these sites, but the actual functionality and software code is provided by the third-party software vendors.  [*Id.*]  This necessarily means that it is the manufacturers, not Bank of America, that will provide the technical witnesses and documents most relevant to deciding the substantive issues relating to infringement.

Indeed, having the customer, rather than the manufacturer, as the party defending the litigation introduces unnecessary complication into discovery and trial.  30(b)(6) deposition discovery will be complex because Bank of America does not have the technical information regarding how the MyPortfolio and militarybank websites work – it simply has no need to have that information in its normal business operations.  The key technical witnesses will be third parties outside the trial subpoena range of this Court, which further complicates the trial.  While some of this information can be obtained through third party discovery and depositions, that device is a poor substitute for a trial presentation in which the parties that make the accused software are the primary participants.  By allowing the manufacturer lawsuit to proceed first, a stay would make discovery more efficient and provide a far better forum for a trial presentation in which the most knowledgeable parties, with the most at stake, are the parties before the Court and the Jury.  Because the infringement issues involved in this trial can be resolved in the two manufacturers' suits, a stay is appropriate pending the outcome of those suits.

No discovery has been conducted in this case and no trial date has been set.  This case is at its very earliest stages, as are the two manufacturer suits.  There is no harm in granting a stay at this early stage.  Conversely, any delay in staying this litigation increases the risk of duplicated resources and inconsistent results.  Ablaise can conduct

discovery in the California cases, and it can obtain whatever discovery it feels is needed from customers of these allegedly infringing software products, including discovery from Bank of America. Absent any compelling reason to the contrary, there is simply no reason to maintain this duplicate action while the customer suits are moving forward in the Northern District of California.

### D.     Financial Fusion Was First To File Suit.

Ablaise sued Bank of America *after* Financial Fusion sued Ablaise, and *after* Financial Fusion informed Ablaise in its pleadings that Financial Fusion had developed the allegedly infringing militarybankonline.bankofamerica.com website. In its motion to dismiss the Financial Fusion case (filed before Ablaise brought this suit against Bank of America) Ablaise said that it had "never heard of" Financial Fusion, and that the complaint came "out of the blue." [Marsden Decl., Ex. F at 2-3.] Certainly by the time Ablaise filed this case, however, it had heard of Financial Fusion and read that Financial Fusion developed an allegedly infringing portion of the bankofamerica.com website. Indeed, Delaware Local Rule 3.1(b) required Ablaise to list on its civil cover sheet any related litigation pending in *any court* that involved the same patents, yet that portion of Ablaise's civil cover sheet is left conspicuously blank. [D.I. 2]

It does not matter that the first-filed action was brought by Financial Fusion as a Declaratory Judgment action. As the Federal Circuit noted in *Genentech*, "[t]he considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action. When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum … a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." 998 F.2d. at 938.

Furthermore, because the Financial Fusion litigation was filed over four months before this action was filed, several motions have already been filed in that case[4] and the Financial Fusion litigation will likely proceed at least in parallel with this litigation if not in advance of it. All of the same witnesses, documents, and discovery will be implicated in both suits. All of the same prior art will need to be considered. This duplicated effort will strain not just the resources of the parties involved, but also will tie up both Courts and lead to the possibility of inconsistent results. For these reasons, this Court should stay this litigation pending the outcome of the Financial Fusion suit.

### E.  Yodlee's Suit Should Be Given Priority Under The Customer-Suit Exception.

As the First Circuit noted in *Codex*, "[w]hile the first-filed rule may ordinarily be a prudent one, it is so only because it is sometimes more important that there be a rule than that the rule be particularly sound." 553 F.2d at 737. As noted above, the Federal Circuit and Delaware District Courts have recognized that one exception to the general first to file rule is the above-described "customer suit exception." In *Katz v. Lear Siegler*, for example, the Federal Circuit upheld a district court's decision to stay an earlier-filed customer suit, noting that "[a]lthough there may be additional issues involving the defendants in the [customer suit], their prosecution will be advanced if [the patentee] is successful on the major premises being litigated in Massachusetts, and may well be mooted if he is unsuccessful." 909 F.2d at 1464.

Here, Yodlee promptly brought suit after its customer, Bank of America, was sued on the '737 and '530 patents. The Yodlee action can and will resolve the claims concerning the "My Portfolio" feature of the bankofamerica.com website, and just as with the Financial Fusion litigation, staying this litigation will avoid the very real

---

[4] *See* Marsden Decl., Exs. B, F-H, and K.

possibility that the two different cases may reach different conclusions on exactly the same patents, software, prior art, invalidity, and non-infringement contentions.

Moreover, Bank of America is not the only Yodlee customer threatened by Ablaise. Ablaise also accused Yodlee's customer Compass Banc, utilizing the same infringement theory against the Yodlee portion of Compass' website as it has used against the Yodlee portion of the bankofamerica.com website. [Marsden Decl., Ex. J; Hazlehurst Decl. ¶ 5.] Although Ablaise has not yet filed suit against Compass, its threat letters and tactics are nearly identical to the approach it has taken with Bank of America. Yodlee's declaratory relief action in the Northern District will resolve all of these claims – the claims against Bank of America, as well as the claims Ablaise plainly intends to ultimately file against the rest of Yodlee's customers. Thus, the Yodlee manufacturer's action can achieve what Ablaise's Delaware action cannot – complete and total resolution of Ablaise's claims against Yodlee and each of its customers.

As a manufacturer, Yodlee must protect its customers and its products; indeed, both Yodlee and Financial Fusion had already agreed to defend this action, and this is precisely the reason why the Federal Circuit and Delaware Courts have agreed that manufacturers' suits should be given priority even over earlier-filed customer suits. Case law, common sense, judicial efficiency, and basic notions of fair play all confirm that this litigation should be stayed pending the outcome of the manufacturers' cases.

## VI.   CONCLUSION

The suits brought by the manufacturers of the allegedly infringing features of the bankofamerica.com website should be given priority over this litigation, and the suit against Bank of America should be stayed pending the outcome of those two suits.

Dated:  December 22, 2006                            FISH & RICHARDSON P.C.

*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
919 Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899
Telephone:  (302) 652-5070
Facsimile:  (302) 652-0607

Nagendra Setty
Christopher O. Green
Douglas Bridges
1180 Peachtree St., NE, 21st. Fl.
Atlanta, GA 30309
Telephone:  (404) 892.5005
Facsimile:  (404) 892.5002

David M. Barkan
Craig R. Compton
Jonathan J. Lamberson
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

*Attorneys for Defendant*
*Bank of America Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2006, I electronically filed the above document **DEFENDANT BANK OF AMERICA CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY** with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via hand delivery:

| | |
|---|---|
| Thomas C. Grimm<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347 | Attorneys for Plaintiffs<br>ABLAISE LTD. and<br>GENERAL INVENTORS<br>INSTITUTE A, INC., |

I hereby certify that on December 22, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Thomas G. Scavone<br>Matthew G. McAndrews<br>NIRO, SCAVONE, HALLER & NIRO<br>181 W. Madison Street, Suite 4600<br>Chicago, IL  60602 | Attorneys for Plaintiffs<br>ABLAISE LTD. and<br>GENERAL INVENTORS<br>INSTITUTE A, INC., |

*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr.