IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABLAISE LTD. and General INVENTORS INSTITUTE A, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, <br><br> Defendant. | C.A. No. 06-530-SLR |

**DECLARATION OF WILLIAM J. MARSDEN, JR. IN SUPPORT OF
DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO STAY**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Nagendra Setty
Douglas Bridges
Fish & Richardson P.C.
1180 Peachtree St., NE, 21st. Fl.
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

David M. Barkan
Craig R. Compton
Jonathan J. Lamberson
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant
BANK OF AMERICA CORPORATION

Dated: December 22, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABLAISE LTD. and General INVENTORS
INSTITUTE A, INC.,

     Plaintiffs,

     v.

BANK OF AMERICA CORPORATION,

     Defendants.

C.A. No. 06-530-SLR

## DECLARATION OF WILLIAM J. MARSDEN, JR. IN SUPPORT OF DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO STAY

I, William J. Marsden, Jr., declare as follows:

1.     I am an attorney at Fish & Richardson P.C., counsel of record in this action for Defendant Bank of America Corporation ("Bank of America"). I am a member of the Bar of the State of Delaware and of this Court. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.     Attached hereto as Exhibit A is a true and correct copy of the Complaint for Declaratory Judgment of Non-Infringement filed on April 6, 2006, in Northern District of California *Financial Fusion, Inc. and Sybase, Inc. v. Ablaise Ltd. and General Inventors Institute A, Inc.* matter.

3.     Attached hereto as Exhibit B is a true and correct copy of the Motion for Leave to file A Second Amended Complaint filed on November 2, 2006, in the Northern District of California in the *Financial Fusion, Inc. v. Ablaise Ltd. and General Inventors Institute A, Inc.* matter.

4.     Attached hereto as Exhibit C is a true and correct copy of the Complaint for Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability filed on November 21, 2006, in the Northern District of California in the *Yodlee, Inc. v. Ablaise Ltd. and General Inventors Institute A, Inc.* matter.

5.      Attached hereto as Exhibit D is a true and correct copy of a February 6, 2006 letter to Bank of America from counsel for Ablaise Ltd. re US Patent No. 6,961,737.

6.      Attached hereto as Exhibit E is a true and correct copy of LexisNexis CourtLink national docket search results for Ablaise litigations.

7.      Attached hereto as Exhibit F is a true and correct copy of Defendants' Memorandum In Support Of Motion To Dismiss filed on July 26, 2006, in the Northern District of California in the *Financial Fusion, Inc. and Sybase, Inc.  v. Ablaise Ltd. and General Inventors Institute A, Inc.* matter.

8.      Attached hereto as Exhibit G is a true and correct copy of the Memorandum In Support Of Plaintiffs' Opposition To Defendants' Motion To Dismiss filed on August 22, 2006, in the Northern District of California in the *Financial Fusion, Inc. and Sybase, Inc.  v. Ablaise Ltd. and General Inventors Institute A, Inc.* matter.

9.      Attached hereto as Exhibit H is a true and correct copy of the Order Denying Motion To Dismiss; Tentatively Granting Motion To Dismiss Sybase As An Improper Party; And Referring Case For Early Judicial Settlement Conference filed on September 28, 2006, in the Northern District of California in the *Financial Fusion, Inc. and Sybase, Inc.  v. Ablaise Ltd. and General Inventors Institute A, Inc.* matter.

10.      Attached hereto as Exhibit I is a true and correct copy a July 26, 2006 letter to Bank of America from counsel for Ablaise Ltd. re technology covered by the '737 Patent.

11.      Attached hereto as Exhibit J is a true and correct copy of a April 10, 2006 letter to Compass Bancshares, Inc. from counsel for Ablaise Ltd. re US Patent No. 6,961,737.

12.      Attached hereto as Exhibit K is a true and correct copy of the Order Granting Leave to File a Second Amended Complaint; And Relating the *Financial Fusion, Inc. v. Ablaise Ltd. and General Inventors Institute A, Inc.* and *Yodlee, Inc. v.*

*Ablaise Ltd. and General Inventors Institute A, Inc.* matters, filed on December 15, 2006, in the Northern District of California in the *Financial Fusion, Inc. v. Ablaise Ltd. and General Inventors Institute A, Inc.* matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of December, 2006, at Wilmington, Delaware.


 */s/ William J. Marsden, Jr.*
William J. Marsden, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2006, I electronically filed with

the Clerk of Court **DECLARATION OF WILLIAM J. MARSDEN, JR. IN**

**SUPPORT OF DEFENDANT BANK OF AMERICA CORPORATION'S MOTION**

**TO STAY** using CM/ECF which will send electronic notification of such filing(s) to the

following Delaware counsel.  In addition, the filing will also be sent via hand delivery:

> Thomas C. Grimm
> MORRIS, NICHOLS, ARSHT & TUNNELL
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899-1347

I hereby certify that on this 22nd day of December 2006, I have mailed by United

States Postal Service, the document(s) to the following non-registered participants:

> Thomas G. Scavone
> Matthew G. McAndrews
> NIRO, SCAVONE, HALLER & NIRO
> 181 W. Madison Street, Suite 4600
> Chicago, IL  60602

> _/s/ William J. Marsden, Jr._____
> William J. Marsden, Jr. (#2247)

80039746 (2).doc

# Exhibit A

ORIGINAL

FILED

APR 0 6 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Linda J. Thayer, Esq. (SBN 195,115)
linda.thayer@finnegan.com
Jeffrey E. Danley, Esq. (SBN 238,316)
jeff.danley@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:    (650) 849-6600
Facsimile:    (650) 849-6666

Attorneys for Plaintiffs
FINANCIAL FUSION, INC. and SYBASE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC., and SYBASE, INC. | CASE NO. C 06-02451 PVT |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| ABLAISE LTD., and GENERAL INVENTORS INSTITUTE A, INC. | |
| Defendants. | |

## Introduction and Background

1.    Financial Fusion, Inc. ("FFI") and Sybase, Inc. ("Sybase") (together "Plaintiffs") hereby bring this action for declaratory judgment against Ablaise Ltd. ("Ablaise") and General Inventors Institute A, Inc. ("GIIA") (together "Defendants").  Specifically, Plaintiffs seek, among other things, declaratory judgments of non-infringement of U.S. Patent No. 6,961,737 ("the '737 patent"), titled "Serving Signals."

2.    Pursuant to a licensing and development agreement with First Tennessee Bank National Association ("First Tennessee"), Home Financial Network, Inc. ("HFN") provided web-based software for performing financial transactions and website development services to First

Tennessee and First Horizon National Corporation ("First Horizon").  On information and belief, First Horizon is First Tennessee's parent company.

3.　　The license agreement between HFN and First Tennessee includes an indemnification provision allowing HFN to defend and settle claims of infringement involving software developed under the agreement.

4.　　In 2000, HFN merged with the Financial Server Software division of Sybase, Inc., creating FFI, a wholly-owned subsidiary of Sybase, Inc.

5.　　FFI provided website development and hosting services to Bank of America Technology and Operations, Inc. ("BATO") under an agreement that includes an indemnification provision allowing FFI to defend and settle claims of infringement involving software developed under the agreement

6.　　On or about February 6, 2006, U.S. counsel for Defendant Ablaise sent a letter to BATO alleging that its militarybank.bankofamerica.com website implements "core features" of the '737 patent.  On or about February 7, 2006, U.S. counsel for Defendant Ablaise sent a virtually identical letter to First Horizon alleging that the websites of First Tennessee and First Horizon also practice the invention of the '737 patent.  With both letters, Ablaise provided what it called a "representative infringement analysis for Claim 1 of the '737 patent" using screenshots from the accused websites.  The "infringement analysis" came in the form of a CD-ROM entitled "Ablaise Patent Information Kit," that compared elements of claim 1 to each of the subject websites.  Each CD-ROM contained a section titled "Infringement of Ablaise's '737 patent."

7.　　In both letters, Ablaise stated it has initiated "a licensing program" in the United States in 2005.  As part of this "licensing program," Ablaise has licensed one or more of its U.S. patents, including the parent of the '737 patent, U.S. Patent No. 6,295,530 ("the '530 patent"), to at least the following corporations:  CDW Corporation, Citigroup Corporation, Salesforce.com, and Shopping.com.  On information and belief, Salesforce.com is a corporation residing in this district in San Francisco, CA and Shopping.com is a company residing in this district in Brisbane, CA.

8.　　First Horizon promptly responded to Ablaise's U.S. counsel on February 16, 2006, indicating that it would consider the applicability of the '737 patent to its websites and respond to

1

1  Ablaise shortly.  First Horizon then contacted FFI, which began its own analysis of Ablaise's claims.

2  BATO also provided a copy of the patent demand letter and materials it received from Ablaise to

3  FFI.

4        9.    Before FFI had completed its analysis, and only a little more than a month after

5  sending the initial notice letters, Ablaise sent First Horizon a second letter on March 24, 2006,

6  threatening the initiation of a lawsuit for patent infringement.  A true and correct copy of this letter is

7  attached as Exhibit A.  The letter indicates that Ablaise received the February 16, 2006,

8  correspondence from First Horizon, and thus knew that First Horizon was considering its claims.

9        10.   Defendants Ablaise and GIIA have filed at least four separate lawsuits in United

10  States District Courts alleging infringement of the '530 patent, the parent to the '737 patent.

11  Defendants sued CDW Corporation and J & R Electronics in the Northern District of Illinois in

12  October, 2005, and January, 2006, respectively; and sued Salesforce.com, Inc. and E*Trade

13  Securities, LLC. in the Northern District of California in February, 2005, and September, 2005,

14  respectively.  The fact that Defendants have on two occasions chosen to file lawsuits in the Northern

15  District of California involving related subject matter indicates Defendants' willingness to subject

16  themselves to jurisdiction in this forum.

17                                      **Parties**

18        11.   Plaintiff Sybase is a Delaware corporation with a place of business at One Sybase

19  Drive, Dublin, CA, and doing business in this district.  For over twenty years, Sybase has been a

20  leader in developing and expanding innovative database technology for emerging markets, including

21  financial services, telecommunications, health care, and government.

22        12.   Plaintiff FFI is a Delaware corporation with a place of business at One Sybase Drive,

23  Dublin, CA, and doing business in this district.  FFI is a wholly-owned subsidiary of Sybase, Inc.

24        13.   Defendant Ablaise is, on information and belief, a British corporation with its

25  principal place of business at 40 Queen Anne Street, London, W1G9EL, United Kingdom.

26        14.   Defendant GIIA is, on information and belief, a British Virgin Islands corporation

27  with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British

28  Virgin Islands.

COMPLAINT

## **Jurisdiction**

15.     Plaintiffs bring this civil action under the Patent Laws, Title 35 of the United States Code, and under 28 U.S.C. §§ 2201 and 2202 to obtain declaratory judgments of non-infringement with respect to the '737 patent.

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

17.     On information and belief, Defendants Ablaise and GIIA are subject to personal jurisdiction in this forum. Defendants Ablaise and GIIA have purposefully availed themselves of the privilege of doing business in California by negotiating and granting licenses with Salesforce.com, a company residing in San Francisco, CA, and Shopping.com, a company residing in Brisbane, CA, and presumably deriving income therefrom. Defendants have also initiated litigation against two California corporations, Salesforce.com, and E*Trade Securities, LLC, in the Northern District of California in February, 2005, and September, 2005, respectively. Both litigations alleged infringement of the '530 patent, the parent of the '737 patent.

18.     In addition, jurisdiction is proper in Northern District of California under Fed. R. Civ. P. 4(k)(2). The cause of action arises under federal law. Defendants Ablaise and GIIA are not subject to the jurisdiction of the courts of general jurisdiction of any particular state. Additionally, Defendants Ablaise and GIIA have at least minimum contacts with the United States because, among other things, Defendants have obtained patent rights in the United States in the form of the '737 and '530 patents, announced that they have granted licenses to a number of major United States companies under one or more patents and are presumably deriving income therefrom, entered into negotiations with United States companies to license the '737 patent and related patents, and initiated litigation against United States companies in various United States District Courts, including the Northern District of California. Furthermore, Defendant Ablaise has used U.S. counsel to send notice letters to both First Horizon and BATO falsely alleging that they infringe the '737 patent.

19.     Venue is proper in this court under 28 U.S.C. § 1391(d).

COMPLAINT

# INTRADISTRICT ASSIGNMENT

20.    The San Jose Division of the Northern District of California is the proper division to hear this matter because Plaintiffs do business in the San Jose division and Plaintiffs have suffered injury in this Division.

## Count One:
### Declaratory Judgment of No Infringement of the '737 Patent

21.    Plaintiffs restate and re-allege the allegations set forth in paragraphs 1 through 20 and incorporate them by reference.

22.    On or about February 6, 2006, U.S. counsel for Defendant Ablaise sent a letter to BATO alleging that the militarybank.bankofamerica.com website implements "core features" of the '737 patent.  On or about February 7, 2006, U.S. counsel for Defendant Ablaise sent a virtually identical letter to First Horizon alleging that the websites of First Tennessee and First Horizon also practice the invention of the '737 patent.  With both letters, Ablaise provided what it called a "representative infringement analysis for Claim 1 of the '737 patent" using screenshots from the accused websites.

23.    In the correspondence of March 24, 2006, U.S. counsel for Defendant Ablaise threatened to initiate a suit for patent infringement against First Horizon for infringing the '737 patent.  The websites implicated by Ablaise in its notice letters were developed at least in part by FFI, a wholly-owned subsidiary of Sybase, or its predecessors, under license and development agreements containing indemnification provisions allowing FFI to defend and settle claims of infringement relating to the provided software.

24.    Plaintiffs do not infringe, directly, indirectly, contributorily, or otherwise, the '737 patent.

25.    As evidenced by the threatening letter of March 24, 2006 from counsel for Defendant Ablaise to First Horizon and the willingness of Defendants Ablaise and GIIA to initiate litigation involving related patents, and owing to the indemnification provision allowing FFI to defend and settle, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

4

COMPLAINT

1                       **Prayer for Relief**

2       Wherefore, Plaintiffs FFI and Sybase pray that this Court:

3       A.     Declare that Plaintiffs FFI, Sybase, and their customers, First Tennessee, First

4 Horizon, and BATO, have not infringed the '737 patent either directly or indirectly;

5       B.     Declare this case exceptional under 35 U.S.C. § 285 and award Plaintiffs their costs,

6 disbursements, and attorney fees in connection with this action under 35 U.S.C. § 285, and any other

7 authority deemed appropriate by the Court;

8       C.     Award Plaintiffs any other and further relief as this Court may deem just and proper.

9                     **Demand for Jury Trial**

10       Plaintiffs demand a trial by jury on all matters properly tried by jury.

11

12 Dated: April 6, 2006            By: _____

13                          Linda J. Thayer
                         FINNEGAN, HENDERSON, FARABOW,

14                           GARRETT & DUNNER, L.L.P.
                         3300 Hillview Avenue

15                          Palo Alto, California  94304-1203
                         Telephone:(650) 849-6600

16                          Facsimile: (650) 849-6666

17                          Attorneys for Plaintiffs,

18                          FINANCIAL FUSION, INC., and SYBASE, INC.

19

20

21

22

23

24

25

26

27

28

                                                            COMPLAINT

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET · SUITE 4600

CHICAGO, ILLINOIS 60602-4515

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

COPY

March 24, 2006

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

### VIA FEDERAL EXPRESS

James P. Googe, Jr.
Senior Vice President & Counsel
First Horizon National Corporation
165 Madison Avenue
Memphis, Tennessee 38103

Re:  *First Horizon – Ablaise Ltd. (US Patent No. 6,961,737)*

Dear Mr. Googe:

We are writing further to our February 7, 2006 letter addressed to Mr. Ken Glass.

Since receiving your February 16, 2006 letter, we have not heard further from First Horizon. This is troubling and, in the absence of some response, we will have no recourse but to initiate a suit for patent infringement.

Please contact me at your earliest convenience.

Sincerely yours,

*Tom Scavone (mm)*

Thomas G. Scavone

TGS:mm
cc:  Mark Bernstein (by email)
      Ablaise

# Exhibit B

Linda J. Thayer (SBN 195,115)
Lily Lim (SBN 214,536)
Jeffrey E. Danley (SBN 238,316)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666
Email:  linda.thayer@finnegan.com
Email:  lily.lim@finnegan.com
Email:  jeff.danley@finnegan.com

Attorneys for Plaintiff
FINANCIAL FUSION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC. | CASE NO. C06-02451 PVT |
| Plaintiff, | **MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| v. | Date:  December 12, 2006 |
| ABLAISE LTD., and GENERAL INVENTIONS INSTITUTE A, INC. | Time: 10:00 a.m. |
| Defendants. | Judge: Honorable Patricia V. Trumbull |

1    PLEASE TAKE NOTICE that on December 12, 2006, at 10:00 a.m., or as soon thereafter as

2    the matter may be heard before the Honorable Patricia V. Trumbull, Plaintiff Financial Fusion, Inc.

3    (FFI) will and hereby does move this Court for an Order granting Plaintiff leave to file a Second

4    Amended Complaint in this litigation.  FFI brings this Motion to add counts seeking declaratory

5    judgments of non-infringement and invalidity of U.S. Patent No. 6,295,530 ("the '530 Patent"), the

6    parent patent to U.S. Patent No. 6,961,737 ("the '737 Patent) that is already at issue in this litigation.

7    This motion is based upon this Notice of Motion, the accompanying Memorandum of Points

8    and Authorities, the Declaration of Linda Thayer, all papers and pleadings on file, and such

9    additional argument and evidence as may be presented to the Court at or prior to the hearing on this

10   Motion.

11   **MEMORANDUM OF POINTS AND AUTHORITIES**

12   **I.    INTRODUCTION**

13   Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff FFI seeks an order

14   granting leave to amend its complaint that already seeks declaratory judgments of non-infringement

15   and invalidity of the '737 Patent to add additional claims of non-infringement and invalidity of the

16   '530 Patent that is the parent patent to the '737 Patent.  A copy of FFI's proposed Second Amended

17   Complaint is attached to this brief as Exhibit 1.

18   On April 6, 2006, after Declaratory Judgment Defendants Ablaise Ltd. and General

19   Inventions Institute A, Inc., (collectively, "Defendants") asserted that FFI's customers using FFI's

20   products, including Bank of America, allegedly infringe the Defendants' '737 Patent, FFI filed a

21   declaratory judgment action to defend its customers pursuant to an indemnification agreement.  In

22   disregard for FFI's first-filed action in this jurisdiction, Defendants subsequently filed suit against

23   FFI's customer, Bank of America, in Delaware on August 28, 2006, charging Bank of America with

24   infringing the same '737 Patent.  On October 10, 2006, Defendants amended their Delaware

25   complaint to add a claim of infringement of the '530 Patent against Bank of America.  FFI now

26   seeks to add the parent '530 Patent to this litigation -- the first-filed action between these parties on

27   this subject matter.

28

**MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**
C06-02451 PVT

The Ninth Circuit instructs that courts should be extremely liberal in allowing plaintiffs to amend their complaints, particularly at an early stage in the litigation. Thus, the burden is upon Defendants to show that FFI's complaint should not be amended. Defendants must prove that (a) Plaintiffs have acted in bad faith, (b) that this motion is untimely, (c) Defendants would suffer prejudice as a result of this amendment, and (d) the proposed amendment would be futile. Defendants cannot meet their burden, and therefore this motion should be granted.

All the evidence shows that FFI acted in good faith, notifying Defendants of its intention to add the '530 Patent. FFI acted promptly within days of learning that Defendants had accused its customer of infringing the '530 Patent. Defendants would suffer no prejudice because this litigation is in the very early stages, with the Case Management Conference previously scheduled for September 26, 2006 continued to a yet to be determined date. To date, no discovery has been served or taken that would require amendment upon entry of this Second Amended Complaint. Moreover, the proposed amendment would not be futile.

Furthermore, the '530 Patent is the parent of the '737 Patent already at issue in this litigation, and this Court has already determined that it has jurisdiction of the '737 Patent and these parties. Judicial economy would be served by allowing the issues of non-infringement and invalidity of the parent '530 Patent to be resolved by this Court at the same time as the non-infringement and invalidity of the child '737 Patent.

## II.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff FFI and its parent Sybase, Inc. filed a Complaint on April 6, 2006 ("Complaint") seeking a declaratory judgment of non-infringement of the '737 Patent, a continuation of the '530 Patent. *See* Complaint, ¶ 1. They requested declaratory relief after Defendants sent letters to two customers of FFI, including Bank of America, accusing the customers' websites designed by FFI of infringing the '737 patent. Before Defendants filed an Answer, Plaintiffs filed an Amended Complaint adding a request for declaration judgment of invalidity of the '737 Patent for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112. *See Amended Complaint,* ¶ 25.

1    On July 26, 2006, in lieu of an answer, Defendants filed a Motion to Dismiss the Amended

2  Complaint, alleging that this Court lacked subject matter jurisdiction on the basis that Defendants

3  had never contacted FFI or Sybase directly, only its customers, such as Bank of America.  Plaintiffs

4  filed their Opposition to the Motion on August 22, 2006, citing their fear that if this action were not

5  allowed to proceed in this judicial district, Defendants would be free to continue harassing their

6  customers, including Bank of America, by filing suit in other judicial districts.

7    On August 28, 2006, Defendants did just that, filing suit against Bank of America in

8  Delaware, alleging infringement of the '737 Patent, the same patent already at issue in this litigation.

9  *See* Declaration of Linda J. Thayer ("Thayer Decl."), ¶1, Ex. A (*Ablaise et al. v. Bank of America*,

10  Civil Action No. 06-530-SLR (D. Delaware) ("the Delaware action")).  Defendants' Complaint in

11  the Delaware action so broadly describes the allegedly infringing Bank of America technology that it

12  encompasses the same Military Bank website that FFI is already defending against infringement in

13  the instant action.  Thayer Decl., ¶1.

14    Rejecting Defendants' arguments that this Court should decline jurisdiction and allow its

15  second-filed action to proceed in Delaware, on September 27, 2006, this Court denied Defendants'

16  Motion to Dismiss as to FFI, finding that jurisdiction was proper in this judicial district, where FFI

17  could defend all of its customers, including Bank of America and its Military Bank website, in one

18  lawsuit. *See Order Denying Motion to Dismiss*, pp. 5-6.  As neither side had focused on the issue of

19  the propriety of Sybase as a party during oral argument, this Court gave Sybase two weeks from the

20  date of the Order to submit additional briefing on the subject, or be dismissed as a party. *Id.*  Sybase

21  chose not to present additional briefing and therefore, two weeks later, on October 11, 2006, the

22  tentative dismissal of Sybase became the final order of the court.  Thayer Decl., ¶2.

23    Despite this Court's denial of Defendants' Motion to Dismiss and the first-filed status of this

24  present action concerning the '737 patent, Defendants are continuing their action on the '737 Patent

25  in Delaware.  Thayer Decl., ¶3.  In fact, on October 10, 2006, Defendants filed a First Amended

26  Complaint in the Delaware action, adding a claim of infringement of the '530 Patent against Bank of

27  America to which, as mentioned above, FFI must respond in light of its indemnity agreement with

28  Bank of America.  Thayer Decl., ¶3, Ex. B (Defendants' First Amended Complaint in Delaware).

**MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**
C06-02451 PVT

1    On October 26, 2006, after Defendants accused Bank of America of infringing the '530

2    Patent in the Delaware action, FFI asked Defendants to stipulate to FFI's filing of a Second

3    Amended Complaint in this action.  Thayer Decl., ¶¶4-5, Ex. C (Thayer email to Defendants'

4    counsel).  FFI informed Defendants that it was seeking to add a claim of invalidity of the '530 Patent

5    in light of the fact that Defendants had amended their complaint in Delaware to allege that FFI's

6    customer, Bank of America, which uses a website designed by FFI, infringes the '530 Patent.  *Id.*

7    FFI suggested to Defendants that because they had not yet filed an Answer to FFI's Amended

8    Complaint -- which had been due the previous day, October 25, 2006 -- it would be most economical

9    for Defendants to stipulate to FFI's filing of its Second Amended Complaint and answer just the

10   newly amended complaint.  *Id.*  Mr. Martin Fineman, counsel for Defendants, deferred his response,

11   stating that he needed time to confer with his client.  *Id.*  On October 27, 2006, counsel for FFI

12   reminded Defendants by email that FFI was waiting to hear if Defendants would stipulate to FFI's

13   filing of a Second Amended Complaint, but received no response.  Thayer Decl., ¶5, Ex. C.

14   Without responding to FFI's requests of October 26 and 27, Defendants filed their Answer to

15   the FFI's Amended Complaint on October 30, 2006.  Thayer Decl., ¶6.  Defendants have still not

16   responded to FFI's request to stipulate to the filing of FFI's Second Amended Complaint, causing

17   FFI to file this Motion.  Thayer Decl., ¶6.

18   **III.    LEAVE TO AMEND THE COMPLAINT SHOULD BE FREELY GRANTED**

19   Federal Rule of Civil Procedure 15(a) directs a court to freely grant a party leave to amend its

20   complaint "when justice so requires" and "should be applied with 'extreme liberality.'"  *DCD*

21   *Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).  The Ninth Circuit advises that there

22   is a "strong policy permitting amendment."  *See Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir.

23   1995).  Additionally, a motion to amend a complaint to add claims should be granted more liberally

24   than a motion to amend to add additional parties.  *See Union Pac. R.R. Co. v. Nev. Power Co.*, 950

25   F.2d 1429, 1432 (9th Cir. 1991).  Generally, the Ninth Circuit considers four relevant factors when a

26   party moves to amend its pleading.  *See Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).

27   Because Defendants will be unable to meet its burden of showing any of the four factors support that

28   FFI's motion to amend should not be granted—that Plaintiffs have acted with bad faith, the motion

**MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**
C06-02451 PVT

is untimely, Defendants would suffer prejudice, or the proposed amendment would be futile—FFI's motion should be granted.

### A.   Plaintiffs Have Not Acted in Bad Faith in Seeking Leave to Amend

The Supreme Court has defined "bad faith" as it concerns motions to amend to mean that the plaintiff has filed its motion to amend solely for delay or improper purpose. *Abels v. JBC Legal Group, P.C.,* 229 F.R.D. 152, 156 (N.D. Ca. 2005) (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962)). In the present case, Defendants cannot argue that the present motion to amend has been filed for delay. Defendants added a claim of infringement of the '530 Patent against Bank of America in their Amended Complaint filed on October 10, 2006, in the Delaware action. FFI met and conferred with Defendants regarding its request to amend less than three weeks later, before the Case Management Conference in this matter has been rescheduled and before any discovery has been served or taken. No joint case management statement has been adopted by this Court, so there is no schedule that would be disturbed by granting this motion for leave to amend. Additionally, Defendants cannot point to any improper purpose for filing this motion to amend, especially considering that Defendants caused FFI to amend by recently adding a claim of infringement of the '530 Patent against Bank of America in the Delaware action. In fact, by ensuring that all claims can be before this Court during one litigation, FFI has a proper purpose for filing the present motion.

### B.   Defendants Cannot Claim Prejudice if This Motion to Amend is Granted

An amendment's potential prejudice to the opposing party "carries the greatest weight among the four factors in determining whether to grant leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). "To deny leave, the prejudice must be substantial." *Abels,* 229 F.R.D. at 156.

Defendants would be hard-pressed to come forth with any possible prejudice that they would suffer if this Court were to grant FFI leave to amend its Complaint, as courts freely do. In the present case, the additional claim for relief that FFI seeks to add concerns the invalidity of the '530 Patent which shares a virtually identical specification with its parent, the '737 Patent, already at issue in this litigation. By adding a claim of infringement of the '530 Patent against Bank of America in Delaware, Defendants made it necessary that FFI move to amend its complaint in this

MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT
C06-02451 PVT

1   jurisdiction to include the '530 Patent.  Thus, Defendants can hardly claim unfair prejudice or

2   surprise that FFI seeks to have the validity of these two related patents decided at the same time and

3   in the same forum—the site of the first-filed action.  In any event, discovery has yet to occur.

4   Defendants, therefore, cannot argue that they would be prejudiced if this motion to amend is granted.

5         **C.  Amending This Action to Add the Additional Claim of Invalidity is Not Futile**

6         An amendment is futile if a claim's defeat on summary judgment would be inevitable.  *See*

7   *Roth*, 942 F.2d at 628-29.  An amendment may also be futile where the moving party seeks to amend

8   only frivolous arguments.  *See Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).  In the present

9   case, FFI seeks leave to add a claim of invalidity of the '530 Patent on the basis of prior art of which

10  it has become aware.  Defendants cannot reasonably argue that this claim would be defeated on

11  summary judgment or that it is frivolous.  Moreover, the '530 Patent is the parent of the '737 Patent

12  already at issue in this litigation, and this Court has already determined that it has jurisdiction of the

13  '737 Patent and these parties.  Accordingly, Defendants cannot reasonably argue any futility if this

14  motion is granted.

15  **IV.    CONCLUSION**

16        For at least the foregoing reasons, FFI's motion for leave to file a Second Amended

17  Complaint to add the claim of invalidity of the '530 Patent should be granted.

18

19  Dated:  November 2, 2006         By:_____/s/Linda J. Thayer_____

20             Linda J. Thayer

21             FINNEGAN, HENDERSON, FARABOW,
                GARRETT & DUNNER, L.L.P.

22             3300 Hillview Avenue
               Palo Alto, California  94304-1203

23             Telephone:(650) 849-6600
               Facsimile: (650) 849-6666

24

25             Attorneys for Plaintiff
               FINANCIAL FUSION, INC.

26

27

28

**MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**
C06-02451 PVT

# Exhibit C

1  David M. Barkan (CSB No. 160825/barkan@fr.com)
   Craig R. Compton (CSB No. 215491/compton@fr.com)
2  Jonathan J. Lamberson (CSB No. 239107/lamberson@fr.com)
   FISH & RICHARDSON P.C.
3  500 Arguello Street, Suite 500
   Redwood City, CA 94063
4  Telephone: (650) 839-5070
   Facsimile: (650) 839-5071
5
                                      **E-Filing**
6  Attorneys for Plaintiff
   YODLEE, INC.
7

8              UNITED STATES DISTRICT COURT                    **BZ**

9             NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION    **C 06    7222**

11  YODLEE, INC.                          Case No.

12        Plaintiff,                      **COMPLAINT FOR DECLARATORY
                                          JUDGMENT OF NON-INFRINGEMENT,**
13        v.                              **INVALIDITY AND
                                          UNENFORCEABILITY**
14  ABLAISE LTD. and GENERAL INVENTORS
    INSTITUTE A, INC.                     **DEMAND FOR JURY TRIAL**
15
          Defendants.
16

17

18              **INTRODUCTION AND BACKGROUND**

19        1.      Yodlee, Inc. ("Yodlee") hereby brings this action for declaratory judgment against

20  Ablaise Ltd. ("Ablaise") and General Inventors Institute A, Inc. ("GIIA"). Specifically, Yodlee

    seeks, among other things, declaratory judgment of non-infringement, invalidity and
21
    unenforceability of U.S. Patent No. 6,961,737 ("the '737 patent"), titled "Serving Signals," and
22
    declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No.
23
    6,295,530 ("the '530 patent"), titled "Internet Service of Differently Formatted Viewable Signals
24
    Including Commands for Browser Execution."
25
          2.      Yodlee is a software company that was founded by four software engineers who
26
    invented a new technology that collects personal information from various sites throughout the
27
    Internet so that the information can be presented to an end user in one location. Although Yodlee
28

                                    1           COMPLAINT FOR DECLARATORY JUDGMENT OF NON-
                                                INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY

1   itself is hardly a household name, its patented software has been adopted by dozens of well-known

2   financial institutions, such as Bank of America and Compass Bank.  Yodlee has 20 United States

3   patents and more than 35 pending U.S. applications related to its data aggregation technology.

4       3.      Upon information and belief, Ablaise is a patent holding company that makes no

5   products and whose principal business is licensing and enforcing patents.  GIIA and Ablaise claim

6   to collectively own the '737 and '530 patents at issue in this suit.  The '737 patent purports to be a

7   continuation of the '530 patent.

8       4.      On or about July 26, 2006, counsel for Ablaise sent a letter to Bank of America

9   alleging that the "My Portfolio" facility of the Bank of America web site "practice[s] the method

10  recited in claim 1 of the '737 patent."  This letter included a purported "infringement analysis,"

11  which compared screenshots from Bank of America's website to Claim 1 of the '737 patent.  This

12  letter also referred Bank of America to an Ablaise licensing proposal.

13      5.      On August 28, 2006, Ablaise and GIIA filed suit against Bank of America in the

14  District of Delaware, alleging that Bank of America "infringed one or more claims of the '737

15  patent by making, using, and operating its bankofamerica.com and related websites throughout the

16  United States," and seeking damages, preliminary and permanent injunctions.  On October 10,

17  2006, Ablaise and GIIA filed a first amended complaint adding the '530 patent to that suit.

18      6.      Bank of America is a customer of Yodlee.  Specifically, Bank of America and

19  Yodlee are parties to an agreement entitled "Aggregation Services Agreement No. 23373-001"

20  whereby Yodlee agreed to provide and Bank of America agreed to use certain Yodlee products to

21  provide Bank of America's customers online information.

22      7.      The "My Portfolio" facility of the Bank of America website identified by Ablaise

23  in its July 26th letter to Bank of America was created by, developed by, provided by and

24  supported by Yodlee under its agreements with Bank of America.  Yodlee and Bank of America

25  have also entered into an indemnification agreement, whereby Yodlee has agreed to indemnify

26  Bank of America for claims made against those portions of the Bank of America website provided

27  by Yodlee.

28

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-
INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY

8.    On or about April 10, 2006, counsel for Ablaise sent a letter to Compass Bank ("Compass"), alleging that its "compassweb.com website practices the inventions claimed in the '737 patent." This letter included a "representative infringement analysis for Claim 1 of the '737 patent," which compared screenshots from the compassweb.com website to elements in Claim 1 of the '737 patent. The letter also noted that "the compassweb.com website infringes a number of other '737 patent claims."

9.    Compass Bank is also a customer of Yodlee. As early as June 22, 2001, Compass and Yodlee signed a "Standard Co-Branded Service Agreement" whereby Yodlee agreed to provide and Compass agreed to use Yodlee's products to provide Compass' customers online information on the compassweb.com website.

10.    The portions of the Compass website identified by Ablaise in the presentation it sent along with its April 10th letter to Compass involved those portions of the Compass website created by, developed by, provided by and supported by Yodlee under its agreements with Compass. Compass and Yodlee have also entered into an indemnification agreement, whereby Yodlee has agreed to indemnify Compass for claims made against the portions of the compassweb.com website provided by Yodlee.

11.    In addition to the Bank of America litigation, upon information and belief Ablaise and GIIA have also filed suits and/or have been involved in litigation against a number of other companies alleging infringement of the '737 and/or '530 patents, including: CDW Corporation; J&R Electronics; Lowe's Home Centers, Inc.; Investools, Inc.; Salesforce,com, Inc.; E*Trade Securities, LLC; Financial Fusion, Inc.; Lycos, Inc.; and Dow Jones & Company, Inc. Upon information and belief, the Salesforce.com, E*Trade Securities, and Financial Fusion litigations were all filed in the Northern District of California.

## THE PARTIES

12.    Yodlee is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 3600 Bridge Parkway, Suite 200, Redwood City, California 94065-1170.

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY

13.     Upon information and belief, Ablaise is a British corporation with its principal place of business at 40 Queen Anne Street, London, W1G9EL, United Kingdom.

14.     Upon information and belief, GIAA is a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

**JURISDICTION AND VENUE**

15.     This is a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for patent non-infringement and invalidity arising under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction over the causes of action stated herein pursuant to 35 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331, 1338(a) and 2201.

16.     Upon information and belief, Ablaise and GIIA are subject to personal jurisdiction in this forum because they have purposefully availed themselves of the privilege of doing business in California, including negotiating and granting licenses in California, and engaging in litigation in the Northern District of California.

17.     Alternatively, jurisdiction is proper in the Northern District of California under Fed. R. Civ. P. 4(k)(2).  This cause of action arises under the patent laws of the United States.  Defendants Ablaise and GIIA are not subject to the jurisdiction of the courts of general jurisdiction in any particular state.  Additionally, Ablaise and GIIA have at least minimum contacts with the United States because, among other things, Defendants have obtained patent rights in the United States including the '737 and '530 patents, granted licenses to a number of major United States companies and presumably derive income from those licenses, entered into negotiations with United States companies to license the '737 and '530 patents, engaged in litigation against United States companies in various United States District Courts, including the Northern District of California, and used attorneys located in the United States to send notice letters to U.S. companies including Bank of America and Compass Bank.

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY

1      18.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and

2   1400(b) because Ablaise and GIIA are alien corporations, Yodlee is located in this judicial district,

3   several acts that allegedly constitute infringement took place in this judicial district, and

4   defendants have engaged in significant activity in this district, including negotiating and granting

5   licenses and engaging in litigation in this district.

6                  **COUNT ONE: NON-INFRINGEMENT OF THE '737 PATENT**

7      19.    Yodlee incorporates by reference and realleges paragraphs 1 through 18 above as if

8   fully set forth herein.

9      20.    The products and services provided by Yodlee and utilized by its customers do not

10  infringe, directly, indirectly, contributorily, or otherwise, any claim of the '737 patent.

11     21.    As evidenced by the threatening letters to Yodlee's customers, including Bank of

12  America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer

13  Bank of America and against other defendants in this and other judicial districts, there is a real,

14  substantial, and continuing justiciable controversy between the parties regarding Defendants'

15  allegations of patent infringement.

16     22.    Yodlee is entitled to a judgment declaring that Yodlee and its customers do not

17  infringe any claim of the '737 patent.

18                  **COUNT TWO: INVALIDITY OF THE '737 PATENT**

19     23.    Yodlee incorporates by reference and realleges paragraphs 1 through 22 above as if

20  fully set forth herein.

21     24.    The claims of the '737 patent are invalid for failure to satisfy the requirements of

22  Part II of Title 35 of the United States Code, including, without limitation the requirements of one

23  or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

24     25.    As evidenced by the threatening letters to Yodlee's customers, including Bank of

25  America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer

26  Bank of America and against other defendants in this and other judicial districts, there is a real,

27

28

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-
                                INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY

1    substantial, and continuing justiciable controversy between the parties regarding the validity of

2    Defendants' patents.

3        26.    Yodlee is entitled to a judgment declaring that the '737 patent is invalid.

4        **COUNT THREE: UNENFORCEABILITY OF THE '737 PATENT**

5        27.    Yodlee incorporates by reference and realleges paragraphs 1 through 26 above as if

6    fully set forth herein.

7        28.    Defendants are barred by the equitable doctrine of unclean hands from enforcing

8    the '737 patent against Yodlee and its customers.

9        29.    Defendants are also barred by the equitable doctrine of prosecution laches from

10   enforcing the '737 patent against Yodlee and its customers.  Specifically, the inventors and

11   assignees of the '737 patent unreasonably and inexcusably delayed the prosecution of several

12   claims of the '737 patent, including at least claim 1 of the '737 patent.  Numerous claims,

13   including claim 1 of the '737 patent, were presented to the USPTO years after the filing of the

14   original application from which the '737 patent claims priority, including many claims presented

15   as late as February 25, 2005, which is almost nine years after the May 15, 1996, filing of U.S.

16   Patent Application No. 08/647,769.  On information and belief, Defendants and/or named

17   inventors submitted these claims after an unreasonable and inexcusable delay in an attempt to

18   wrongly acquire for themselves the publicly-known developments of the Plaintiff and others –

19   developments that were made without any knowledge or reliance on the alleged invention

20   disclosed in U.S. Patent Application No. 08/647,769.

21       30.    As evidenced by the threatening letters to Yodlee's customers, including Bank of

22   America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer

23   Bank of America and against other defendants in this and other judicial districts, there is a real,

24   substantial, and continuing justiciable controversy between the parties regarding the enforceability

25   of Defendants' patents.

26       31.    Yodlee is entitled to a judgment declaring that the '737 patent is unenforceable due

27   to unclean hands and/or prosecution laches.

28

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-
INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY

1    **COUNT FOUR: NON-INFRINGEMENT OF THE '530 PATENT**

2        32.    Yodlee incorporates by reference and realleges paragraphs 1 through 31 above as if

3    fully set forth herein.

4        33.    The products and services provided by Yodlee do not infringe, directly, indirectly,

5    contributorily, or otherwise, any claim of the '530 patent.

6        34.    As evidenced by the threatening letters to Yodlee's customers, including Bank of

7    America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer

8    Bank of America and against other defendants in this and other judicial districts, there is a real,

9    substantial, and continuing justiciable controversy between the parties regarding Defendants'

10    allegations of patent infringement.

11        35.    Yodlee is entitled to a judgment declaring that Yodlee and its customers do not

12    infringe any claim of the '530 patent.

13    **COUNT FIVE: INVALIDITY OF THE '530 PATENT**

14        36.    Yodlee incorporates by reference and realleges paragraphs 1 through 35 above as if

15    fully set forth herein.

16        37.    The claims of the '530 patent are invalid for failure to satisfy the requirements of

17    Part II of Title 35 of the United States Code, including, without limitation the requirements of one

18    or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

19        38.    As evidenced by the threatening letters to Yodlee's customers, including Bank of

20    America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer

21    Bank of America and against other defendants in this and other judicial districts, there is a real,

22    substantial, and continuing justiciable controversy between the parties regarding the validity of

23    Defendants' patents.

24        39.    Yodlee is entitled to a judgment declaring that the '530 patent is invalid.

25    **COUNT SIX: UNENFORCEABILITY OF THE '530 PATENT**

26        40.    Yodlee incorporates by reference and realleges paragraphs 1 through 39 above as if

27    fully set forth herein.

28

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-
INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY

41.     Defendants are barred by the equitable doctrines of unclean hands from enforcing the '530 patent against Yodlee and its customers.

42.     As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the enforceability of Defendants' patents.

43.     Yodlee is entitled to a judgment declaring that the '530 patent is unenforceable due to unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Yodlee prays for judgment against Ablaise and GIIA as follows:

(a)     Declare that Yodlee and its customers have not infringed any claim of the '737 and '530 patents;

(b)     Declare that the '737 and '530 patents are invalid and unenforceable;

(c)     Declare this case exceptional under 35 U.S.C. § 285 and award Yodlee its costs, disbursements, and attorney fees in connection with this action under 35 U.S.C. § 285, and any other authority deemed appropriate by the Court;

(d)     Award Yodlee any other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Yodlee hereby demands a trial by jury of all issues in this action.

Dated: November 21, 2006                    FISH & RICHARDSON P.C.


                                            By: _David M. Barkan_____
                                                    David M. Barkan

                                            Attorneys for Plaintiff
                                            YODLEE, INC.

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-
INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY

# Exhibit D

NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515
—

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

February 6, 2006

**FEDERAL EXPRESS**

Mr. Kenneth D. Lewis
President and Chief Executive Officer
Bank of America Corporation
100 North Tryon St.
Suite 220
Charlotte, North Carolina 28255

        ***Re:***     ***Ablaise Ltd. – United States Patent No. 6,961,737***

Dear Mr. Lewis:

We represent Ablaise Ltd., a U.K. Corporation, the owner of United States Patent No. 6961,737 ("the '737 patent") and other related United States and foreign patents and patent applications.

The '737 patent is directed, generally, to technology implemented on the internet. It is more specifically directed to systems and methods for the dynamic generation of varying formatted web pages, using preferences to personalize the viewed pages. The invention was developed in the early to mid 1990s and represents a pioneering innovation in internet technology.

The enclosed multimedia package includes a copy of the '737 patent and its file history, together with background information on Ablaise and the '737 patent inventors.

In 2005, Ablaise initiated a licensing program in the United States and has now granted licenses to a number of major United States companies under one or more of its patents. Current licensees include: CDW Corporation, Citigroup Corporation, Salesforce.com and Shopping.com, just to name a few. We are writing now to extend a license offer to Bank of America as well.

Mr. Kenneth D. Lewis
February 6, 2006
Page 2 of 2

After careful study, Ablaise has determined that the militarybank.bankofamerica.com website practices the inventions claimed in the '737 patent. Our analysis indicates that Bank of America's infringement is not merely incidental; rather, the website implements core features that rely substantially on the '737 patent technology. A representative infringement analysis for Claim 1 of the '737 patent is set out in the multimedia package. However, the militarybank.bankofamerica.com website infringes a number of other '737 patent claims, as well. Ablaise is confident that upon review of the militarybank.bankofamerica.com website in light of the '737 patent, as well as the enclosed materials, Bank of America will arrive at a similar conclusion.

Ablaise is prepared to offer a license under the '737 patent on terms which are, by any measure, fair and reasonable. The value of the license depends, in part, on the extent to which Bank of America makes use of the patented technology in its website, the user volume which the site experiences, and the revenues generated from or attributable to the use of the site. Other factors may also be relevant. For example, non monetary benefits derived from operation of the site may be important to a proper valuation of the license. We recognize, however, that much of this information may be highly sensitive and that Bank of America may choose not to share it with us. It may also prove difficult and costly to determine, verify, audit and report such information on a continuing basis. For these reasons, Ablaise is willing, in some circumstances, to forego a continuing royalty calculated as a percentage of website derived revenue and to accept, instead, an annual or one time lump sum payment. To that end, we are also enclosing copies of Ablaise's standard lump sum and continuing royalty license agreements.

As you will see, Ablaise has devoted substantial time and effort in the preparation of these materials for your review and consideration. It is a matter of utmost importance to Ablaise, and we ask that you respond at your very earliest convenience, but in any event no later than February 28, 2006.

Sincerely yours,

Thomas G. Scavone

Enclosures

cc:   Mark Bernstein
      Ablaise

# Exhibit E

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Search Result List** | | | | | | | | |
| **Court** | **Docket Number** | **Description** | **Participant** | **Filed** | **Date Retrieved** | **Active or Closed** | **Identification** | |
| U.S. District - Illinois Northern | 1:05cv5799 | Ablaise Ltd et al v. CDW Corporation | Ablaise Ltd | 10/07/2005 | 11/01/2006 | Closed | NOS : (830) Patent | |
| U.S. District - District of Columbia | 1:06cv1014 | Dow Jones & Company, Inc v. Ablaise Ltd et al | Ablaise Ltd | 06/01/2006 | 11/01/2006 | Active | NOS : (830) Patent | |
| U.S. District - District of Columbia | 1:06cv1015 | Dow Jones Reuters Business Interactive, LLC v. Ablaise Ltd Et A | Ablaise Ltd | 06/01/2006 | 10/22/2006 | Active | NOS : (830) Patent | |
| U.S. District - Massachusetts | 1:06cv11592 | Ablaise Ltd et al v. Lycos, Inc et al | Ablaise Ltd | 09/05/2006 | 09/11/2006 | Active | NOS : (830) Patent | |
| U.S. District - Illinois Northern | 1:06cv129 | Ablaise Ltd et al v. J&R Electronics Inc | Ablaise Ltd | 01/10/2006 | 11/01/2006 | Active | NOS : (830) Patent | |
| U.S. District - Illinois Northern | 1:06cv2666 | Ablaise Ltd et al v. Lycos, Inc | Ablaise Ltd | 05/12/2006 | 11/01/2006 | Closed | NOS : (830) Patent | |
| U.S. District - Illinois Northern | 1:06cv5074 | Ablaise Ltd et al v. Wegmans Food Market, Inc | Ablaise Ltd | 09/19/2006 | 11/30/2006 | Closed | NOS : (830) Patent | |
| U.S. District - Delaware | 1:06cv530 | Ablaise Ltd et al v. Bank of America Corporation | Ablaise Ltd | 08/28/2006 | 11/30/2006 | Active | NOS : (830) Patent | |
| U.S. District - California Northern | 3:05cv3581 | Ablaise Ltd et al v. E Trade Securities, LLC | Ablaise Ltd | 09/06/2005 | 11/01/2006 | Closed | NOS : (830) Patent | |
| U.S. District - California Northern | 3:05cv471 | Ablaise, Ltd et al v. Salesforce.com (Delaware), Inc | Ablaise, Ltd | 02/01/2005 | 11/01/2006 | Closed | NOS : (830) Patent | |
| U.S. District - California Northern | 3:06cv7222 | Yodlee, Inc v. Ablaise Ltd et al | Ablaise Ltd | 11/21/2006 | 11/24/2006 | Active | NOS : (830) Patent | |
| U.S. District - | 5:05cv471 | Ablaise, Ltd et al v. | Ablaise, Ltd | 02/01/2005 | 05/19/2005 | Active | NOS : (830) Patent | |

| California Northern | | Salesforce.com (Delaware), Inc | | | | | |
|---|---|---|---|---|---|---|---|
| U.S. District - California Northern | 5:06cv2451 | Financial Fusion, Inc et al v. Ablaise Ltd et al | Ablaise Ltd | 04/06/2006 | 11/30/2006 | Active | NOS : (890) Other Statutory Actions |
| U.S. District - California Northern | 5:06cv2936 | Investools, Inc et al v. Ablaise, Ltd et al | Ablaise, Ltd | 05/01/2006 | 11/29/2006 | Closed | NOS : (890) Other Statutory Actions |
| U.S. District - North Carolina Western | 5:06cv52 | Lowe's Home Centers, Inc v. Ablaise Ltd et al | Ablaise Ltd | 04/18/2006 | 11/30/2006 | Closed | NOS : (830) Patent |
| U.S. District - California Northern | 5:06cv7222 | Yodlee, Inc v. Ablaise Ltd et al | Ablaise Ltd | 11/21/2006 | 11/30/2006 | Active | NOS : (830) Patent |

Total number of results: 16

# Exhibit F

1  Martin L. Fineman (California State Bar No. 104413)
   DAVIS WRIGHT TREMAINE LLP
2  One Embarcadero Center, Suite 600
   San Francisco, California  94111
3  Telephone:    (415) 276-6500
   Facsimile:    (415) 276-6599
4  Email:        martinfineman@dwt.com

5  Thomas G. Scavone, Member of the N.D. Cal. Bar
   Matthew G. McAndrews, Pro Hac Vice Application Pending
6  NIRO, SCAVONE, HALLER & NIRO
7  181 West Madison Street, Suite 4600
   Chicago, Illinois 60602
8  Phone: (312) 236-0733
   Fax:    (312) 239-3137
9  E-Mail: scavone@nshn.com
           mmcandrews@nshn.com
10
   Attorneys for Defendants
11 ABLAISE LTD. and GENERAL
   INVENTIONS INSTITUTE A, INC.
12

13          IN THE UNITED STATES DISTRICT COURT

14          THE NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16 FINANCIAL FUSION, INC. and SYBASE,     )  Case No. C 06-02451-PVT
   INC.,                                  )
17                                        )  **DEFENDANTS' MEMORANDUM IN**
                                          )  **SUPPORT OF MOTION TO DISMISS**
18          Plaintiff,                     )
                                          )
19     v.                                 )  Date:    September 12, 2006
                                          )  Time:    10:00 a.m.
20 ABLAISE LTD. and GENERAL INVENTIONS )  Before The Honorable Magistrate-Judge
   INSTITUTE A, INC.,                     )  Patricia V. Trumbull
21                                        )
          Defendant.                       )
22                                        )
   _____
23

24        Defendants Ablaise Ltd. ("Ablaise") and General Inventions Institute A, Inc. ("GIIA")

25 (collectively, "Ablaise") respectfully move to dismiss the Amended Complaint pursuant to Fed. R.

26 Civ. P. 12(b)(1) because there is no subject matter jurisdiction supporting Count I requesting

27 declaratory judgment on issues of infringement and validity of Ablaise's '737 patent.  There is no

28 actual controversy between Ablaise and Plaintiffs on these issues, and Plaintiffs' Amended

DAVIS WRIGHT TREMAINE LLP

                                          1

1    Complaint fails to allege any facts sufficient to give rise to such a controversy.

2        As a separate ground for dismissal with respect to Plaintiff Sybase, the Amended

3    Complaint fails to allege any controversy between Ablaise and Sybase, the latter of which

4    Plaintiffs merely identify as the parent corporation of Plaintiff FFI.  This allegation is insufficient

5    to confer subject matter jurisdiction over Sybase's claim.

6    **I.    <u>RELEVANT FACTS</u>**

7        As alleged in Plaintiffs' Amended Complaint, Defendant Ablaise Ltd. is a British

8    corporation with its principal place of business in London, and Defendant GIIA is a British Virgin

9    Islands corporation with its principal place of business in Tortola, BVI.  Collectively, Ablaise Ltd.

10   and GIIA own the '737 and '530 patents.  Ablaise does not compete with Plaintiffs and has never

11   had any contact with them, let alone contact that would warrant an apprehension by Plaintiffs that

12   Ablaise intended to file a lawsuit against them for patent infringement.  Nor did Ablaise ever

13   compete or have contact with HFN, one of the predecessors-in-interest to FFI referred to in the

14   Amended Complaint.  Indeed, before Plaintiffs filed this action, Ablaise had never heard of FFI or

15   HFN, and was only generally aware of Sybase, a large software company specializing in database-

16   related products.   Notwithstanding, on April 6, 2006, Plaintiffs filed this action seeking

17   declaratory relief with respect to Ablaise's '737 and '530 patents.

18       As alleged in the Amended Complaint, on February 6 and February 7, 2006, Ablaise sent

19   letters to Bank of America and First Horizon (collectively, the "Alleged Infringers"), respectively,

20   notifying these banks that their websites infringe the '737 patent.  The Alleged Infringers operate

21   unique, complex, and customized websites for the use of their banking customers.   The

22   functionality and operation of those websites was the subject of Ablaise's notice letters.   The

23   homepages of the accused websites identify the sites as belonging to the Alleged Infringers or

24   their related affiliates.  To Ablaise's knowledge, the accused websites are owned and operated by

25   the Alleged Infringers and make no mention of Plaintiffs.

26       As also alleged, Ablaise's notice letters to the Alleged Infringers were accompanied by

27   multimedia infringement analyses contained on CD-ROMs.   Each analysis provided a

28   representative example of the Alleged Infringer's infringement of claim 1 of the '737 patent.

DAVIS WRIGHT TREMAINE LLP

FINANCIAL FUSION ET AL V. ABLAISE LTD. ET AL.                                    SFO 340725v1 67939-3
Case No. C 06-02451-PVT   DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Claim 1 is a "method" (or "process") claim, meaning that a direct infringer must perform each step identified as an element of the claim. Two of the several steps of claim 1 are "storing content data" and "maintaining a user database comprising information relating to user preferences."

Ablaise does not know whether Plaintiffs perform *any* steps of claim 1 or any other method claim of the '737 patent, let alone all of the steps of a claim as would be required to support a claim of direct infringement. The Amended Complaint makes no allegations to clarify this point. Notably, Plaintiffs' original Complaint alleged that "[t]he websites implicated by Ablaise in its notice letters *were developed at least in part by FFI* … under license and development agreements containing indemnification provisions allowing FFI to defend and settle claims of infringement relating to the provided software." Compl. ¶ 23 (emphasis added). The Amended Complaint makes no similar allegation. Even if it did, however, such an allegation would be insufficient to give rise to a justiciable controversy between the parties. The allegation that the accused websites were "developed at least in part" is too ambiguous to indicate which, if any, claim elements of the '737 patent are satisfied by Plaintiffs' systems or processes.

At least with respect to the steps of storing content data and maintaining a user database, it is unlikely that Plaintiffs perform these steps on their own. Specifically, much of the "content data" referred to in Ablaise's multimedia infringement analyses relate to the confidential financial information of the Alleged Infringers' banking customers. Most likely, this confidential financial data is maintained and stored on secure servers operated by the Alleged Infringers. The same is likely true of data concerning banking customers' user preferences. For these and other reasons, Ablaise addressed the issue of infringement with the Alleged Infringers – and not Plaintiffs, of which Ablaise had been unaware until receiving a copy of the original Complaint.

The Alleged Infringers are responsible for their own acts of patent infringement. They are "direct" infringers of Ablaise's '737 patent, and, as such, are proper parties to a patent infringement action in the event that Ablaise chooses to so proceed.

Plaintiffs' Complaint comes "out of the blue." Ablaise has made no threat or charge of infringement against Plaintiffs directly or indirectly and taken no action which would create any apprehension by Plaintiffs that they are about to be sued by Ablaise, as is required for declaratory-

FINANCIAL FUSION ET AL V. ABLAISE LTD. ET AL.                                              SFO 340725v1 67939-3
Case No. C 06-02451-PVT    DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP

1  judgment jurisdiction.  Before filing their Complaint, Plaintiffs never communicated with Ablaise

2  about anything.

3      Presumably, Plaintiffs are one of many suppliers of components that can be used in a

4  system that, once built, *may* allow users to perform the steps of a method, or use or operate a

5  system, that falls within the scope of claims of the '737 patent.  As a supplier of components,

6  Plaintiffs' liability would likely be that of one who "actively induces" infringement, see 35 U.S.C.

7  §271(b), or a "contributory infringer," 35 U.S.C. §271(c).  As discussed, Plaintiffs have not

8  alleged that they operate systems that perform, for example, the steps of method claim 1 of the

9  '737 patent.  More germane to the instant analysis, however, Ablaise has no basis for making such

10  an assertion − it has no idea of what, if any, relevance Plaintiffs' systems or services have to the

11  Alleged Infringers' infringement.

## II.    STANDARD FOR SUBJECT MATTER JURISDICTION

13      A motion contesting subject matter jurisdiction requires review of evidence submitted on

14  the issue, and fact finding by the Court.  "Federal Circuit law governs [the] review as to whether

15  an actual controversy exists under the Declaratory Judgment Act when the underlying merits of an

16  action involve patent infringement and/or validity."  *Microchip Technology Inc. v. Chamberlain*

17  *Group, Inc.*, 441 F.3d 936, 940 (Fed. Cir. 2006).  The Plaintiffs have the burden to support their

18  allegations with proof, *West Interactive Corp. v. First Data Resources, Inc.*, 972 F.2d 1295, 1297

19  (Fed. Cir. 1992), and to demonstrate that there is an "actual controversy" under the Declaratory

20  Judgment Act, 28 U.S.C. §2201:  *Teva Pharmaceuticals USA, Inc. v. Pfizer Inc.*, 395 F.3d 1324,

21  1331 (Fed. Cir. 2005).

22      There is a recognized, two-part test for an "actual controversy" when a party requests a

23  declaratory judgment on issues of patent infringement and validity.   The Plaintiffs must

24  demonstrate both:

25      (1) an explicit threat or other action by the patentee which creates a reasonable

26      apprehension on the part of the declaratory judgment plaintiff that it will face an

27      infringement suit, and (2) present activity by the declaratory judgment plaintiff

28      which could constitute infringement or concrete steps taken by the declaratory

1    judgment plaintiff with the intent to conduct such activity.

2    *Teva Pharmaceuticals,* 395 F.3d at 1330 (citing *Amana Refrigeration, Inc. v. Quadlux, Inc.,* 172

3    F.3d 852, 855 (Fed. Cir. 1999)).   This is an objective test applied to the facts at the time the

4    Amended Complaint was filed, June 14, 2006.   *West Interactive*, 972 F.2d at 1297; *Sumitomo*

5    *Mitsubishi Silicon Corp. v. MEMC Electronic Materials, Inc.*, 2006 U.S. Dist. LEXIS 39994 * 12

6    (N.D. Cal.) (Exhibit A) ("The burden is on the claimant to establish that jurisdiction over its

7    declaratory judgment action existed at, and has continued since, the time the counterclaim was

8    filed.").

9    "Even if there is an actual controversy, the district court is not required to exercise

10   declaratory judgment jurisdiction, but has substantial discretion to decline that jurisdiction." *Teva*

11   *Pharmaceuticals*, 395 F.3d at 1331; *see also Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631,

12   634 (Fed. Cir. 1991) ("When there is no actual controversy, the court has no discretion to decide

13   the case.  When there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction

14   is discretionary.").

15   **III.    PLAINTIFFS CANNOT PROVE AN ACTUAL CONTROVERSY**

16   To constitute an actual controversy, Plaintiffs must show an objectively "reasonable

17   apprehension" of suit against them, based on conduct by Ablaise.  *Shoom, Inc. v. Electronic*

18   *Imaging Systems of America, Inc.*, 2006 U.S. Dist. LEXIS 39594 *8-9 (N.D. Cal.) (Exhibit B)

19   (quoting *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887-8 (Fed. Cir. 1992)); *see also West*

20   *Interactive*, 972 F.2d at 1297.  They cannot meet this burden because Ablaise has had no contact

21   with Plaintiffs at all.  Plaintiffs' concern about the '737 patent is a matter of their own devising,

22   not the result of any action by Ablaise.  In *West Interactive*, the plaintiff feared an infringement

23   suit (which proved true months later) based on statements of a licensee and the filing of suits

24   against others. *Id.* at 1296, 1298.  But in the absence of any communication between the patent

25   owner and the plaintiff – the necessary conduct *by the patentee* – the plaintiff could not establish

26   an objective reason to fear a suit.  *Id.* at 1297-8.

27   Having no basis to fear a suit by Ablaise, Plaintiffs rely on Ablaise's notice letters to the

28   Alleged Infringers and the existence of other lawsuits Ablaise has filed for infringement of its

FINANCIAL FUSION ET AL V. ABLAISE LTD. ET AL.                                                    SFO 340725v1 67939-3
Case No. C 06-02451-PVT    DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP

patents. While there are cases where a product manufacturer was permitted to sue for declaratory judgment based on infringement accusations against customers, the facts here fall within contrary authority for the reasons stated in *Dow Chemical Co. v. Viskase Corp.*, 892 F. Supp. 991 (N.D. Ill. 1995). *Dow* properly distinguishes between cases where the customer merely purchased a complete infringing product, which supported a manufacturer's suit, and cases where the customer used the manufacturer's product to make an infringing device, which does not give rise to jurisdiction for a manufacturer's declaratory judgment. *Id.* at 995. Plaintiffs, as component suppliers, *cannot* use the notice letters to the Alleged Infringers or the fact of other litigation as a basis for jurisdiction in the absence of any threatening conduct by Ablaise against them. *Id.* (citing *Viking Injector Co. v. Chemtron, Inc.*, 1993 WL 625543 at *3 (M.D. Pa. Nov. 9, 1993) (Exhibit C)). As discussed, Plaintiffs make no allegations *at all* concerning how the structure or functionality of their products or services relate to the claims of the '737 or '530 patents.

Although the point is unclear in the Amended Complaint, Plaintiffs' interest appears to be limited to a concern that the Alleged Infringers may be using Plaintiffs' components as part of an infringing system. As in *Dow*, this is not the legal interest needed to create declaratory-judgment jurisdiction. *Id.* at 997. The only charges of infringement made by Ablaise have been against the Alleged Infringers, each of whom is a direct infringer using one or more unique systems that perform unique processes.

As stated above, Ablaise has charged the Alleged Infringers with infringement because they own and operate, and their customers use, a system covered by claims of the '737 patent. Plaintiffs, on the other hand, are one of many providers of hardware and software components that can be used in such a system.

Ablaise has properly pursued those who have made and used the infringing systems as direct infringers: the Alleged Infringers. That does not give Plaintiffs, or any other component supplier, the right to file their own suit on the '737 patent. Ablaise did not sue Plaintiffs or others similarly situated for the very reason that they are component providers, not the ones who ultimately operate, use and make available the infringing websites.

In sum, Plaintiffs cannot use their role as a component supplier to bootstrap Ablaise's

DAVIS WRIGHT TREMAINE LLP

FINANCIAL FUSION ET AL V. ABLAISE LTD. ET AL.                                    SFO 340725v1 67939-3
Case No. C 06-02451-PVT    DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1   communications with the Alleged Infringers into a reasonable apprehension of a coming suit by

2   Ablaise against Plaintiffs.

3   **IV.    SYBASE IS NOT A PROPER PARTY TO THIS SUIT**

4          The Amended Complaint fails to allege any nexus between a product or service of

5   Plaintiffs and the claims of the '737 or '530 patents.  The relationship between Sybase and the

6   Ablaise patents is even more tenuous.  Sybase's only apparent connection to the facts of this case

7   is that FFI is a wholly-owned subsidiary of Sybase.  Amend. Compl. ¶ 4.  No Sybase product or

8   service is mentioned in the Amended Complaint.  Nor do Plaintiffs allege that Sybase was a party

9   to any indemnification agreements with the Alleged Infringers.

10         The absence of any connection between Sybase and the facts of this case are a separate

11  ground for dismissal of Sybase's claim.

12  **V.    CONCLUSION**

13         For the foregoing reasons, Ablaise respectfully requests that the Court dismiss the

14  Amended Complaint with prejudice.

15  Dated: July 26, 2006.                    Respectfully Submitted,

16
                                            /S/  Martin L. Fineman
17                                          Martin L. Fineman, California State Bar No. 104413
                                            DAVIS WRIGHT TREMAINE LLP
18                                          One Embarcadero Center, Suite 600
                                            San Francisco, California  94111-3834
19                                          Phone:  (415) 276-6500
                                            Fax:    (415) 276-6599
20                                          E-Mail: martinfineman@dwt.com

21
                                            Thomas G. Scavone, Member of the N.D. Cal. Bar
22                                          Matthew G. McAndrews, Pro Hac Vice Application Pending
                                            NIRO, SCAVONE, HALLER & NIRO
23                                          181 West Madison Street, Suite 4600
                                            Chicago, Illinois 60602
24                                          Phone: (312) 236-0733
                                            Fax:    (312) 239-3137
25                                          E-Mail: scavone@nshn.com; mmcandrews@nshn.com
26                                          Attorneys for Defendants
                                            ABLAISE LTD. and GENERAL
27                                          INVENTIONS INSTITUTE A, INC.

28

FINANCIAL FUSION ET AL V. ABLAISE LTD. ET AL.                                    SFO 340725v1 67939-3
Case No. C 06-02451-PVT   DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP

# Exhibit G

Linda J. Thayer (SBN 195,115)
Lily Lim (SBN 214,536)
Jeffrey E. Danley (SBN 238,316)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666
Email:  linda.thayer@finnegan.com
Email:  lily.lim@finnegan.com
Email:  jeff.danley@finnegan.com

Attorneys for Plaintiffs
FINANCIAL FUSION, INC. and SYBASE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC. and SYBASE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ABLAISE LTD., and GENERAL INVENTORS INSTITUTE A, INC.<br><br>Defendants. | CASE NO. C06-02451 PVT<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS<br><br>Date: September 12, 2006<br>Time: 10:00 a.m.<br>Courtroom: 5, Fourth Floor<br>Judge: The Honorable Patricia Trumbull |

## I.    INTRODUCTION

Plaintiffs properly brought this declaratory judgment action to stop Defendants from threatening Financial Fusion's customers with patent infringement lawsuits.  In February 2006, Defendants sent notice letters to two customers, First Horizon and Bank of America, accusing their websites of infringing.  While Plaintiffs were investigating their claims, and only a few weeks after receiving the initial notice letter, Defendants grew impatient and explicitly threatened to file suit. Before Defendants could follow through with that threat, or threaten other customers, Plaintiffs filed this declaratory judgment action on behalf of FFI's customers.

After directly threatening FFI's customer with a patent infringement suit, Defendants now FFI and its parent, Sybase, out of this lawsuit. The law, however, does not allow patent holders to engage in "scare-the-customer-and-run tactics" that can chill a competitive environment with uncertainty and insecurity. A primary purpose of the Declaratory Judgment Act is to allow product suppliers to resolve claims of patent infringement on behalf of themselves and their customers, reducing piecemeal serial litigation and preventing inconsistent results in multiple judicial districts. Plaintiff FFI, and its parent Sybase, have indemnity obligations to FFI's customers and wish to resolve these matters for themselves and the customers in one lawsuit and in one forum, as the Declaratory Judgment Act intended. For at least these reasons, Defendants' Motion to Dismiss should be denied.

## II.    FACTUAL BACKGROUND

Defendants Ablaise Ltd. and General Inventions Institute A, Inc. acknowledge sending notice letters in February 2006 to two customers of FFI, namely, First Horizon and Bank of America, accusing their websites of infringing U.S. Patent No. 6,961,737 ("the '737 patent"). Defendants' Memorandum in Support of Motion to Dismiss ("Memo"), p. 2. When Plaintiffs investigated the Defendants' claims, they learned that Defendants had filed at least four other lawsuits in United States District Courts in the previous year. Declaration of Linda J. Thayer ("Thayer Decl."), ¶2. Defendants sued CDW Corporation and J & R Electronics in the Northern District of Illinois in October, 2005, and January, 2006, respectively; and sued Salesforce.com, Inc. and E*Trade Securities, LLC. in the Northern District of California in February, 2005, and September, 2005, respectively. *Id.*; *see also* Plaintiffs' Amended Complaint ("AC"), ¶10. These lawsuits alleged infringement of U.S. Pat. No. 6,295, 530, the parent to the '737 patent which had only recently issued in November 2005. *Id.* When Defendants sent a letter to First Horizon explicitly threatening to file a suit for patent infringement (Amended Complaint, Exh. A), Plaintiffs reasonably feared that litigation with Defendants was imminent and quickly filed the instant action. Thayer Decl., ¶3.

Plaintiffs Financial Fusion, Inc. ("FFI") and its parent Sybase are ultimately responsible for resolving this dispute on behalf of the customers. As Plaintiffs alleged in their Amended Complaint,

2

Home Financial Network, Inc. ("HFN") provided web-based software for performing financial transactions and website development services to customer First Tennessee and its parent company, First Horizon National Corporation ("First Horizon"), pursuant to a licensing and development agreement. AC, ¶2. The license agreement between HFN and First Tennessee includes an indemnification provision allowing HFN to defend and settle claims of infringement involving software developed under the agreement. AC, ¶3. In 2000, HFN merged with the Financial Server Software division of Sybase, Inc., creating FFI, a wholly-owned subsidiary of Sybase. AC, ¶4.

FFI has provided, and continues to provide, website development and hosting services to customer Bank of America Technology and Operations, Inc. ("BATO") under an agreement that includes an indemnification provision allowing FFI to defend and settle claims of infringement involving software developed under the agreement. AC, ¶5.

As alleged in Plaintiffs' Complaint, both websites implicated by Ablaise in its notice letters were developed at least in part by FFI, a wholly-owned subsidiary of Sybase, or its predecessors, under license and development agreements containing indemnification provisions allowing or requiring FFI to defend and settle claims of infringement relating to the provided software.[1] Furthermore, FFI has provided, and continues to provide, software to other unnamed customers that may later be implicated by Defendants given their broad reading of the scope of the claims.

III.    **THERE IS A REAL, IMMEDIATE AND JUSTICIABLE CONFLICT BETWEEN DEFENDANTS AND PLAINTIFFS FFI AND SYBASE**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), states:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

---

[1] As Defendants correctly note, this last sentence appeared in ¶23 of Plaintiffs' Complaint but appears to have been inadvertently omitted from Plaintiffs' Amended Complaint. Thayer Decl., ¶4. Plaintiffs would happily file a Second Amended Complaint to cure this inadvertent omission. *Id.*

"The sole requirement for jurisdiction under the Act is that the conflict be real and immediate, i.e., that there be a true, actual 'controversy' required by the Act." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 735 (Fed. Cir. 1988); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227; 239-241 (1937).

The Federal Circuit requires that two elements exist to maintain a declaratory judgment action in a patent case: "(1) acts of defendant indicating an intent to enforce its patent; and (2) acts of plaintiff that might subject it **or its customers** to suit for patent infringement." *Arrowhead Indus.*, 846 F.2d at 737 (emphasis added); *see also Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006).

### A. Defendants' Actions Against FFI's Customers Gave Rise to a Reasonable Apprehension of a Patent Infringement Suit by Plaintiffs and Their Customers

Defendants sent notice letters alleging infringement of the '737 patent to two customers of FFI. Memo, p. 2. In accordance with agreements between the parties, both customers sent copies of the notice letters to FFI, which shares a legal department with Sybase. Thayer Decl., ¶1. When Plaintiffs' counsel investigated the Defendants and their claims, they became aware that Defendants had filed at least four other patent infringement lawsuits in United States District Courts in the previous year involving either the '737 patent or its parent, and so advised the customers. Thayer Decl., ¶2. When Defendants sent a letter to First Horizon explicitly threatening to file a suit for patent infringement, Plaintiffs and their customers feared, with good reason, that Defendants would imminently file suit, as they had threatened and as they had done on at least four previous occasions. Thayer Decl., ¶3.

### B. Defendants' Threats Against Customers Are Sufficient to Constitute Actual Controversy With Plaintiffs Who Supplied Allegedly Infringing Software

The Federal Circuit and a plethora of other courts have held that a supplier or manufacturer need not sit by as its customers are threatened or sued by a patent holder who chooses to avoid confronting the supplier head on. Whether Defendants knew who provided the allegedly infringing software when they sent the notice letters or whether Defendants communicated directly with either

FFI or Sybase thereafter is irrelevant. Plaintiffs have established in their Complaints that both First Horizon and BATO are customers of FFI and, ultimately, of parent Sybase. The Federal Circuit and other courts have repeatedly held that suits or threats against customers provide the required actual controversy for a supplier's declaratory judgment action, whether or not the patent holder has directly threatened or even communicated with the plaintiff supplier:

> That a competitor is suing a third party and asking the court to find one's company a co-infringer can hardly contribute to euphoria. The law does not require enterprises to keep their heads in the sand while a patentee picks them off one by one and at its leisure.

*Arrowhead Indus.* 846 F.2d at 738; *see, e.g., Grafon Corp. v. Hausermann*, 602 F.2d 781, 783-84 (7th Cir. 1979); *Sigma-Tau Industrie Farmaceutiche Riunite, S.p.A. v. Lonza Ltd.*, 36 F. Supp. 2d 26, 30 n.5 (D.D.C. 1999) ("The threat of infringement does not have to be directed against plaintiffs specifically. It is sufficient to create a reasonable apprehension if plaintiffs' customers, or other competitors, are threatened."); *M. Dickey v. B & H Mfg., Inc.*, No. CV-F-91-481 OWW, 1991 WL 322239, at *2 (E.D. Cal. Dec. 18, 1991) ("Suits or threats of suits for patent infringement against a plaintiffs' customers create sufficient grounds for plaintiff to bring a declaratory action against a patent holder.").

Suits or threats against a supplier's customers satisfy the case or controversy requirement because "the manufacturer is the true defendant in the customer suit. … [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of and adverse ruling against its products." *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977). As the Federal Circuit noted in approving the Seventh Circuit's decision in *Grafon*:

> Rightly respecting the realities of business life, for example, the court employed a test requiring an apprehension that plaintiff or its "*customers* face an infringement suit or *threat* of one."

*Arrowhead* 846 F.2d at 736 (emphasis in original) Similarly, in *Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.*, 655 F.2d 938 (9th Cir. 1981), the Ninth Circuit reversed

the district courts dismissal of a supplier's declaratory judgment action, holding that the patent holders' threats to sue the plaintiff's customer established the required controversy.

## C. Defendants' Lack of Direct Contact With Plaintiffs is Irrelevant

When determining whether reasonable apprehension of a lawsuit exists, the Federal Circuit instructs courts to consider the totality of the circumstances. *See Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 888 (Fed. Cir. 1992); *see also Arrowhead Indus.*, 846 F.2d at 736. In considering the totality of the circumstances, "a reasonable apprehension may be found in the absence of *any* communication from defendant to plaintiff." *See Arrowhead Indus.*, 846 F.2d at 736 (emphasis in original).

Defendants' reliance on *West Interactive* for the proposition that a patentee must contact Plaintiffs directly to create a reasonable apprehension of litigation in Plaintiffs in misplaced. In *West Interactive*, the court found no controversy existed because the alleged threats were found to be merely unauthorized statements by a non-employee of the patentee, directed at a third-party unrelated to the plaintiff, and therefore could not be attributable to, and form the required conduct of, the patentee. *See West Interactive Corp. v. First Data Res.*, 972 F.2d 1295, 1297 (Fed. Cir. 1992). The *West Interactive* court found that, coupled with a lack of evidence that the patent holder took any steps to enforce the patents, the purported apprehension was unreasonable. *Id.* The *West Interactive* court did note, however, reasonable apprehension may be found when, as is the case here, the patent holder has demonstrated a willingness to enforce its patents. *Id.*

Defendants micharacterize on *Shoom, Inc. v. Electronic Imaging Systems of America, Inc.*, No. C05-03434 (MJJ), 2006 U.S. Dist. LEXIS 39594, at *8-9 (N.D. Cal. June 1, 2006) and, in any event, the case is inapposite. In *Shoom*, the Court granted a motion to dismiss after finding no actual controversy where: 1) the patent holder sent only form letters to customers, and the letters merely offered a license, but did not allege infringement; 2) the form letters and allegedly threatening statements were not from legal counsel; and 3) no evidence was provided that the patent holder ever filed an action for patent infringement to enforce any of its patents. *Id.* at *7. In stark contrast, Defendants in the instant action sent what they describe as "multimedia infringement analysis" packages providing a representative example of infringement. The infringement analysis packages

1  were sent by Defendants' patent counsel, and it was known at the time of filing of the declaratory

2  judgment action that Defendants had previously filed at least four other lawsuits alleging patent

3  infringement.

4       **D.    Plaintiffs Have Standing to Obtain Declaratory Relief As Indemnitors and/or**

5              **Based on Possible Liability for Indirect Infringement**

6       At the time this declaratory judgment action was filed, Defendants were actively claiming

7  that two of FFI's customers were directly infringing the patents in suit.  In their Amended

8  Complaint, Plaintiffs stated two facts:  1) that FFI developed and provided software to its customers

9  that is potentially implicated by Defendants allegations; 2) that FFI has indemnity obligations to the

10  customers on the basis of the allegedly infringing software.  Plaintiffs have standing to bring this

11  action for at least these reasons.

12       First, as Defendants correctly hypothesize in their Motion, if FFI supplied one or more

13  components of a system that is found to be directly infringing, FFI may be liable for inducing

14  infringement under 35 U.S.C. § 271(b) or contributory infringement under 35 U.S.C. § 271(c).

15  Standing to seek declaratory relief does not require that the plaintiff's potential liability be as a direct

16  infringer.  The Federal Circuit has long held that declaratory relief is equally available to those who

17  may be liable as indirect infringers.  *See Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479 (Fed. Cir.

18  1998) (holding that party allegedly inducing infringement had standing to bring a declaratory

19  judgment action).

20       Second, Plaintiffs also state in their Amended Complaint that FFI provided software to the

21  customers pursuant to underlying agreements that contain indemnification provisions which allow or

22  require FFI to defend and settle claims of infringement involving software developed under the

23  agreement.  As the Federal Circuit noted, the Declaratory Judgment Act provides a remedy for those

24  parties "at *legal risk* because of an unresolved dispute to obtain judicial resolution of that dispute."

25  *See Microchip Tech. Inc.*, 441 F.3d at 943 (emphasis in original).  This legal risk may arise because

26  of a *legal relationship* between the declaratory judgment plaintiff and a customer having an interest

27  adverse to the interests of the patentee.  *See Microchip Tech.*, 441 F.3d at 943.  An indemnification

28  agreement may create this legal relationship.  *See Microchip Tech.*, 441 F.3d at 943.  Accordingly,

1     the indemnification agreement alone creates "a substantial controversy . . . of sufficient immediacy

2     and reality to warrant the issuance of a declaratory judgment." *See Microchip Tech.*, 441 F.3d at 942

3     (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941)); *see also Joseph Bancroft*, 268

4     F.2d at 523; *Minebea Co.*, 13 F. Supp. 2d at 39-40; *Wallace & Tiernan*, 291 F. Supp. at 222.

5         In short, Defendants have alleged that FFI's customers are infringing, and Defendants

6     maintain that at least Bank of America is still infringing. FFI has indemnity obligations to its

7     customers, and FFI is a wholly-owned subsidiary of Sybase. Therefore, Plaintiffs have standing in

8     this action either as an indemnitor or based on possible asserted liability for contributory or induced

9     infringement. *See BP Chems. v. Union Carbide Corp*., 4 F.3d 975, 981 (Fed. Cir. 1993).

10         **E.**      **As a Parent Corporation, Sybase is Properly a Party**

11         A common technique of those seeking to waylay an entire industry with dubious patents is to

12     proceed up the "food chain" by pursuing customers first, suppliers or manufacturers second, and

13     ultimately parent corporations. While Defendants may now argue that they never made any threat or

14     charge of infringement against Plaintiffs directly, they never disavowed their intentions to do so at a

15     later date. As Defendants admit, before Plaintiffs filed this action, Ablaise had never heard of FFI or

16     its software and did not know of Sybase's relationship to FFI and its customers. (Defs. Mot. to

17     Dismiss 2.) Now that it has, the only way for Defendants to eliminate Plaintiffs' reasonable

18     apprehension of being sued is by making a covenant not to sue, promising never to bring suit against

19     either FFI or Sybase for direct or indirect infringement of the '530 or '737 patents. *Fina Research*,

20     141 F.3d at 1483-84 (*citing Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059

21     (Fed. Cir. 1995); *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636 (Fed. Cir. 1991)). If

22     Plaintiffs were truly interested in mooting this declaratory judgment action, they should offer to so

23     covenant. If they do not, Plaintiffs FFI and Sybase and their customers would remain in reasonable

24     apprehension of lawsuit if this action were dismissed.

25    **IV.**      **THE COURT SHOULD EXERCISE ITS DISCRETIONARY JURISDICTION TO**
            **ENSURE THAT THIS MATTER IS LITIGATED BETWEEN THE PROPER**
26          **PARTIES AND IN THE PROPER FORUM**

27         FFI, as a provider of the allegedly infringing software, and its parent Sybase, properly

28     brought this action to quickly and efficiently to clarify their rights and the rights of their customers.

1   This suit fits precisely the purpose of the Declaratory Judgment act. *Minnesota Mining and Mfg. Co.*

2   *v. Norton Co.*, 929 F.2d 670, 673-74 (Fed. Cir. 1991) ("3M is currently threatened in its business,

3   and the Declaratory Judgment Act gives it certain means for resolving its uncertainties. For the

4   court to fail to hear 3M's case and forego the opportunity to resolve a matter well within its

5   capability pursuant to the role entrusted to it by the Declaratory Judgment Act is an abuse of

6   discretion.")

7          Plaintiffs, on behalf of their customers, are prepared to resolve this matter in this forum,

8   home of parent Sybase and the development division of FFI. FFI, as an indemnitor, and its parent,

9   Sybase, are proper parties to this matter. Were this matter dismissed, Sybase, FFI and its customers

10  would remain in fear that Defendants would subsequently file patent infringement actions in multiple

11  judicial districts, working their way up the food chain and chilling the marketplace. The Court

12  should exercise its discretion to prevent that injustice.

13  **V.      CONCLUSION**

14         For the reasons set for above, Plaintiffs respectfully request that this Court exercise its unique

15  and substantial discretion to hear this declaratory judgment action and deny Defendants' Motion to

16  Dismiss.

17  Dated:  August 22, 2006                    By:_____/s/_____
                                                      Linda J. Thayer
18
                                                   FINNEGAN, HENDERSON, FARABOW,
19                                                  GARRETT & DUNNER, L.L.P.
                                                   3300 Hillview Avenue
20                                                 Palo Alto, California  94304-1203
                                                   Telephone:      (650) 849-6600
21                                                 Facsimile:      (650) 849-6666

22

23

24

25

26

27

28

# Exhibit H

1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                        NORTHERN DISTRICT OF CALIFORNIA

8                              SAN JOSE DIVISION

9

10   FINANCIAL FUSION, INC. and          )      Case No.: C- 06-2451   PVT
     SYBASE, INC.,                        )
11                                        )      **ORDER DENYING MOTION TO
                        Plaintiff,        )      DISMISS; TENTATIVELY
12                                        )      GRANTING MOTION TO DISMISS
            v.                            )      SYBASE AS AN IMPROPER PARTY;
13                                        )      AND REFERRING CASE FOR
     ABLAISE LTD. and GENERAL             )      EARLY JUDICIAL SETTLEMENT
14   INVENTIONS INSTITUTE A, INC.,        )      CONFERENCE**
                                          )
15                      Defendants.       )
                                          )
16  ──────────────────────────────────────)

17          On September 26, 2006, the parties appeared before Magistrate Judge Patricia V.

18   Trumbull for hearing on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.[1]

19    Based on the briefs and arguments presented,

20          IT IS HEREBY ORDERED that Defendants' Motion is Denied.

21   **I.      FACTUAL BACKGROUND**

22          Plaintiffs Financial Fusion Inc. ("FFI") and its parent company, Sybase Inc., filed this

23   action seeking declaratory judgment of non-infringement and invalidity of U.S. Patent No.

24   6,961,737 (the '737 patent).[2]  Defendants Ablaise Ltd and General Inventions Institute A, Inc.

25   (GIIIA) co-own the '737 patent.  Plaintiffs provide website development and hosting services.

26

27          [1]    The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

28          [2]The '737 is a continuation of U.S. Patent No. 6,295,530 ("the '530 patent").  The '737 issued
     in November of 2005.

                                  ORDER, *page 1*

Ablaise threatened to sue two of Plaintiffs' customers, Bank of America and First Horizon.[3]  At issue is Claim 1 of the '737 patent, a method claim that includes steps of "storing content data" and "maintaining a user database comprising information relating to user preferences."  The notice letters sent by Ablaise allege that the Bank of America and First Horizon websites practice the invention of the '737 patent. (Amended Complaint ("AC"), ¶ 6.) Plaintiffs allege that the implicated websites were developed at least in part by FFI, a wholly-owned subsidary of Sybase, or its predecessors. (Complaint, ¶ 23.)[4]

Plaintiff's predecessor in interest, Home Financial Network ("HFN") provided web-based software for performing financial transactions and website development services to customer First Tennessee and its parent company, First Horizon National Corporation ("First Horizon"), pursuant to a licensing and development agreement. (AC, ¶2.) The license agreement between HFN and First Tennessee includes an indemnification provision allowing HFN to defend and settle claims of infringement involving software developed under the agreement. (AC, ¶3.) FFI has provided, and continues to provide, website development and hosting services to customer Bank of America Technology and Operations, Inc. ("BATO") under an agreement that includes an indemnification provision allowing FFI to defend and settle claims of infringement involving software developed under the agreement. (AC, ¶5. ) In accordance with agreements between the parties, both customers sent copies of the letters from Ablaise alleging infringement to FFI, which shares a legal department with Sybase. (Thayer Decl., ¶1.)

When Plaintiffs' counsel investigated the Defendants and their claims, they became aware that Defendants had filed at least four other patent infringement lawsuits in United States District Courts in the previous year involving either the '737 patent or its parent, and so advised the customers. (Thayer Decl., ¶2.) Thus, Ablaise has demonstrated an intent to enforce its patent rights.  However, Ablaise has never threatened to sue FFI or Sybase or even had any contact with FFI or Sybase.

---

[3]After this motion was filed, Ablaise filed a patent infringement suit against Bank of America in the United States District Court for the District of Delaware.  Ablaise represented at the argument that no suit is currently pending against First Horizon.

[4]This allegation was inadvertently omitted from the amended complaint. (Thayer Decl., ¶4.)

1   Defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1)

2   arguing that  there is no subject matter jurisdiction.  Defendants assert that there is no actual

3   controversy between Ablaise and Plaintiffs.  Defendants argue, in the alternative, that even if

4   jurisdiction exists, the court should exercise its discretion not to hear this declaratory judgment

5   suit and grant the motion to dismiss.

6   **II.    LEGAL STANDARDS**

7   Rule 12(b)(1) allows this Court to dismiss a claim for lack of jurisdiction.  "It is a

8   fundamental principle that federal courts are courts of limited jurisdiction."  <u>Owen Equip. &</u>

9   <u>Erection Co. v. Kroger</u>,  437 U.S. 365, 374 (1978).  Thus, the plaintiff bears the burden of

10  establishing subject matter jurisdiction.  A court must presume lack of jurisdiction until the

11  plaintiff establishes otherwise.  <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375

12  (1994); <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir.1986) (The party seeking to invoke federal

13  court jurisdiction has the burden of establishing that jurisdiction is proper.).

14  When a defendant makes a "facial attack," a challenge to the sufficiency of the

15  allegations in the Complaint, the Plaintiff enjoys the same standards and safeguards as apply to a

16  motion under Rule 12(b)(6):  the complaint is construed in the light most favorable to plaintiff

17  and its allegations are taken as true.  <u>Doe v. Schacter</u>, 804 F. Supp. 53, 56 (N.D. Cal. 1992);

18  <u>Abramson v. Brownstein</u>, 897 F.2d 389, 391 (9th Cir. 1990).

19  The Declaratory Judgment Act permits federal courts to "declare the rights and legal

20  obligations of an interested party '[i]n a case of actual controversy.'"  28 U.S.C. § 2201.  "A

21  justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or

22  abstract character; from one that is academic or moot.  The controversy must be definite and

23  concrete, touching the legal relations of parties having adverse legal interests."  <u>Aetna Life</u>

24  <u>Insurance Co. v. Haworth</u>, 300 U.S. 227, 240-41 (1937).  Additionally,  "[e]ven if there is an

25  actual controversy, the district court is not required to exercise declaratory judgment jurisdiction,

26  but has substantial discretion to decline that jurisdiction."  <u>Teva Pharmaceuticals USA, Inc. v.</u>

27  <u>Pfizer Inc.</u>, 395 F.3d 1324, 1331 (Fed. Cir. 2005).

28  There is an accepted two prong test for declaratory judgment actions in patent cases:

1
2    The Plaintiffs must demonstrate both: (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity by the declaratory judgment plaintiff  which could constitute infringement or concrete steps taken by the declaratory judgment plaintiff with the intent to conduct such activity.
3
4

5    <u>Teva</u>., 395 F.3d at 1330 (citation omitted.)   However, the standard is also stated more broadly to

6    include "acts of plaintiff that might subject it **or its customers** to suit for patent infringement."

7    <u>Arrowhead Indus. Water, Inc. v. Ecolochem, Inc</u>., 846 F.2d 731, 737 (Fed. Cir. 1988)(emphasis

8    added).

9    **III.   DISCUSSION**

10        **A.   Jurisdiction is Present**

11        The question presented is whether Defendants' threats against FFI's customers create a

12    reasonable apprehension sufficient to confer jurisdiction upon this court.   Plaintiffs argue that

13    suits against customers are sufficient.   <u>Arrowhead</u>, 846 F.2d at 736; <u>Societe de Conditionnement</u>

14    <u>en Aluminum v. Hunter Engineering Co., Inc.</u>, 655 F.2d 938 (9th Cir. 1981).  In those cases,

15    however, the seller supplied a whole infringing product, not merely a component part.  Here, FFI

16    has not alleged that it developed the implicated websites.  It has alleged that it developed "at

17    least part" by FFI.  (Complaint ¶ 23.)

18        The Federal Circuit recently explained that apprehension of customers being sued does

19    not, absent an adverse *legal* interest, satisfy the reasonable apprehension prong.  <u>Microchip</u>

20    <u>Tech. Inc. v. The Chamberlain Group, Inc.</u>, 441 F.3d 936, 942 (Fed. Cir. 2006).  "Without an

21    underlying *legal* cause of action, any adverse *economic* interest that the declaratory plaintiff may

22    have against the declaratory defendant is not a legally cognizable interest sufficient to confer

23    declaratory judgment jurisdiction." <u>Microchip</u>, 441 F.3d at 943 (emphasis added.)  The court

24    went on to note that an indemnity agreement between a supplier and its customers could create

25    the legal relationship sufficient to satisfy the reasonable apprehension prong.  <u>Id.</u>, <u>see also</u> <u>Dow</u>

26    <u>Chemical Corp. v. Viskase Corp.</u>, 892 F. Supp. 991, 997 (N.D. Ill. 1995).

27        FFI has alleged the existence of an indemnity agreement between itself and its customers.

28    This allegation is sufficient to satisfy the reasonable apprehension prong.

**B.    This Court Will Exercise Its Discretion to Hear This Case**

The question now shifts to whether this court should exercise its discretion not to exercise jurisdiction over this case.  A district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."  <u>Huth v. Hartford Ins. Co. of the Midwest</u>, 298 F.3d 800 (9th Cir. 2002), *citing* <u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 494-95 (1942).  The first consideration does not apply here where only federal jurisdiction is involved. The second two considerations are less clear.  Plaintiffs assert that they chose this forum because it is where they are based and where the facts and witnesses are located.  Plaintiffs also assert that, as the first filed suit, their choice of jurisdiction should be honored.  Finally, Plaintiffs assert that this one declaratory judgment action will be more efficient than defending suits against multiple customers  in multiple forums.  In contrast, Defendants assert that their later filed suit should be the one to proceed because their suit for patent infringement should take precedence over Plaintiff's declaratory judgment action.  Defendants assert that, because Bank of America is incorporated in Delaware, Delaware will be a more convenient forum.

The facts currently in front of the court are insufficient for the court to determine which forum is better suited to resolve the issues of patent validity and infringement.  At present, the Court is not convinced that Delaware is a more appropriate forum than the Northern District of California.[5]  Accordingly, the court will exercise its discretion to entertain this suit.

**C.    Plaintiff Sybase Has Not Been Shown to Be a Proper Party**

Defendants argue that Sybase is an improper Plaintiff because it is merely the parent company of  FFI.  Plaintiffs argue Sybase is a proper declaratory plaintiff because it could be sued as the parent of FFI.  The general rule is that a parent is not liable for the acts of its subsidiary absent some showing of fraud, unusual control, or intent to evade the law.  <u>See e.g.</u> <u>Sonora Diamond Corp. v. Superior Court</u>, 83 Cal.App.4th 523, 538 (2000) (Corporate veil only pierced  "when the corporate form is used to perpetrate a fraud, circumvent a statute, or

---

[5]The Court expresses no opinion on the merits of a motion to transfer this suit to Delaware or on a motion to transfer the Delaware suit to the Northern District of California.

1   accomplish some other wrongful or inequitable purpose.") As one court noted, albeit in dicta,

2       just as a having a parent/subsidiary relationship is not sufficient, without more, to
3       warrant a suit against the parent for patent infringement by its subsidiary, being a
        parent corporation is not sufficient to give a party the right to seek a declaratory
        judgment regarding the legality of its subsidiary's conduct.

4   Boler Co. v. Raydan Mfg., Inc., 415 F. Supp.2d 896, 902 n.5 (N.D. ll. 2006) (citations omitted).

5       At this time, Sybase has not plead any case or controversy directly between it and

6   defendants.  Therefore, Sybase does not appear to be a proper party and the court tentatively

7   grants Defendants' motion to dismiss Sybase as a party.  Because neither side focused on the

8   issue of the propriety of Sybase as a party, Sybase may submit additional briefing on the matter.

9   If Sybase chooses to submit additional briefing, Defendants may submit a responsive brief.

10  **IV.    CONCLUSION**

11      For the foregoing reasons, It Is Hereby Ordered that:

12      1.      Defendants' Motion to Dismiss is Denied;

13      2.      Defendants' Motion to Dismiss Plaintiff Sybase is tentatively granted;

14      3.      Sybase may submit, within two weeks of this Order, additional briefing on the
15              issue of whether it is a proper party; Defendants may submit a responsive
16              pleading, limited to the issue of whether Sybase is a proper party, within two
17              weeks of any additional brief by Sybase on this issue; if Sybase does not file
18              additional briefing within two weeks of this Order, the tentative dismissal of
19              Sybase will become the final order of the court;  and

20      4.      The parties are referred to Magistrate Judge Richard Seeborg for a judicial
21              settlement conference to take place no later than December 1, 2006 and the
22              parties shall contact Judge Seeborg's Secretary Ms. Bernie Kunkel at 408-535-
23              5357 within two weeks of the date of this Order to obtain a settlement conference
24              date.

25  Dated: 9/27/06

26                                  _Patricia V. Trumbull_
                                    _____
27                                  PATRICIA V. TRUMBULL
                                    United States Magistrate Judge
28

ORDER, *page 6*

# Exhibit I

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET - SUITE 4600

CHICAGO, ILLINOIS 60602 - 4515

————

TELEPHONE (312) 236 - 0733

FACSIMILE (312) 236 - 3137

July 26, 2006

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MEERSMANN

**Email: michael.a.springs@bankofamerica.com**

Michael Springs, Esq.
Bank of America
101 South Tryon Street
Charlotte, North Carolina 28255
Mail Stop No. NC 1-002-29-01

Re:    *Ablaise, Ltd.*

Dear Mike:

As you know, we first wrote to Bank of America ("B of A") in February of this year advising that the B of A web site, and particularly the militarybank.com portion of the site, was utilizing technology covered by the '737 patent owned by our client, Ablaise Ltd. With our letter, we proposed that B of A accept a license under our client's patents.

Since that initial letter, the Ablaise technical staff has revisited the B of A site and discovered yet another infringing functionality. We have reviewed our client's findings and confirmed that the "My Portfolio" facility of the B of A site does practice the method recited in claim 1 of the '737 patent.

As you requested in our last phone call, we are writing now to provide our analysis and to explain why "My Portfolio" infringes claim 1 of the '737 patent. We also enclose selected screen shots from the B of A site to illustrate some of the site's relevant functionality.

The Ablaise technical staff has identified the following steps performed by the B of A server when a bank customer uses the My Portfolio facility:

1. A standard Java based user identifier (a cookie) is read by the server and enables the server to lookup preferences for the specific customer stored server-side in a user database.

Michael Springs, Esq.
July 26, 2006
Page 2 of 2

    2.    The user preferences include the customer's selection of specific portal modules.    See, for example, the "Expense Manager," "Rewards" and Net Worth" modules illustrated in the captured screen shots.

    3.    A format identifier, from either the user database or other server accessible location, is received at the server.    This format identifier allows the various portal modules to be oriented in the manner (*i.e.* one or two column views) selected by the customer.    Differing module formatting and the steps followed for customer format selection are also illustrated in the captured screen shots.

    4.    In response to a request for content from the bank customer, the B of A server retrieves the user's preferences, format requirements and requested content and then selects the stored functions (*i.e.* code)   necessary to generate the viewable data for transmission to and display at the customer's browser.

    Since B of A continues to implement the '737 patented technology on its site, we once again ask that you give careful consideration to the license proposal forwarded with our original letter.

    We look forward to hearing from you in the near future.

                                        Sincerely yours,

                                        Thomas G. Scavone

TGS/ss
Enclosures

cc:    Ablaise (by email)







**Add/Remove Modules - Microsoft Internet Explorer**

File    Edit    View    »    Address    https://allmyaccounts.bankofamerica.com/newarch/changecontent.bofa.do?csit=Y3NpdF9r2    Go

Back    Search    Favorites

Bank of America    Higher Standards

Online Banking

Search · Locations · Mail · Help · Sign Off

Accounts    Bill Pay & e-Bills    Transfer Funds    Investments    Customer Service

Is the size of the text too small?
Learn how to adjust text size.

My Portfolio Overview

## Add/Remove Modules

### Add/Remove Modules

Check or uncheck boxes to choose which modules you want to display on your dashboard.

☑ **E-mail**
Preview recently-received email messages across all your email accounts.

☑ **News**
View news headlines from your favorite sources.

☑ **Investment Manager**
View all of your investment holdings across multiple institutions.

☑ **Other Accounts**
Access securely stored login information for other supported sites like online calendars, travel reservation sites, online shopping sites and more.

☑ **Expense Manager**
Track your daily expenses and payments across all of your banking and credit card accounts.

☑ **Net Worth**
View all of your assets and liabilities, across categories and financial institutions.

☑ **Rewards**
View all of your rewards balances and securely store your login information.

[ Update Modules Displayed ]    [ « Back to Customize My Portfolio ]

🔒 **Secure Area**

Accounts · Bill Pay & e-Bills · Transfer Funds · Investments · Customer Service
Search · Locations · Mail · Help · Site Map · Sign Off

Bank of America, N.A. Member FDIC.  Equal Housing Lender 🏠
© 2004 Bank of America Corporation. All rights reserved.





My Portfolio Overview - Microsoft Internet Explorer

File   Edit   View   »   Address   https://allmyaccounts.bankofamerica.com/newarch/home.bofa.do?csit=Y3NpdF9rZXk6Y0xpz   Go

Back   •   Search   Favorites

Jump to:   Rewards | Net Worth | News | E-mail | Investment Manager | Other Accounts | Expense Manager

**Rewards**                                    help          **Other Accounts**                              help

The Rewards module allows you to view point and mileage       The Other Accounts module allows you to access securely
balances for your reward programs.                            stored login information for a variety of sites.

Add more Rewards accounts                     Add more Order Summaries, Auctions, Calendars & Reminders or
                                                                                                other accounts

**Net Worth**      refresh | edit | chart | help      **Expense Manager**        refresh | edit | help

| Banking | |
|---|---|
| Bank of America (All except CA,WA & ID) | $200.00 |
| chart | refresh - Last refreshed 13 minutes ago. | |
| • MyAccess Checking-2847 | $200.00 |
| **Total Banking** | **$200.00** |
| Investments | |
| Hypothetical Credit Union - Member View add this account | N/A |
| **Total Investments** | **N/A** |

| Total Assets | $200.00 |
|---|---|

| **Total Net Worth** | **$200.00** |
|---|---|

Investment account balances are calculated using quote data delayed up to 20 minutes and
provided by Hypothetical.
Unvested balances are not included in the Account Balance totals.

**Add more Banking, Credit Cards, Investments or other accounts**

These transactions are from the last 1 week: change time period >>

| Date | Description | Account |
|---|---|---|
| Bank of America (All except CA,WA & ID) | | |
| chart | refresh - Last refreshed 13 minutes ago. | | |
| You have no new transactions from the past 1 week. | | |

| Total Banking Withdrawals in Last 1 Week (accounts in USD) | $0.00 |
|---|---|
| Total Banking Deposits in Last 1 week (accounts in USD) | $0.00 |

Add more Banking or Credit Cards accounts

**News**                                       help

| ☐ Wall Street Journal | ☐ CNNfn |
|---|---|
| ☐ USA TODAY | ☐ ESPN.com |
| Add Selected Accounts | |

(5 items remaining) Opening page https://allmyaccounts.bankofamerica.com/n          Internet

# Exhibit J

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

———

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY

April 10, 2006

**FEDERAL EXPRESS**

Jerry Powell
General Counsel
Compass Bancshares, Inc.
15 South 20th Street
Birmingham, Alabama  35233-2000

Re:    *Ablaise Ltd. – United States Patent No. 6,961,737*

Dear Mr. Powell:

We represent Ablaise Ltd., a U.K. Corporation, the owner of United States Patent No. 6961,737 ("the '737 patent") and other related United States and foreign patents and patent applications.

The '737 patent is directed, generally, to technology implemented on the internet. It is more specifically directed to systems and methods for the dynamic generation of varying formatted web pages, using preferences to personalize the viewed pages. The invention was developed in the early to mid 1990s and represents a pioneering innovation in internet technology. The inventors, who are now principals in Ablaise Ltd., then went on to commercialize and sell the technology in Europe.

The enclosed multimedia package includes a copy of the '737 patent and its file history, together with background information on Ablaise and the '737 patent inventors.

In 2005, Ablaise initiated a licensing program in the United States and has now granted licenses to a number of major United States companies under one or more of its patents. Current licensees include: CDW Corporation, Citigroup Corporation, E*TRADE Financial Corporation, Salesforce.com and Shopping.com, just to name a few. We are writing now to extend a license offer to Compass Bancshares, Inc. ("Compass Bank") as well.

Jerry Powell
April 10, 2006
Page 2 of 2

After careful study, Ablaise has determined that the compassweb.com website practices the inventions claimed in the '737 patent. Our analysis indicates that Compass Bank's infringement is not merely incidental; rather, the website implements core features that rely substantially on the '737 patent technology. A representative infringement analysis for Claim 1 of the '737 patent is set out in the multimedia package. However, the compassweb.com website infringes a number of other '737 patent claims, as well. Ablaise is confident that upon review of the compassweb.com website in light of the '737 patent, as well as the enclosed materials, Compass Bank will arrive at a similar conclusion.

Ablaise is prepared to offer a license under the '737 patent on terms which are, by any measure, fair and reasonable. The value of the license depends, in part, on the extent to which Compass Bank makes use of the patented technology in its website, the user volume which the site experiences, and the revenues generated from or attributable to the use of the site. Other factors may also be relevant. For example, non monetary benefits derived from operation of the site may be important to a proper valuation of the license. We recognize, however, that much of this information may be highly sensitive and that Compass Bank may choose not to share it with us. It may also prove difficult and costly to determine, verify, audit and report such information on a continuing basis. For these reasons, Ablaise is willing, in some circumstances, to forego a continuing royalty calculated as a percentage of website derived revenue and to accept, instead, an annual or one time lump sum payment. To that end, we are also enclosing copies of Ablaise's standard lump sum and continuing royalty license agreements.

As you will see, Ablaise has devoted substantial time and effort in the preparation of these materials for your review and consideration. It is a matter of utmost importance to Ablaise, and we ask that you respond at your very earliest convenience, but in any event no later than May 5, 2006.

Sincerely yours,

Thomas G. Scavone

Enclosures

cc:    Mark Bernstein
       Ablaise

# Exhibit K

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12   FINANCIAL FUSION, INC.,          )    Case No.: C- 06-2451   PVT
                                       )
13                    Plaintiff,       )    **ORDER GRANTING MOTION FOR**
                                       )    **LEAVE TO FILE SECOND**
14         v.                          )    **AMENDED COMPLAINT AND**
                                       )    **GRANTING MOTION TO RELATE**
15   ABLAISE LTD. and GENERAL          )    **CASE**
     INVENTIONS INSTITUTE A, INC.,     )
16                                     )
                      Defendants.      )
17   _____)
                                       )
18

19         On December 12, 2006, the parties appeared before Magistrate Judge Patricia V.

20   Trumbull for hearing on FFI's Motion for Leave to File a Second Amended Complaint.[1]   Based

21   on the briefs and arguments presented,

22         IT IS HEREBY ORDERED that FFI's Motion is Granted.

23   **I.    FACTUAL BACKGROUND**

24         Plaintiff Financial Fusion Inc. ("FFI") filed this action seeking declaratory judgment of

25   non-infringement and invalidity of U.S. Patent No. 6,961,737 (the '737 patent).  The '737 is a

26   continuation of U.S. Patent No. 6,295,530 ("the '530 patent").  The '737 issued in November of

27   _____

28   [1]    The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

2005.  Defendants Ablaise Ltd ("Ablaise") and General Inventions Institute A, Inc. ("GIIIA", collectively "Ablaise") co-own the '737 patent.  FFI provides website development and hosting services.

Ablaise  threatened to sue two of FFI's customers, Bank of America and First Horizon.  The notice letters sent by Ablaise allege that the Bank of America and First Horizon  websites practice the invention of the '737 patent.  (Amended Complaint ("AC"), ¶ 6.)  FFI alleges that it developed, at least in part, the  implicated websites.  (Complaint, ¶ 23.)[2]  FFI has provided, and continues to provide, website development and hosting services to customer Bank of America Technology and Operations, Inc. ("BATO") under an agreement that includes an indemnification provision allowing FFI to defend and settle claims of infringement involving software developed under the agreement.  (AC, ¶5. )  On August, 28, 2006, after this lawsuit was filed, Ablaise filed a patent infringement suit against Bank of America in the United States District Court for the District of Delaware (the "Delaware Action").

Ablaise moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) arguing lack of subject matter jurisdiction.  Ablaise asserted that no actual controversy existed between them and FFI.  Ablaise argued, in the alternative, that the court should exercise its discretion not to hear this declaratory judgment suit and grant the motion to dismiss.  The Court found that FFI has a reasonable apprehension of suit, creating an actual controversy and jurisdiction and denied the Motion to Dismiss.

On October 10, 2006, Ablaise amended the Delaware Action to add a claim of infringement of the '530 Patent against Bank of America.  FFI now seeks to file a Second Amended Complaint to add the '530 Patent to this Declaratory Judgment Action.  On October 26, 2006, counsel for FFI contacted Counsel for Ablaise and sought a stipulation to allow FFI to file a Second Amended Complaint.  (Thayer Decl. ¶ 4.)  At that time, Ablaise had not yet filed an Answer to the Amended Complaint and FFI suggested that Ablaise stipulate to the filing of the Second Amended Complaint and answer only that Complaint.  (*Id.*)  As of the filing of this

---

[2]This allegation was inadvertently omitted from the amended complaint.  (Thayer Decl., ¶4.)

1   motion on November 2, 2006, Ablaise had not  responded to FFI's request for a stipulation. (*Id.*

2   at ¶¶5-6).  On October 30, 2006, Ablaise  filed an Answer and a Counterclaim asserting that FFI

3   is infringing the '737 patent.

4           On November 21, 2006, Yodlee, Inc., a vendor to Bank of America for a different portion

5   of its website, filed an action in the Northern District of California entitled *Yodlee, Inc. v.*

6   *Ablaise Ltd. et al*, 5:06-CV-07222 RMW (the "Yodlee Action").  As in this case, Yodlee claims

7   that it has an indemnity obligation to Bank of America for claims made against the portion of the

8   website provided by Yodlee.  (Yodlee Complaint ¶ 7.)  On December 5, 2006, FFI filed a motion

9   to relate the Yodlee case to this case.

10  **II.    DISCUSSION**

11          **A.    Motion for Leave to Amend**

12          A party's right to amend his or her pleadings is governed by Rule 15(a) of the

13  Federal Rules of Civil Procedure, which provides that "leave shall be freely given when justice

14  so requires." Fed. R. Civ. P. 15(a).  The Supreme Court has declared that the requirement of

15  Rule 15(a) that leave to amend shall be freely given when justice so requires "is to be heeded."

16  *Foman v. Davis*, 371 U.S. 178, 182 (1962)  Similarly,  the Ninth Circuit has directed district

17  courts to apply the rule favoring amendments to pleadings with "extreme liberality." *DCD*

18  *Programs, Ltd. v. Leighton*, 833 F.2d 183,186 (9th Cir. 1987).  Four factors are commonly used

19  to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to

20  the opposing party, and futility of amendment.  *DCD Programs*, 833 F.2d at 186.

21          Ablaise opposes the motion, claiming that amendment would be futile because this court

22  lacks jurisdiction over FFI's claims relating to the '530 patent.  Ablaise does not assert any bad

23  faith, undue delay or prejudice.  Because this case is in the early stages, the court finds no bad

24  faith, undue delay or prejudice.  Accordingly, the only issue is whether the amendment would be

25  futile.

26          Ablaise asserts that the amendment would be futile because there is no actual

27  controversy.  In order to proceed with a declaratory judgment actions in patent cases, a plaintiff

28  must demonstrate both: (1) an explicit threat or other action by the patentee which creates a

1    reasonable apprehension on the part of the declaratory judgment plaintiff or its customers that it

2    will face an infringement suit, and (2) present activity by the declaratory judgment plaintiff or its

3    customers which could constitute infringement.  *Teva Pharmaceuticals USA, Inc. v. Pfizer Inc.*,

4    395 F.3d 1324, 1330-31 (Fed. Cir. 2005);  *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846

5    F.2d 731, 737 (Fed. Cir. 1988).  In the absence of an express charge of infringement, courts

6    examine "the totality of the circumstances" to determine whether there is a controversy.

7    *Vanguard Research, Inc. v. PEAT, Inc.,* 304 F.3d 1249, 1254-55 (Fed. Cir. 2002).

8        Ablaise claims that FFI cannot show reasonable apprehension.  Ablaise asserts that they

9    have not identified the portion of the Bank of America website that FFI is involved with, the

10   military bank site, as infringing the '530 patent.  Additionally, Ablaise has not asserted the '530

11   patent in their counterclaim in this action.  Ablaise further claims that it has only identified

12   mbnanetaccess.com, a Bank of America website, as infringing.  Because FFI does not owe

13   indemnity to Bank of America for the MBNA website, Ablaise argues that there is no reasonable

14   apprehension of suit.  Ablaise thus argues that FFI "does not have a dog in the Delaware fight."

15   (Opp. at 6:6.)

16       Ablaise's First Amended Complaint in the Delaware Action alleges: "BofA has infringed

17   one or more claims of the '737 and the '530 patent by making, using, and operating, its

18   bankofamerica.com **and related websites** throughout the Untied States, including this judicial

19   District." (Delaware Action First Amended Complaint ¶ 8, Thayer Decl. Exh. B.)(emphasis

20   added)  The address for Bank of America's Military Bank Website is

21   www.bankofamerica.com/military/.  (Thayer II Decl. ¶ 9.)  Thus, the Military Bank Website is a

22   "related website" to the bankof america.com website and is implicated in the Delaware Action.

23    Moreover, FFI  has asked Ablaise to amend the Delaware First Amended Complaint to exclude

24   the Military Bank Website and Ablaise has failed to do so.  (Thayer II Decl. ¶¶6-7.)  Thus, while

25   Ablaise may not have identified the Military Bank Website as infringing, their First Amended

26   Complaint in the Delaware Action is worded so broadly as to implicate it.

27       Additionally, Ablaise has suggested to FFI that its customers might be infringing the '530

28   patent and that FFI should consider licensing both patents.  (Thayer II Decl. ¶¶3-4; Scavone

Decl. Exh. B.)  Finally, Ablaise has asserted the '530 patent in other litigation against other parties, a factor relevant to the reasonable apprehension analysis.  *See Plumtree Software, Inc. v. Datamize, LLC*, 2005 WL 2206495 (N.D. Cal. Sept. 12, 2005) (finding jurisdiction over declaratory judgment action for continuation patent based on assertion of parent patent against plaintiff and assertion of continuation patent against others) .

Accordingly, there is an actual controversy and amendment would not be futile.

**B.    Motion to Relate Cases**

Civil Local Rule 3-12 (a) defines related cases as those where: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

In this case, the first requirement is met because the same defendants are involved and the same "property", the '737 patent and its parent  the '530 patent are involved.  Ablaise opposes the relation, claiming that different parties are involved.  Even though different plaintiffs are involved, both plaintiffs are vendors providing services under indemnification agreements to the same accused infringer, Bank of America.  Thus, Bank of America has an interest as a customer and indemnitee in efficient and consistent management of these litigations.  Moreover, the Yodlee action was filed, at least in part, because of the Delaware action against Bank of America.  (Yodlee Complaint ¶ 5.)  Accordingly, substantially the same parties and property are involved.

The second element is also met.  Having two different judges govern discovery disputes and construe claims in the same patents would be an unduly burdensome duplication of labor and raise the danger of conflicting results.  Ablaise claims that different websites are involved: www.bankofamerica.com/military in this case and allmyacounts.bankofamerica.com in Yodlee.  However, whether the two addresses are regarded as part of a single Bank of America website or two related Bank of America websites, the potential for burdensome duplication remains.  A patent "claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, *not* in light of the accused device. . . . It is only after

the claims have been *construed without reference to the accused device* that the claims, as so construed, are applied to the accused device to determine infringement." *SRI Int'l. v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985)(en banc)(emphasis in original). Thus, even if the accused devices are not identical, the claim construction process will contain, at a minimum, sufficient overlap to create duplication of effort. Ablaise also argues that different patent claims or terms may be involved in the same suits. Again, this does not eliminate the potential for burdensome duplication. The fact that some terms might be different does not mean that it makes sense for different judges to construe the claims and terms that might be in common.

Ablaise also asserted that the timing of FFI's motion to relate was "suspicious." Ablaise argues that FFI filed the motion to relate in order to bolster its motion to relate and in an improper attempt to forum shop. The motion to relate was filed shortly after the Yodlee action was filed. The Court finds nothing suspicious about the timing of the motion and no reason to believe that FFI filed the motion to relate for any improper purpose.

Finally, at the hearing, Ablaise opposed relation claiming that it will be prejudiced by delay in this suit. Relation is not consolidation. Two related cases may still proceed on different schedules. Thus, if the Yodlee action lags significantly behind this action, this action can proceed on its own timetable.[3]

## III.  CONCLUSION

For the foregoing reasons, It Is Hereby Ordered that:

1.      FFI's Motion for Leave to File a Second Amended Complaint is Granted; and

//

//

---

[3]Ablaise also argued that Yodlee involved both the '737 and '530 patents whereas this case involved only the '737 patent. This argument fails for two reasons. First, because the '530 is the parent of the '737, the claims, specification, and file history of the '530 patent would necessarily have to be considered in this action. Second, this Order grants FFI the right to amend the complaint to add claims of non-infringement and invalidity of the '530 patent.

2.     The Motion to Relate Cases is Granted and C-06-7222 RMW, *Yodlee Inc. v. Ablaise Ltd. Et al.* shall be reassigned to Judge Trumbull.

Dated: December 15,  2006

*Patricia V. Trumbull*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge