IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 06-530-SLR ) |
| BANK OF AMERICA CORPORATION, | ) ) ) |
| Defendant. | ) |

**DECLARATION OF BENJAMIN J. SCHLADWEILER IN SUPPORT
OF PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT
BANK OF AMERICA CORPORATION'S MOTION TO STAY**

I, Benjamin J. Schladweiler, declare as follows:

1. I am an attorney with the law firm of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, counsel representing the Plaintiffs in the above-captioned action.

2. I am admitted to practice before this Court.

3. This Declaration is submitted in further support of Plaintiffs' Brief in Opposition to Defendant Bank of America Corporation's Motion to Stay.

4. Attached to this Declaration as **Exhibit A** is a true and correct copy of a screenshot taken of the Bank of America website's Bill Pay customization feature.

5. Attached to this Declaration as **Exhibit B** is a true and correct copy of Financial Fusion's Second Amended Complaint for Declaratory Relief in the Northern District of California litigation.

6. Attached to this Declaration as **Exhibit C** is a true and correct copy of an October 2001 Press Release printed from Yodlee, Inc.'s website.

*Benjamin J. Schladweiler*
_____
Dated: January 25, 2007            Benjamin J. Schladweiler (#4601)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: William J. Marsden, Jr.

I also certify that on January 25, 2007, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY HAND & E-MAIL**

William J. Marsden, Jr.
FISH & RICHARDSON, P.C.
919 Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

**BY E-MAIL**

David M. Barkan
Jonathan L. Lamberson
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Nagendra (Nick) Setty
Douglas L. Bridges
Christopher O. Green
FISH & RICHARDSON P.C.
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309

*Benjamin J. Schladweiler*

Benjamin J. Schladewiler (#4601)
bschladweiler@mnat.com

704099

# EXHIBIT A



**EXHIBIT B**

Case 1:06-cv-00530-SLR    Document 18-2    Filed 01/25/2007    Page 3 of 15

Linda J. Thayer (SBN 195,115)
Lily Lim (SBN 214,536)
Jeffrey E. Danley (SBN 238,316)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666
Email: linda.thayer@finnegan.com
Email: lily.lim@finnegan.com
Email: jeff.danley@finnegan.com

Attorneys for Plaintiff
FINANCIAL FUSION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABLAISE, LTD. and GENERAL INVENTIONS INSTITUTE A, INC., <br><br> Defendants. | CASE NO. C06-02451 PVT <br><br> **SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

**Introduction and Background**

1.     Financial Fusion, Inc. ("FFI" or "Plaintiff") hereby brings this action for declaratory judgment against Ablaise Ltd. ("Ablaise") and General Inventions Institute A, Inc. ("GIIA") (together "Defendants").  Specifically, Plaintiff seeks, among other things, declaratory judgments of non-infringement, invalidity, and unenforceability of U.S. Patent No. 6,961,737 ("the '737 patent"), titled "Serving Signals" and non-infringement and invalidity of U.S. Patent No. 6,295,530 ("the '530 patent"), titled "Internet Service of Differently Formatted Viewable Signals Including Commands for Browser Execution."  The '737 patent is a continuation of the '530 patent.  True and complete copies of the '530 and '737 patents are attached as Exhibits A and B, respectively.

2. Pursuant to a licensing and development agreement with First Tennessee Bank National Association ("First Tennessee"), Home Financial Network, Inc. ("HFN") provided web-based software for performing financial transactions and website development services to First Tennessee and First Horizon National Corporation ("First Horizon"). On information and belief, First Horizon is First Tennessee's parent company.

3. The license agreement between HFN and First Tennessee includes an indemnification provision allowing HFN to defend and settle claims of infringement involving software developed under the agreement.

4. In 2000, HFN merged with the Financial Server Software division of Sybase, Inc., creating FFI, a wholly-owned subsidiary of Sybase, Inc.

5. FFI provided website development and hosting services to Bank of America Technology and Operations, Inc. ("BATO") under an agreement that includes an indemnification provision allowing FFI to defend and settle claims of infringement involving software developed under the agreement.

6. On or about February 6, 2006, U.S. counsel for Defendant Ablaise sent a letter to BATO alleging that its militarybank.bankofamerica.com website implements "core features" of the '737 patent. On or about February 7, 2006, U.S. counsel for Defendant Ablaise sent a virtually identical letter to First Horizon alleging that the websites of First Tennessee and First Horizon also practice the invention of the '737 patent. With both letters, Ablaise provided what it called a "representative infringement analysis for Claim 1 of the '737 patent" using screenshots from the accused websites. The "infringement analysis" came in the form of a CD-ROM entitled "Ablaise Patent Information Kit," that compared elements of claim 1 to each of the subject websites. Each CD-ROM contained a section titled "Infringement of Ablaise's '737 patent."

7. In both letters, Ablaise stated it has initiated "a licensing program" in the United States in 2005. As part of this "licensing program," Ablaise has licensed one or more of its U.S. patents to at least the following corporations: CDW Corporation, Citigroup Corporation, E*Trade Securities, LLC, Salesforce.com, and Shopping.com. On information and belief, Salesforce.com is a

corporation residing in this district in San Francisco, CA, and Shopping.com is a company residing in this district in Brisbane, CA.

8. First Horizon promptly responded to Ablaise's U.S. counsel on February 16, 2006, indicating that it would consider the applicability of the '737 patent to its websites and respond to Ablaise shortly. First Horizon then contacted FFI, which began its own analysis of Ablaise's claims. BATO also provided a copy of the patent demand letter and materials it received from Ablaise to FFI.

9. Before FFI had completed its analysis, and only a little more than a month after sending the initial notice letters, Ablaise sent First Horizon a second letter on March 24, 2006, threatening the initiation of a lawsuit for patent infringement. A true and correct copy of this letter is attached as Exhibit C. The letter indicates that Ablaise received the February 16, 2006, correspondence from First Horizon, and thus knew that First Horizon was considering its claims.

10. The websites implicated by Ablaise in its notice letters were developed at least in part by FFI or its predecessors, under license and development agreements containing indemnification provisions allowing FFI to defend and settle claims of infringement relating to the provided software.

11. As of April 6, 2006, the filing of Plaintiff's Complaint, Defendants Ablaise and GIIA had filed at least four separate lawsuits in United States District Courts alleging infringement of the '530 patent, the parent to the '737 patent. Defendants sued CDW Corporation and J & R Electronics in the Northern District of Illinois in October, 2005, and January, 2006, respectively; and sued Salesforce.com, Inc. and E*Trade Securities, LLC in the Northern District of California in February, 2005, and September, 2005, respectively. The fact that Defendants have on two occasions chosen to file lawsuits in the Northern District of California involving related subject matter indicates Defendants' willingness to subject themselves to jurisdiction in this forum.

12. Since Plaintiff filed this action, Defendants have acknowledged in a letter dated May 1, 2006, that the First Horizon web site does not in fact infringe the '737 patent. Defendants, however, continue to allege that the Bank of America Military Bank website infringes at least the '737 patent.

13.   On May 12, 2006, Defendants filed another patent infringement litigation involving the '530 and '737 patents, this time against Lycos, Inc. in the Northern District of Illinois. *See Ablaise Ltd. and General Inventions Institute A, Inc. v. Lycos, Inc.*, 01CV2666 (N.D. Ill.).

14.   On August 28, 2006, Defendants filed an infringement litigation in the District of Delaware alleging infringement of the '737 patent by websites operated by Bank of America. *See Ablaise Ltd and General Inventions Institute A, Inc. v. Bank of America*, 1:06-CV-00530 (D. Del.). On October 10, 2006, Defendants filed a First Amended Complaint adding infringement of the '530 patent as a claim against Bank of America.

**Parties**

15.   Plaintiff FFI is a Delaware corporation with a place of business at One Sybase Drive, Dublin, CA, and doing business in this district. FFI is a wholly-owned subsidiary of Sybase, Inc.

16.   Defendant Ablaise is, on information and belief, a British corporation with its principal place of business at 40 Queen Anne Street, London, W1G9EL, United Kingdom.

17.   Defendant GIIA is, on information and belief, a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

**Jurisdiction**

18.   Plaintiff brings this civil action under the Patent Laws, Title 35 of the United States Code, and under 28 U.S.C. §§ 2201 and 2202 to obtain declaratory judgments of non-infringement, invalidity, and unenforceability with respect to the '737 patent, and non-infringement and invalidity with respect to the '530 patent.

19.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

20.   On information and belief, Defendants Ablaise and GIIA are subject to personal jurisdiction in this forum. Defendants Ablaise and GIIA have purposefully availed themselves of the privilege of doing business in California by negotiating and granting licenses with Salesforce.com, a company residing in San Francisco, CA, and Shopping.com, a company residing in Brisbane, CA, and presumably deriving income therefrom. Defendants have also initiated litigation against two California corporations, Salesforce.com, and E*Trade Securities, LLC, in the Northern District of

California in February, 2005, and September, 2005, respectively. Both litigations alleged infringement of the '530 patent and/or the parent '737 patent.

21. In addition, jurisdiction is proper in Northern District of California under Fed. R. Civ. P. 4(k)(2). The cause of action arises under federal law. Defendants Ablaise and GIIA are not subject to the jurisdiction of the courts of general jurisdiction of any particular state. Additionally, Defendants Ablaise and GIIA have at least minimum contacts with the United States because, among other things, Defendants have obtained patent rights in the United States in the form of the '737 and '530 patents, announced that they have granted licenses to a number of major United States companies under one or more patents and are presumably deriving income therefrom, entered into negotiations with United States companies to license the '737 patent and related patents, and initiated litigation against United States companies in various United States District Courts, including the Northern District of California. Furthermore, Defendant Ablaise has used U.S. counsel to send notice letters to both First Horizon and BATO falsely alleging that they infringe the '737 patent.

22. Venue is proper in this court under 28 U.S.C. § 1391(d).

**INTRADISTRICT ASSIGNMENT**

23. The San Jose Division of the Northern District of California is the proper division to hear this matter because Plaintiff does business in the San Jose division and Plaintiff has suffered injury in this Division.

**Count One:
Declaratory Judgments of Non-Infringement and Invalidity of the '737 Patent**

24. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 23 and incorporates them by reference.

25. Plaintiff does not infringe, directly, indirectly, contributorily, or otherwise, any valid and enforceable claim of the '737 patent.

26. The claims of the '737 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

27. As evidenced by the threatening letter of March 24, 2006, from counsel for Defendant Ablaise to First Horizon and the willingness of Defendants Ablaise and GIIA to initiate litigation involving the '737 and '530 patents, and owing to the indemnification provision allowing FFI to defend and settle, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

28. Plaintiff is entitled to a judgment declaring that it has not infringed any valid and enforceable claim of the '737 patent and that the '737 patent is invalid.

## Count Two
### Declaratory Judgment of Unenforceability of the '737 Patent

29. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 28 and incorporates them by reference.

30. Defendants and/or the named inventors unreasonably and inexcusably delayed prosecution of several claims, including at least claim 1 of the '737 patent, which has been specifically asserted against Plaintiff's customers, First Horizon and BATO. Numerous claims, including claim 1 of the '737 patent, were presented to the USPTO years after the filing of the original application from which the '737 patent claims priority, including many claims presented as late as February 25, 2005, which is almost nine years after the May 15, 1996, filing of U.S. Patent Application No. 08/647,769. On information and belief, Defendants and/or named inventors submitted these claims after an unreasonable and inexcusable delay in an attempt to wrongly acquire for themselves the publicly-known developments of the Plaintiff and others – developments that were made without any knowledge or reliance on the alleged invention disclosed in U.S. Patent Application No. 08/647,769.

31. The claims of the '737 patent are unenforceable pursuant to the doctrine of prosecution laches. The unreasonable and inexcusable delay of nine years in seeking and obtaining the claims of the '737 patent has caused harm to Plaintiff. This delay constitutes laches and renders the claims of the '737 patent unenforceable.

# Count Three
**Declaratory Judgments of Non-Infringement and Invalidity of the '530 Patent**

32. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 31 and incorporates them by reference.

33. Plaintiff does not infringe, directly, indirectly, contributorily, or otherwise, any valid and enforceable claim of the '530 patent.

34. The claims of the '530 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United Stated Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

35. As evidenced by the filing of the lawsuit against Bank of America in the District of Delaware, the willingness of Defendants Ablaise and GIIA to initiate litigation involving the '737 and '530 patents, and the fact that the '737 patent is a continuation of the '530 patent, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

36. Plaintiff is entitled to a judgment declaring that it has not infringed any valid and enforceable claim of the '530 patent and that the '530 patent is invalid.

## Prayer for Relief

Wherefore, Plaintiff FFI prays that this Court:

A. Declare that Plaintiff FFI and its customers, First Tennessee, First Horizon, and BATO, have not infringed any valid and enforceable claim of the '737 patent;

B. Declare the '737 patent is invalid;

C. Declare the '737 patent is unenforceable;

D. Declare that Plaintiff FFI and its customers have not infringed any valid and enforceable claim of the '530 patent;

E. Declare the '530 patent is invalid;

F. Declare this case exceptional under 35 U.S.C. § 285 and award Plaintiff their costs, disbursements, and attorney fees in connection with this action under 35 U.S.C. § 285, and any other authority deemed appropriate by the Court;

G.  Award Plaintiff any other and further relief as this Court may deem just and proper.

**<u>Demand for Jury Trial</u>**

Plaintiff demands a trial by jury on all matters properly tried by jury.

Dated: December 22, 2006                    By:     /s/Linda J. Thayer
                                                    Linda J. Thayer
                                                    FINNEGAN, HENDERSON, FARABOW,
                                                       GARRETT & DUNNER, L.L.P.
                                                    3300 Hillview Avenue
                                                    Palo Alto, California  94304-1203
                                                    Telephone:(650) 849-6600
                                                    Facsimile: (650) 849-6666

                                                    Attorneys for Plaintiff,
                                                    FINANCIAL FUSION, INC.

# EXHIBIT C

SOLUTIONS  |  TECHNOLOGY  |  CLIENTS  |  CONSUMERS  |  COMPANY



**About Yodlee**

**Press Room >>**

    Yodlee in the News
    Latest Press Release
    2004 Press Releases
    2003 Press Releases
    Older Press Releases
    Media Contacts

**Career Opportunities**

**Contact Us**

# ABOUT YODLEE

## PRESS ROOM

### Bank of America debuts 'My Bank of America'

Redwood Shores, CA -- October, 2001

Bank of America, the nation's leading provider of online financial services, today announced that it has launched My Bank of America, a new service that provides customers with integrated access to online account information and the relevant tools, content and information they need to better manage their money and simplify their lives.

The free service for Online Banking customers and clients offers the benefits of account aggregation - secure access to their online accounts with a single user ID and passcode - together with the ability to customize the site to meet their particular needs. Now available in select U.S. markets, My Bank of America will be rolled out nationwide by early 2002.

According to John Rosenfeld, Bank of America Consumer e-Commerce executive, the bank worked closely with alliance partners, Yodlee, the worldwide leader of aggregation services, and BroadVision (NASDAQ: BVSN), the leading provider of enterprise self-service applications, to ensure that the bank's increased online capabilities wouldn't translate into increased complexity for the customer.

"In working with these two technology leaders, our focus went beyond delivering individual features and functionality to enhancing the customer's overall experience on our site," said Rosenfeld. "My Bank of America is more than an 'aggregation' service; it's an 'integration' service. It allows our customers and clients to bring together their full financial picture at one safe, secure and easy-to-use site."

Once enrolled, My Bank of America will automatically aggregate the customer's existing Online Banking accounts with Bank of America and enable the customer to:

* Add banking, investment, credit card, consumer loan, mortgage and 401(k) accounts from hundreds of different institutions

* Tap into personalized stock quotes, market data and company research

* Access integrated, online content and financial planning tools



© 2006 Yodlee, Inc.

* Customize the site to meet his or her needs, preferences and interests

"Bank of America is fully leveraging aggregation technology to provide a unique service to customers," said Anil Arora, president and CEO of Yodlee. "By integrating our technology with the personalization platform developed by BroadVision and the sophisticated planning tools and content already available at bankofamerica.com, the bank has created a compelling value proposition for the consumer that will bring a whole new level of personalization and productivity to clients using the site."

Utilizing BroadVision InfoExchange Portal software and BroadVision One-To-One$^{TM}$ personalization technology, My Bank of America will continue to enhance its ability to personalize the site, presenting customers and clients with a targeted selection of products, content and messages that meet their individual needs. Personalization capabilities also will help improve page flow, simplifying navigation and making the site more relevant for the customer.

"We're extremely pleased to be working with Bank of America and Yodlee to help set a new standard for online financial services," said Chris Grejtak, chief marketing officer, BroadVision, Inc. "Together we'll be able to offer a highly personalized customer experience - delivering the right information to the right person at the right time."

Rosenfeld noted that My Bank of America employs security measures that meet all of the bank's stringent standards, and the confidentiality of customer information is protected by the Bank of America privacy policy.

"Bank of America is among the most trusted brands in the financial services industry," Rosenfeld said. "We're committed to offering innovative online solutions while protecting the privacy and security of our customers' information. Our partners, BroadVision and Yodlee, have demonstrated that they are just as committed to helping us deliver on that promise for our customers."

**About Bank of America**

Bank of America is the leading provider of online financial services, with more than 2.5 million customers actively using its Online Banking service. Microbanker, a leading source of research information on advanced technologies in financial institutions, recently ranked bankofamerica.com as the No. 1 bank Web site, noting that it offers 34 percent more online functionality than its next highest scoring competitor. Gomez.com, in its most recent scorecard, ranked the bank's online services No. 1 in customer confidence.

Bank of America stock (ticker: BAC) is listed on the New York, Pacific and London stock exchanges. The company's Web site is www.bankofamerica.com. News, speeches and other corporate information may be found at www.bankofamerica.com/newsroom.

### About Yodlee

Yodlee is the trusted leader in providing compelling financial solutions that increase profitability by leveraging Yodlee's industry-leading Aggregation Platform. Yodlee's patented aggregation technology powers and enhances a multitude of online financial offerings, including Personal Finance solutions (OnCenter Suite), EBPP solutions (BillDirect), Wealth Management solutions (AdvisorView), and Risk Management solutions (Instant Account Verification).

Yodlee operates in the U.S., U.K., Australia, and Japan, and has amassed more than five million users, over $180 billion aggregated across its network, and more than 150 clients, including the world's top financial institutions and portals: American Express, AOL, Bank of America, Citibank, Fidelity, JPMorgan Chase, Merrill Lynch, MSN, and Wachovia. Yodlee is headquartered in Redwood City, California.

### For More Information Contact:

Thomas Wagenbrenner
Senior Director, Marketing
Yodlee, Inc.
650-980-3724
thomasw@yodlee.com