IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABLAISE LTD. and GENERAL INVENTORS INSTITUTE A, INC.,

Plaintiffs,

v.

BANK OF AMERICA CORPORATION,

Defendants.

C.A. No. 06-530-SLR

**DEFENDANT BANK OF AMERICA CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Nagendra Setty
Douglas Bridges
Fish & Richardson P.C.
1180 Peachtree St., NE, 21st. Fl.
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

David M. Barkan
Craig R. Compton
Jonathan J. Lamberson
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant
BANK OF AMERICA CORPORATION

**Dated:** February 20, 2007

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................1

II. STATEMENT OF FACTS ..........................................................................2

III. ARGUMENT...........................................................................................3

A. Ablaise Will Not Be Unfairly Prejudiced By A Stay In This Litigation.............................................................................4

B. Ablaise's Arguments About Direct Versus Indirect Infringement Are Contradictory And Irrelevant ..................................7

C. The Presence Of Additional "Potentially" Infringing Features Should Not Impact This Motion To Stay ...............................9

IV. CONCLUSION.......................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*America Academy of Sci. v. Novell, Inc.*,
24 U.S.P.Q. 2d 1386 (N.D. Cal. 1992) ............................................................8

*Cognex Corp. v. National Instruments Corp.*,
2001 U.S. Dist. LEXIS 25555 (D. Del. June 29, 2001)....................................4

*Dentsply International, Inc. v. Kerr Manufacturing Co.*,
734 F. Supp. 656 (D. Del. 1990)..........................................................................8

*Glenayre Electric, Inc. v. Jackson*,
443 F.3d 851 (Fed. Cir. 2006)...................................................................6, 7, 8

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990)...........................................................................9

*Kerotest Manufacturing Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952)..............................................................................................8

*Mitsubishi Electric Corp. v. IMS Tech., Inc.*,
1996 U.S. Dist. LEXIS 12239 (N.D. Ill. August 21, 1996)..............................8

*Zemel Brothers, Inc. v. Dewey Electric Corp.*,
218 U.S.P.Q. 722 (N.D.N.Y. 1982) ..................................................................8

## I. INTRODUCTION

Plaintiff Ablaise has now made four different infringement allegations against the Bank of America website in the five months since it filed its complaint. Ablaise raised each new contention at critical junctures, whenever the fate of its case against Bank of America appeared to be in jeopardy. Ablaise originally identified only one allegedly infringing feature of the Bank of America website – "militarybank." After Financial Fusion filed a declaratory judgment complaint against Ablaise (four months before Ablaise filed this suit), Ablaise manufactured a second infringement contention on the same day that it filed a motion to dismiss the Financial Fusion litigation, accusing the "My Portfolio" feature of infringement. When faced with Financial Fusion's motion to add the '530 patent to its case, Ablaise manufactured a third infringement contention, arguing that the only claim arising under the '530 patent had to do with the "mbnanetaccess.com" portion of the Bank of America website. Finally, when confronted with Bank of America's motion to stay, Ablaise crafted a fourth infringement allegation, this time accusing the "Bill Pay" feature of the Bank of America website of infringement.

Ablaise now asks this Court to deny Bank of America's Motion to Stay, claiming that it would be unfairly prejudiced by any delay in this litigation. Ablaise, however, fails to identify what that prejudice is. It cannot credibly claim that it will incur additional expense, because allowing duplicative litigation to go forward would be far more expensive for Ablaise, for the manufacturers, for Bank of America and for the judicial system as a whole. Ablaise cannot claim that its business will be harmed – Ablaise makes no products and has no customers. Ablaise cannot argue that it will be burdened by litigating in California because it is already litigating there, and will need to conduct third party discovery regardless of the outcome of this motion. Ablaise raises an argument about the need to pursue direct as opposed to indirect infringers, but its

argument is confusing, internally contradictory, irrelevant, and does not outweigh the factors in favor of staying this litigation. Finally, the presence of other alleged "potential" infringing features is simply too little too late. All of the factors in this case weigh in favor of staying this lawsuit. The two manufacturers should be allowed to resolve Ablaise's infringement allegations against their products, and Bank of America's Motion to Stay should be granted.

## II. STATEMENT OF FACTS

Ablaise sent a letter to Bank of America on February 6, 2006, alleging that the "militarybank" portion of the Bank of America website infringed the '737 patent. [Marden Decl.[1], Ex. D.] This was Ablaise's first infringement allegation. Financial Fusion, the manufacturer of the accused "militarybank" feature, was the first to file litigation. It brought suit in the Northern District of California on April 6, 2006, seeking a declaration that the "militarybank" feature does not infringe the '737 patent. [Marsden Decl., Ex. A.]

On July 26, 2006, Ablaise moved to dismiss the Financial Fusion complaint on the grounds that the court lacked jurisdiction because Ablaise had never directly threatened Financial Fusion. [Marsden Decl., Ex. F.] That motion was denied. [Marsden Decl., Ex. H.] Also on July 26, Ablaise sent a second letter to Bank of America, this time accusing the "My Portfolio" feature of infringing the '737 patent. [Marsden Decl., Ex. I.] This was Ablaise's second infringement allegation.

On August 28, 2006, Ablaise filed this suit against Bank of America in Delaware alleging infringement of the '737 patent. [D.I. 1.] On October 10, 2006, Ablaise added the '530 patent to this suit. [D.I. 6.]

On November 2, 2006, Financial Fusion moved for leave to add the '530 patent to its suit against Ablaise in California. [Marsden Decl., Ex. B.] On November 21, 2006,

---

1 All references to the "Marsden Decl." refer to the Declaration of William J. Marsden, Jr., in Support of Defendant Bank of America Corporation's Motion To Stay, D.I. 12.

Ablaise opposed that motion, alleging that the only claim against Bank of America under the '530 patent had to do with the "mbnanetaccess.com" portion of the Bank of America website. [Compton Decl.[2], Ex. A.] This was Ablaise's third infringement allegation. Financial Fusion's motion for leave to amend its complaint to add the '530 patent was granted on December 15, 2006. [Marsden Decl., Ex. K.]

On November 21, 2006, Yodlee (the manufacturer of accused "My Portfolio" feature of the Bank of America website) filed its own declaratory judgment complaint in the Northern District of California against both the '530 and '737 patents. [Marsden Decl., Ex. C.] On February 5, 2007, Ablaise answered that complaint, bringing counterclaims of infringement against Yodlee on both the '530 and '737 patents. [Compton Decl., Ex. B.]

On December 15, 2006, the Yodlee and Financial Fusion litigations were related in an order by Magistrate Judge Patricia V. Trumbull. [Marsden Decl., Ex. K.] Ablaise filed a declination to proceed before a magistrate, and the two cases were subsequently assigned to Judge Saundra Armstrong Brown in the Northern District of California, where they are currently pending. [Compton Decl., Ex. C & D.]

Finally, on January 25, 2007, Ablaise filed its opposition to this motion, alleging for the first time that the "Bill Pay" feature of the Bank of America website "potentially" infringes the '530 and '737 patents. [D.I. 17 at 5.] This was Ablaise's fourth infringement contention in the five months that this case had been on file.

## III. ARGUMENT

Ablaise raises three arguments in response to Bank of America's Motion to Stay. First, Ablaise argues that Bank of America's website contains features unrelated to Financial Fusion and Yodlee that "may also infringe the two patents in suit." [D.I. 17 at 1.] Second, Ablaise argues that Federal Circuit precedent states that "it is reversible error

---

2 All references to the "Compton Decl." refer to the Declaration of Kyle W. Compton in Support of Bank of America's Reply Brief on its Motion to Stay.

to stay a patentee from litigating a suit against a direct infringer in preference of a suit concerning a manufacturer or supplier that is a contributory infringer." [*Id*.] Finally, Ablaise argues that it would be unfairly prejudiced by staying this litigation. [*Id*. at 3.] These arguments are factually and legally unsound: all of the factors in this case weigh in favor of staying this litigation pending the resolution of the two manufacturers' suits.

**A. Ablaise Will Not Be Unfairly Prejudiced By A Stay In This Litigation**

Ablaise's primary argument is that this Court should deny Bank of America's Motion to Stay because, "the undue prejudice to Ablaise outweighs any competing interests." [D.I. 17 at 3.] Ablaise, however, fails to identify what those competing interests are, and cannot identify any valid concerns that justify going forward with this suit against Bank of America.

Ablaise cites *Cognex Corp. v. Nat'l Instruments Corp*., 2001 U.S. Dist. LEXIS 25555 (D. Del. June 29, 2001), for the proposition that, "[o]ne critical factor in evaluating a stay is 'whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-movant.'" [D.I. 17 at 3-4.] *Cognex*, unlike the present case, provides a good example of the types of considerations that a court should consider when determining a motion to stay. The non-movant in Cognex cited a number of valid concerns, including the added expense necessarily caused by delaying an action that was close to trial, the ability of Cognex to "hold the specter of litigation over National Instruments and its customers," and Cognex' prejudicial delay in requesting a stay based on prior art it had in its own possession years before suit was filed. 2001 U.S. Dist. LEXIS 25555 at *3.[3] No similar concerns are present in this case.

First, Ablaise will incur no additional expense if this litigation is stayed. Ablaise already will be litigating the first-filed Financial Fusion litigation in California – indeed, staying this litigation will likely save Ablaise from unnecessary additional expenses

[3] *Cognex* was an unusual case in that the patentee sought a reexamination of its own patent three weeks before the close of discovery with prior art it possessed years before litigation was filed. 2001 U.S. Dist. LEXIS 25555 at *2; *Id*. at *7 n.2.

caused by duplicative litigation. On the other hand, failure to stay this action will result in additional expenses for Ablaise, for Bank of America, for the two manufacturers (Yodlee and Financial Fusion), and for the judicial system as a whole. All three cases will need to engage in parallel discovery. The parties will need to retain experts and craft non-infringement and invalidity defenses implicating the same patents and prior art, and will need to conduct the same types of motion practice, including Markman hearings and summary judgment motions. These expenses are all the more onerous given that the two manufacturers have agreed to indemnify Bank of America, which means they will pay much of the costs of this duplicated effort. [D.I. 13 at ¶ 2; D.I. 14 at ¶ 4.] Judicial resources will also be wasted unnecessarily because this Court will need to duplicate the same work required in the consolidated manufacturer cases in the Northern District of California. Consequently, the cost factor in this case clearly weighs in favor of staying this litigation.

Second, there is no threat to Ablaise's customers because Ablaise has no customers. A claim of prejudice on a motion to stay would typically include some allegation of harm to ongoing business (such as the threat to customers identified in *Cognex*), but Ablaise cannot allege any such harm here because Ablaise has no business other than licensing its patents. That business will not be harmed by a stay because any damages award (i.e., a reasonable royalty, plus any appropriate interest) will be calculated at the time of trial.

Third, there can be no claim that Bank of America or the manufacturers delayed in bringing suit, or in bringing this Motion to Stay. As Bank of America pointed out in its opening brief, this case and the California manufacturers' suits are at their very earliest stages. Any delay in staying this litigation only increases the risk of duplicated efforts and wasted judicial resources. Consequently, the timing of Bank of America's motion strongly weighs in favor of staying this litigation at its earliest stages.

Fourth, Ablaise argues that the fact that Bank of America is not a party to the California cases will prejudice Ablaise because, "Ablaise will have a more difficult time conducting discovery if it is forced to issue third-party subpoenas against Bank of America," and because Bank of America has not agreed to be bound by the California manufacturer suits. With respect to discovery, Ablaise has the power to subpoena documents and deposition testimony from Bank of America, and has not articulated how its attempts to obtain discovery from Bank of America in this manner will be compromised in any way. Indeed, this argument weighs in favor of a stay, because in this litigation Ablaise will need to seek third party discovery to both manufacturers in order to discover how their allegedly infringing products work. The technical discovery Ablaise needs from the manufacturers will likely be more extensive than the discovery it needs from Bank of America.

Fifth, Ablaise's alleged concern about the effect of any judgment that may be entered in the manufacturers' suits is pure form over substance. If Ablaise obtains damages against Yodlee and Financial Fusion in the California actions based on, among other things, products and services delivered to Bank of America, Ablaise cannot attempt to obtain damages for those same sales from Bank of America. A patentee only gets damages once for a particular infringing product or use. *See Glenayre Elec., Inc. v. Jackson*, 443 F.3d 851, 873 (Fed. Cir. 2006) (holding that a single damages award fully compensates patentee for direct infringement by manufacturer, direct infringement by manufacturer's customers, and indirect infringement by manufacturer). As a practical matter, because the manufacturers are indemnifying their customer Bank of America, a judgment against the manufacturers in California almost certainly will lead to a total resolution of Ablaise's claims with respect to all uses of the manufacturer's products by any customer.

Finally, it bears mentioning that if this Court examines the numerous cases filed by and against Ablaise over these two patents, it will see that none of those cases has ever

progressed to a Markman hearing, none has ever had any ruling on summary judgment, and none has come anywhere close to trial. [Marsden Decl., Ex. E.] The fact that none of these previous cases have progressed to any type of judgment (or even to a claim construction) sheds doubt on Ablaise's stated concerns about "delay." For all of these reasons, this case should be stayed pending the outcome of the two manufacturers' suits.

### B. Ablaise's Arguments About Direct Versus Indirect Infringement Are Contradictory And Irrelevant

Ablaise argues that "the substantive difference between claims of contributory infringement and inducement against Yodlee and Financial Fusion means the California suits will not resolve the issues in this case." [D.I. 17 at 5.] Ablaise appears to be arguing that because some of its claims are method claims, Bank of America may be a direct infringer, and that this action should therefore proceed despite the manufacturer litigations.

First, Ablaise's allegations of direct versus indirect infringement are internally inconsistent. Ablaise on the one hand argues that Yodlee and Financial Fusion are indirect infringers while Bank of America is a direct infringer. [*Id.*] Ablaise then says that it, "reserves the right to prove that Yodlee and Financial Fusion are direct infringers." [*Id.* at n.2.] Finally, Ablaise suggests that both Bank of America and the manufacturers provide parts of an infringing system, which would make all of them indirect infringers. [*Id.* at 6.] This internal inconsistency, together with Ablaise's shifting infringement theories, suggests that Ablaise has no coherent infringement theory. Ablaise is simply engaging in a fishing expedition, which should not be sufficient to avoid a stay.

Second, there is no per-se rule that a customer suit must be allowed to proceed when claims of direct infringement are involved. Although there have been cases where courts have considered the nature of the infringement allegation as one factor in deciding a motion to stay, this Court has considerable discretion in deciding whether or not to stay

this case. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952) ("an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts"). The nature of the infringement allegation as direct versus indirect may be relevant, for example, when the alleged direct infringer competes with the patentee in the same marketplace, or when the customer is the sole vendor of the allegedly infringing product. *See, e.g., Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F.Supp. 656, 660 (D. Del. 1990) ("A patentee…has a 'special interest' in proceeding against a customer when…the customer is the sole vendor of the product"). No such "special interests" are present here.

Ablaise does not compete with Bank of America. Bank of America is simply using products that Yodlee and Financial Fusion supplied and developed. Ablaise has threatened other customers of these two companies for their use of these same products. [D.I. 13 at ¶ 4; D.I. 14 at ¶ 5.] Ablaise can obtain the same monetary recovery from either a direct or an indirect infringer. *See Glenayre*, 443 F.3d at 858-89 ("where a patentee alleges that a manufacturer contributes to and induces infringement by its customers simply because it sells infringing products to its customers, damages assessed for indirect infringement normally will be the same as damages that would be assessed had the patentee sued and obtained a judgment against the customers"). Whether Bank of America's alleged infringement is direct or indirect should have no impact on whether a stay is appropriate.

Finally, it is important to note that all of the cases that Ablaise cites to support the proposition that customer suits should not be stayed involve cases where the manufacturer filed a later suit. *See, e.g., Am. Acad. of Sci. v. Novell, Inc.*, 24 U.S.P.Q.2d 1386 (N.D. Cal. 1992); *Mitsubishi Elec. Corp. v. IMS Tech., Inc.*, 1996 U.S. Dist. LEXIS 12239 (N.D. Ill. August 21, 1996); *Zemel Bros., Inc. v. Dewey Elec. Corp.*, 218 U.S.P.Q. 722 (N.D.N.Y. 1982). Here, Financial Fusion was the first to file suit. Under these circumstances, a stay is appropriate and Bank of America's motion should be granted.

### C. The Presence Of Additional "Potentially" Infringing Features Should Not Impact This Motion To Stay

As a final argument, Ablaise claims that it has "an entirely separate interest in litigating against Bank of America because Bank of America's website includes features…that **potentially** infringe the '530 and '737 patents." [D.I. 17 at 5 (emphasis added).] Ablaise states that, "[i]t is **possible**, depending on claim construction, that this functionality infringes the '530 and '737 patents." [*Id.* (emphasis added).]

At some point, this Court must say enough is enough. The Federal Rules establish a liberal standard, but there are limits to the allegations Ablaise can make: limits imposed both by the language of Ablaise's patents and by Rule 11. Ablaise's charge that Bank of America's website "potentially" and "possibly" infringes do not satisfy the standard, and certainly are not sufficient to warrant ignoring the California manufacturer litigations.

Even if these unsupported allegations have merit, this Court should wait for Ablaise to resolve its first two infringement allegations before moving on to Ablaise's more speculative theory of infringement. The Federal Circuit has noted that it is not a requirement that the manufacturer suit resolve each and every claim. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (upholding stay despite the fact that there may be "additional issues" involved in the customer suit). In this respect, a stay would be similar to bifurcation: Ablaise can pursue its first and second infringement theories in California. Ablaise has apparently abandoned its third theory, as it has not raised it at all in this action. Ablaise's fourth theory can wait until another day. As argued above, there is simply no prejudice to Ablaise from such an approach, and Bank of America's Motion to Stay should be granted.

## IV. CONCLUSION

The balance of interests strongly weigh in favor of staying this litigation pending the outcome of the two manufacturers' suits.[4]

Dated: February 20, 2007

FISH & RICHARDSON P.C.

By: */s/ William J. Marsden, Jr.*

William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Attorneys for Defendant
BANK OF AMERICA CORPORATION

[4] For the reasons set forth above, Bank of America believes that this action should be stayed pending the outcome of the two manufacturers' suits. If the Court concludes that a stay is not appropriate, however, Bank of America respectfully requests that the Court transfer this action to the location of the first filed suit: the Northern District of California. Ablaise appears to agree to consolidation its opposition brief. [D.I. 17 at 9 ("it is possible that the cases should be consolidated in one forum or another").] Consolidating all three actions in one forum would conserve judicial resources and the resources of the parties by avoiding the litigation of separate, overlapping cases in courts on opposite sides of the country.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2007, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

Thomas C. Grimm
MORRIS, NICHOLS, ARSHT
& TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on February 20, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Thomas G. Scavone
Matthew G. McAndrews
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison Street, Suite 4600
Chicago, IL 60602

*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr.