IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABLAISE LTD. and General INVENTORS INSTITUTE A, INC., | |
| Plaintiffs, | |
| v. | C.A. No. 06-530-SLR |
| BANK OF AMERICA CORPORATION, | |
| Defendants. | |

## DECLARATION OF KYLE WAGNER COMPTON IN SUPPORT OF DEFENDANT BANK OF AMERICA CORPORATION'S REPLY BRIEF ON ITS MOTION TO STAY

I, Kyle Wagner Compton, declare as follows:

1.      I am an attorney at Fish & Richardson P.C., counsel of record in this action for Defendant Bank of America Corporation ("Bank of America").  I am a member of the Bar of the State of Delaware and of this Court.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.      Attached hereto as Exhibit A is a true and correct copy of Defendants Ablaise and General Inventions' Opposition to Plaintiff's Motion For Leave to File A Second Amended Complaint filed on November 21, 2006, in the Northern District of California in *Financial Fusion, Inc. v. Ablaise Ltd. and General Inventions Institute A, Inc.*.

3.      Attached hereto as Exhibit B is a true and correct copy of Defendants' Answer to Plaintiff's Complaint, Counterclaims, and Jury Demand filed on February 5, 2007, in the Northern District of California in *Yodlee, Inc. v. Ablaise Ltd. and General Inventors Institute A., Inc.*.

4.    Attached hereto as Exhibit C is a true and correct copy of the Reassignment Order filed on January 22, 2007, in the Northern District of California in *Yodlee, Inc. v. Ablaise Ltd., et al.*

5.    Attached hereto as Exhibit D is a true and correct copy of the Reassignment Order filed on January 22, 2007, in the Northern District of California in *Financial Fusion, Inc. et al. v. Ablaise Ltd., et al.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of February, 2007, at Wilmington, Delaware.


 */s/ Kyle Wagner Compton*
Kyle Wagner Compton

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 20th day of February, 2007, I electronically filed with

the Clerk of Court **DECLARATION OF KYLE WAGNER COMPTON IN**

**SUPPORT OF DEFENDANT BANK OF AMERICA CORPORATION'S REPLY**

**BRIEF ON ITS MOTION TO STAY** using CM/ECF which will send electronic

notification of such filing(s) to the following Delaware counsel.  In addition, the filing

will also be sent via hand delivery:

      Thomas C. Grimm
      MORRIS, NICHOLS, ARSHT & TUNNELL
      1201 N. Market Street
      P.O. Box 1347
      Wilmington, DE  19899-1347

I hereby certify that on this 20th day of February, 2007, I have mailed by United

States Postal Service, the document(s) to the following non-registered participants:

      Thomas G. Scavone
      Matthew G. McAndrews
      NIRO, SCAVONE, HALLER & NIRO
      181 W. Madison Street, Suite 4600
      Chicago, IL  60602

                                       */s/ Kyle Wagner Compton*
                                       Kyle Wagner Compton (#4693)

80042043.doc

# Exhibit A

MARTIN L. FINEMAN (California State Bar No. 104413)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, 8th Floor
San Francisco, California  94111
Telephone:     (415) 276-6500
Facsimile:      (415) 276-6599
E-Mail:         martinfineman@dwt.com

THOMAS G. SCAVONE, Member of the N.D. Cal. Bar
MATTHEW G. MCANDREWS, Admitted Pro Hac Vice
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax:    (312) 239-3137
E-Mail: scavone@nshn.com
         mmcandrews@nshn.com

Attorneys for Defendants
ABLAISE LTD. and GENERAL
INVENTIONS INSTITUTE A, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC. | Case No. C 06-02451-PVT |
| Plaintiff, | |
| v. | **DEFENDANTS ABLAISE AND GENERAL INVENTIONS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC., | |
| Defendants. | Date:  December 12, 2006<br>Time:  10:00 a.m.<br>Judge:  The Honorable Patricia V. Trumbull |

I.     **INTRODUCTION**

By motion filed November 2, 2006, plaintiff Financial Fusion, Inc. ("FFI") seeks leave to

file a Second Amended Complaint against defendants Ablaise Ltd. and General Inventions

Institute A, Inc. (collectively, "Ablaise") to add counts for declaratory relief concerning the

DAVIS WRIGHT TREMAINE LLP

1

1    validity and infringement of Ablaise's U.S. Patent No. 6,295,530 ("the '530 patent"). As the

2    record now stands, however, there is no subject matter jurisdiction to support FFI's sought claim

3    for declaratory relief. Defendants have not accused FFI of infringing the '530 patent. Nor, by its

4    own admission, does FFI have any connection to the websites of its customer, Bank of America,

5    which have been accused of infringing the '530 patent. The parties do not dispute these issues.

6       Because there is no actual controversy between FFI and Ablaise concerning the validity

7    and infringement of the '530 patent, the amendment FFI seeks would be futile. The futility of

8    FFI's proposed amended claims is dispositive of the issue at bar. As a matter of law, FFI's motion

9    should be denied for lack of subject matter jurisdiction over declaratory judgment claims

10    concerning the '530 patent.

11   **II.**    <u>**RELEVANT FACTS**</u>

12       On February 6 and February 7, 2006, Ablaise sent letters to Bank of America and First

13    Horizon, respectively, notifying these banks that their websites infringe claims of Ablaise's U.S.

14    Patent No. 6,961,737 ("the '737 patent"). Ablaise was unaware when it sent these notice letters,

15    but has since learned, that FFI provided website design services to Bank of America and First

16    Horizon. On April 6, 2006, FFI filed this declaratory judgment action against Ablaise for the

17    alleged purpose of defending its customers, Bank of America and First Horizon, pursuant to an

18    indemnification agreement against patent infringement claims by Ablaise.

19       In materials that accompanied Ablaise's initial notice letter to Bank of America, and in

20    correspondence and telephone conversations with Bank of America and FFI since April 6, 2006,

21    Ablaise has identified two specific sections of Bank of America websites that infringe the '737

22    patent, namely the "Financial News" section of the bank's <u>militarybankonline.bankofamerica .com</u>

23    site and the "My Portfolio" section of the bank's <u>allmyaccounts.bankofamerica.com</u> site. *See*

24    Declaration of Thomas G. Scavone ("Scavone Decl."), ¶ 1, Ex. A, T. Scavone letter to L. Thayer,

25    5/1/2006 (identifying "Financial Page" facility of Bank of America/Military Bank site as

26    infringing the '737 patent); Scavone Decl., ¶ 2, Ex. B, T. Scavone letter to M. Springs, 7/26/2006

27    (identifying "My Portfolio" facility of <u>allmyaccounts.bankofamerica.com</u> site as infringing the

28    '737 patent); Scavone Decl., ¶ 4.

DAVIS WRIGHT TREMAINE LLP

Over the course of Ablaise's dealings with FFI, FFI has given the impression – and Ablaise has assumed – that FFI, as a service provider or supplier, was only responsible for design or development work associated with a single Bank of America website, the Bank of America/Military Bank site (i.e., the underlined militarybankonline.bankofamerica.com site).  *See* Scavone Decl. ¶ 3.  On November 17, 2006, counsel for FFI confirmed Ablaise's understanding in this regard, acknowledging that, to the best of plaintiff's counsel's knowledge, FFI has performed design, development and/or service work only in connection with the Bank of America/Military Bank website.  *See* Declaration of Matthew G. McAndrews ("McAndrews Decl."), ¶ 1.  Based on its analysis to date, Ablaise has not identified the Bank of America/Military Bank website as, or accused the site of, infringing the '530 patent.  Thus, to the extent Ablaise has any justiciable controversy with FFI, that controversy is necessarily limited to the Bank of America/Military Bank website's infringement of *the '737 patent*.

On the correct understanding and assumption that it has independent and distinct legal claims against Bank of America that are unrelated to FFI, Ablaise filed suit against Bank of America in the District Court of Delaware on August 28, 2006.  Subsequently, after further review of Bank of America's websites by Ablaise's technical and legal teams, Ablaise identified a third Bank of America website, mbnanetaccess.com,[1] which infringes the '530 patent.  On October 10, 2006, Ablaise amended its complaint in the Delaware action as a matter of right to include a claim of infringement of the '530 patent against Bank of America.  As stated, Ablaise has not alleged that the Military Bank website – the sole Bank of America site having any relationship to FFI – infringes the '530 patent.

FFI alleges that it filed the instant declaratory judgment action to defend Bank of America against Ablaise's patent infringement claims pursuant to an indemnification agreement.  FFI's Mem. in Support of Mot. for Leave to File 2nd Amend. Complaint at 1.  However, FFI has offered no evidence – and it is implausible – that its indemnity agreement with Bank of America requires or allows FFI to defend Bank of America against claims having no relationship to FFI, such as Ablaise's claim in the Delaware action that Bank of America's mbnanetaccess.com website

---

[1] MBNA is a subsidiary of Bank of America.

DAVIS WRIGHT TREMAINE LLP

infringes the '530 patent.  Regardless of its terms, the indemnity agreement cannot confer subject matter jurisdiction where, as here, there is no controversy between FFI and Ablaise concerning the '530 patent, let alone infringement of the '530 patent by a website to which FFI has no relationship.

## III.    THERE IS NO LEGAL BASIS FOR FFI'S SOUGHT AMENDMENT

To prevail on its Motion for Leave to File a Second Amended Complaint, FFI must satisfy the Ninth Circuit's standard for amendment under Federal Rule of Civil Procedure 15(a) and, as with any other claims, demonstrate that there is subject matter jurisdiction over its proposed claims for declaratory judgment of non-infringement and invalidity of the '530 patent.  Because the undisputed facts reveal that there is no controversy between FFI and Ablaise concerning the '530 patent, FFI cannot satisfy either standard, and its motion must be denied.

### A.    Amendment Should Be Denied Because The Sought Claims Are Futile

Despite the liberal amendment standards of Rule 15(a), Ninth Circuit law requires that a motion to amend be denied if the amendment would be futile.  *See Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).  An amendment is futile if a claim's defeat on summary judgment would be inevitable.  *Roth*, 942 F.2d at 628-29.  It follows that, as here, an amendment is futile if there is no subject matter jurisdiction over the proposed amended claims.

In the case at bar, the undisputed record demonstrates that Ablaise's claim for infringement of its '530 patent in the Delaware action has nothing to do with FFI.  FFI has affirmatively acknowledged that it was not involved in the "design, development or servicing" of the mbnanetaccess.com website – the only Bank of America website identified to date as infringing the '530 patent.  McAndrews Decl., ¶ 1; Scavone Decl., ¶ 4.  Notably, FFI fails to address whether its declaratory judgment claim for non-infringement of the '530 patent is not futile.  Instead, FFI leapfrogs that part of the analysis and argues that it "seeks leave to add a claim of invalidity of the '530 Patent on the basis of prior art of which it has become aware."  FFI's Mem. at 6.  Without an actual controversy concerning the *infringement* of the '530 patent, however, FFI has no basis to challenge the validity of the patent.  A contrary rule would allow any party to bring a declaratory judgment claim challenging the validity of any patent at any time.  That is not the law.  *See, e.g.,*

4

FINANCIAL FUSION v. ABLAISE LTD, ET AL                                             SFO 352843v1 67939-3
Case No. C 06-02451-PVT  OPP. TO MTN TO FILE SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP

1   *Medimmune, Inc. v. Genentech, Inc.*, 427 F.3d 958, 964 (Fed. Cir. 2005) (holding that the

2   Declaratory Judgment Act requires a "definite and concrete controversy" concerning patent

3   infringement and that "the district court did not err in holding that [the declaratory judgment

4   plaintiff], since under no threat of apprehension or suit, did not have standing to bring a

5   declaratory challenge to the [patent-in-suit]").

6          In its brief, FFI makes much of the fact that the '530 patent is the "parent" of the '737

7   patent, the latter of which is, at least in part, at issue in the case at bar.  FFI's Mem. at 1, 5-6.  FFI

8   appears to argue that because the Court has ruled that it has subject matter jurisdiction over some

9   of Ablaise's claims for infringement of the '737 patent it follows that there is subject matter

10  jurisdiction over FFI's declaratory judgment claim concerning invalidity of the parent '530 patent.

11  This argument, too, is contrary to the law.  Courts are not only to apply the "actual controversy"

12  analysis on a patent-by-patent basis, but also on a "claim-by-claim" basis with respect to a patent-

13  in-suit.  *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984) (the

14  existence of a case or controversy is evaluated on a "'claim-by-claim' basis"); *see also Carroll*

15  *Touch, Inc. v. Electro Mechanical Sys., Inc.*, 15 F.3d 1573, 1581 n.8 (Fed. Cir. 1993).  Thus, the

16  fact that the '530 patent is the parent of the '737 patent is irrelevant to the present jurisdictional

17  analysis.  The relevant inquiry is whether there is an actual controversy between FFI and Ablaise

18  concerning the infringement of the '530 patent.

19          **B.      There Is No Actual Controversy Concerning The '530 Patent**

20          FFI bears the burden of demonstrating that there is an "actual controversy" under the

21  Declaratory Judgment Act, 28 U.S.C. §2201.  *Teva Pharmaceuticals USA, Inc. v. Pfizer Inc.*, 395

22  F.3d 1324, 1331 (Fed. Cir. 2005).  Specifically, FFI must demonstrate both:

23          (1) an explicit threat or other action by the patentee which creates a reasonable

24          apprehension on the part of the declaratory judgment plaintiff that it will face an

25          infringement suit, and (2) present activity by the declaratory judgment plaintiff

26          which could constitute infringement or concrete steps taken by the declaratory

27          judgment plaintiff with the intent to conduct such activity.

28  *Teva Pharmaceuticals*, 395 F.3d at 1330 (citing *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172

DAVIS WRIGHT TREMAINE LLP

F.3d 852, 855 (Fed. Cir. 1999)).

The analysis begins and ends with FFI's admission that it has no connection to the Bank of America website accused by Ablaise of infringing the '530 patent in the Delaware action. Ablaise has not alleged infringement of the '530 patent in the instant action, and the parties have not discussed infringement of the '530 patent by any website other than the one at issue in the Delaware action. FFI does not have a dog in the Delaware fight. FFI's motion asks the Court to create a controversy where none exists. The Court should decline to do so by denying FFI's motion.

As discussed, there is no justiciable controversy between the parties concerning the '530 patent. Instead, Ablaise has properly brought its separate and distinct legal claims against Bank of America, the party that, on this record, is solely responsible for infringing the '530 patent. However, even if the Court determined that a controversy did exist, it should exercise its "substantial discretion" by declining jurisdiction. *See, e.g., Teva Pharmaceuticals*, 395 F.3d 1324, 1331 (Fed. Cir. 2005) ("Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has *substantial discretion* to decline that jurisdiction." (emphasis added). Two out of three of the accused websites in this and the Delaware actions have no relationship to FFI. Ablaise should be able to pursue claims concerning those two websites against Bank of America in the Delaware action, rather than in the Northern District of California against FFI.

## IV.    CONCLUSION

For the foregoing reasons, Ablaise respectfully submits that FFI's Motion for Leave to File a Second Amended Complaint should be denied.

Dated: November 20, 2006.          Respectfully Submitted,

 /s/ Martin L. Fineman
Martin L. Fineman
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Ste. 800
San Francisco, California 94111-3834
Phone: (415) 276-6500
Fax:   (415) 276-6599
E-Mail: martinfineman@dwt.com

DAVIS WRIGHT TREMAINE LLP

6

FINANCIAL FUSION v. ABLAISE LTD, ET AL                                              SFO 352843v1 67939-3
Case No. C 06-02451-PVT   OPP. TO MTN TO FILE SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas G. Scavone
Matthew G. McAndrews
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax:     (312) 239-3137
E-Mail: scavone@nshn.com; mmcandrews@nshn.com

Attorneys for Defendants
ABLAISE LTD. and GENERAL
INVENTIONS INSTITUTE A, INC.

7

# Exhibit B

MARTIN L. FINEMAN, California State Bar No. 104413
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, California 94111-6533
Phone: (415) 276-6500
Fax:  (415) 276-6599
E-mail:  martinfineman@dwt.com

THOMAS G. SCAVONE, Member of the N.D. Cal. Bar
MATTHEW G. MCANDREWS, Admitted Pro Hac Vice
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax:    (312) 239-3137
E-Mail: scavone@nshn.com
          mmcandrews@nshn.com

Attorneys for Defendants
ABLAISE LTD. and GENERAL
INVENTIONS INSTITUTE A, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| YODLEE, INC., | Case No.  C 06 7222 SBA |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS, AND JURY DEMAND** |
| v. | |
| ABLAISE LTD. and GENERAL INVENTORS INSTITUTE A, INC. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Defendants"), answer the Complaint of Plaintiff, Yodlee, Inc. ("Plaintiff"), as follows:

## INTRODUCTION AND BACKGROUND

1.      Yodlee, Inc. ("Yodlee") hereby brings this action for declaratory judgment against Ablaise Ltd. ("Ablaise") and General Inventors Institute A, Inc. ("GIIA"). Specifically, Yodlee

1

seeks, among other things, declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No. 6,961,737 ("the '737 patent"), titled "Serving Signals," and declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No. 6,295,530 ("the '530 patent"), titled "Internet Service of Differently Formatted Viewable Signals Including Commands for Browser Execution."

**RESPONSE:**

   Admitted.


   2.   Yodlee is a software company that was founded by four software engineers who invented a new technology that collects personal information from various sites throughout the Internet so that the information can be presented to an end user in one location. Although Yodlee itself is hardly a household name, its patented software has been adopted by dozens of well-known financial institutions, such as Bank of America and Compass Bank. Yodlee has 20 United States patents and more than 35 pending U.S. applications related to its data aggregation technology.

**RESPONSE:**

   Defendants lack sufficient information with which to form a belief as to the truth of the

averments in paragraph 2 and therefore deny the same.


   3.   Upon information and belief, Ablaise is a patent holding company that makes no products and whose principal business is licensing and enforcing patents. GIIA and Ablaise claim to collectively own the '737 and '530 patents at issue in this suit. The '737 patent purports to be a continuation of the '530 patent.

**RESPONSE:**

   Defendants admit that they claim ownership of the '737 and '530 patents at issue in this

suit and that the '737 patent is a continuation of the '530 patent.   Denied as to the remaining

averments in paragraph 3.


   4.   On or about July 26, 2006, counsel for Ablaise sent a letter to Bank of America alleging that the "My Portfolio" facility of the Bank of America web site "practice[s] the method recited in claim 1 of the '737 patent." This letter included a purported "infringement analysis," which compared screenshots from Bank of America's website to Claim 1 of the '737 patent. This letter also referred Bank of America to an Ablaise licensing proposal.

**RESPONSE:**

   Admitted.

5.      On August 28, 2006, Ablaise and GIIA filed suit against Bank of America in the District of Delaware, alleging that Bank of America "infringed one or more claims of the '737 patent by making, using, and operating its bankofamerica.com and related websites throughout the United States," and seeking damages, preliminary and permanent injunctions. On October 10, 2006, Ablaise and GIIA filed a first amended complaint adding the '530 patent to that suit.

**RESPONSE:**

Admitted.

6.      Bank of America is a customer of Yodlee. Specifically, Bank of America and Yodlee are parties to an agreement entitled "Aggregation Services Agreement No. 23373-001" whereby Yodlee agreed to provide and Bank of America agreed to use certain Yodlee products to provide Bank of America's customers online information.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 6 and therefore deny the same.

7.      The "My Portfolio" facility of the Bank of America website identified by Ablaise in its July 26th letter to Bank of America was created by, developed by, provided by and supported by Yodlee under its agreements with Bank of America. Yodlee and Bank of America have also entered into an indemnification agreement, whereby Yodlee has agreed to indemnify Bank of America for claims made against those portions of the Bank of America website provided by Yodlee.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 7 and therefore deny the same.

8.      On or about April 10, 2006, counsel for Ablaise sent a letter to Compass Bank ("Compass"), alleging that its "compassweb.com website practices the inventions claimed in the '737 patent." This letter included a "representative infringement analysis for Claim 1 of the '737 patent," which compared screenshots from the compassweb.com website to elements in Claim 1 of the '737 patent. The letter also noted that "the compassweb.com website infringes a number of other '737 patent claims."

**RESPONSE:**

Admitted.

9.      Compass Bank is also a customer of Yodlee. As early as June 22, 2001, Compass and Yodlee signed a "Standard Co-Branded Service Agreement" whereby Yodlee agreed to

- 3 -

provide and Compass agreed to use Yodlee's products to provide Compass' customers online information on the compassweb.com website.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 9 and therefore deny the same.

10.     The portions of the Compass website identified by Ablaise in the presentation it sent along with its April 10th letter to Compass involved those portions of the Compass website created by, developed by, provided by and supported by Yodlee under its agreements with Compass. Compass and Yodlee have also entered into an indemnification agreement, whereby Yodlee has agreed to indemnify Compass for claims made against the portions of the compassweb.com website provided by Yodlee.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 10 and therefore deny the same.

11.     In addition to the Bank of America litigation, upon information and belief Ablaise and GIIA have also filed suits and/or have been involved in litigation against a number of other companies alleging infringement of the '737 and/or '530 patents, including: CDW Corporation; J&R Electronics; Lowe's Home Centers, Inc.; Investools, Inc.; Salesforce,com, Inc.; E*Trade Securities, LLC; Financial Fusion, Inc.; Lycos, Inc.; and Dow Jones & Company, Inc. Upon information and belief, the Salesforce.com, E*Trade Securities, and Financial Fusion litigations were all filed in the Northern District of California.

**RESPONSE:**

Admitted.

**THE PARTIES**

12.     Yodlee is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 3600 Bridge Parkway, Suite 200, Redwood City, California 94065-1170.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 12 and therefore deny the same.

13.     Upon information and belief, Ablaise is a British corporation with its principal place of business at 40 Queen Anne Street, London, WIG9EL, United Kingdom.

**RESPONSE:**

Admitted.

14.     Upon information and belief, GIAA is a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

**RESPONSE:**

Admitted.

## JURISDICTION AND VENUE

15.     This is a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for patent non-infringement and invalidity arising under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the causes of action stated herein pursuant to 35 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331, 1338(a) and 2201.

**RESPONSE:**

Admitted.

16.     Upon information and belief, Ablaise and GIIA are subject to personal jurisdiction in this forum because they have purposefully availed themselves of the privilege of doing business in California, including negotiating and granting licenses in California, and engaging in litigation in the Northern District of California.

**RESPONSE:**

Admitted.

17.     Alternatively, jurisdiction is proper in the Northern District of California under Fed. R. Civ. P. 4(k)(2). This cause of action arises under the patent laws of the United States. Defendants Ablaise and GIIA are not subject to the jurisdiction of the courts of general jurisdiction in any particular state. Additionally, Ablaise and GIIA have at least minimum contacts with the United States because, among other things, Defendants have obtained patent rights in the United States including the '737 and '530 patents, granted licenses to a number of major United States companies and presumably derive income from those licenses, entered into negotiations with United States companies to license the '737 and '530 patents, engaged in litigation against United States companies in various United States District Courts, including the Northern District of California, and used attorneys located in the United States to send notice letters to U.S. companies including Bank of America and Compass Bank.

**RESPONSE:**

Admitted.

18.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b) because Ablaise and GIIA are alien corporations, Yodlee is located in this judicial district, several acts that allegedly constitute infringement took place in this judicial district, and defendants have engaged in significant activity in this district, including negotiating and granting licenses and engaging in litigation in this district.

**RESPONSE:**

Admitted.

## COUNT ONE:  NON-INFRINGEMENT OF THE '737 PATENT

19.     Yodlee incorporates by reference and realleges paragraphs 1 through 18 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-18 of Plaintiff's Complaint.

20.     The products and services provided by Yodlee and utilized by its customers do not infringe, directly, indirectly, contributorily, or otherwise, any claim of the '737 patent.

**RESPONSE:**

Denied.

21.     As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding Plaintiff's infringement of the '737 patent.  Denied as to the other averments in paragraph 21.

22.     Yodlee is entitled to a judgment declaring that Yodlee and its customers do not infringe any claim of the 137 patent.

**RESPONSE:**

Denied.

## COUNT TWO:  INVALIDITY OF THE '737 PATENT

23.     Yodlee incorporates by reference and realleges paragraphs 1 through 22 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-22 of Plaintiff's Complaint.

24.     The claims of the '737 patent are invalid for failure to satisfy the requirements of Part U of Title 35 of the United States Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**RESPONSE:**

Denied.

25.     As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the validity of Defendants' patents.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding the validity of the '737 patent.  Denied as to the other averments in paragraph 25.

26.     Yodlee is entitled to a judgment declaring that the '737 patent is invalid.

**RESPONSE:**

Denied.

**COUNT THREE: UNENFORCEABILITY OF THE '737 PATENT**

27.    Yodlee incorporates by reference and realleges paragraphs 1 through 26 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-26 of Plaintiff's Complaint.

28.    Defendants are barred by the equitable doctrine of unclean hands from enforcing the '737 patent against Yodlee and its customers.

**RESPONSE:**

Paragraph 28 includes conclusions of law to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 28.

29.    Defendants are also barred by the equitable doctrine of prosecution laches from enforcing the '737 patent against Yodlee and its customers. Specifically, the inventors and assignees of the '737 patent unreasonably and inexcusably delayed the prosecution of several claims of the '737 patent, including at least claim 1 of the '737 patent. Numerous claims, including claim 1 of the '737 patent, were presented to the USPTO years after the filing of the original application from which the '737 patent claims priority, including many claims presented as late as February 25, 2005, which is almost nine years after the May 15, 1996, filing of U.S. Patent Application No. 08/647,769. On information and belief, Defendants and/or named inventors submitted these claims after an unreasonable and inexcusable delay in an attempt to wrongly acquire for themselves the publicly-known developments of the Plaintiff and others – developments that were made without any knowledge or reliance on the alleged invention disclosed in U.S. Patent Application No. 08/647,769.

**RESPONSE:**

Paragraph 29 includes conclusions of law to which Defendants are not required to respond.  To the extent a response is required, Defendants admit that the prosecution file history of the '737 patent is a matter of public record. Plaintiffs characterizations of that record, in paragraph 29, which are not contained in the '737 prosecution file history, are denied.

30.    As evidenced by the threatening letters to Yodlee' s customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the enforceability of Defendants' patents.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding the enforceability of the '737 patent.  Denied as to the other averments in paragraph 30.

31.     Yodlee is entitled to a judgment declaring that the `737 patent is unenforceable due to unclean hands and/or prosecution laches.

**RESPONSE:**

Denied.

## COUNT FOUR: NON-INFRINGEMENT OF THE '530 PATENT

32.     Yodlee incorporates by reference and realleges paragraphs 1 through 31 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-31 of Plaintiff's Complaint.

33.     The products and services provided by Yodlee do not infringe, directly, indirectly, contributorily, or otherwise, any claim of the '530 patent.

**RESPONSE:**

Denied.

34.     As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding Plaintiff's infringement of the '530 patent.  Denied as to the other averments in paragraph 34.

35.    Yodlee is entitled to a judgment declaring that Yodlee and its customers do not infringe any claim of the '530 patent.

**RESPONSE:**

Denied.

## COUNT FIVE:  INVALIDITY OF THE '530 PATENT

36.    Yodlee incorporates by reference and realleges paragraphs 1 through 35 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-35 of Plaintiff's

Complaint.

37.    The claims of the `530 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**RESPONSE:**

Denied.

38.    As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the validity of Defendants' patents.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between

the parties regarding validity of the '530 patent.  Denied as to the other averments in paragraph

34.

39.    Yodlee is entitled to a judgment declaring that the '530 patent is invalid.

**RESPONSE:**

Denied.

1

2                   **COUNT SIX:  UNENFORCEABILITY OF THE '530 PATENT**

3

4          40.     Yodlee incorporates by reference and realleges paragraphs 1 through 39 above as
if fully set forth herein.

5      **RESPONSE:**

6          Defendants repeat and incorporate their responses to paragraphs 1-39 of Plaintiff's

7      Complaint.

8

9          41.     Defendants are barred by the equitable doctrines of unclean hands from enforcing
the '530 patent against Yodlee and its customers.

10     **RESPONSE:**

11         Paragraph 41 includes conclusions of law to which Defendants are not required to

12     respond.  To the extent a response is required, Defendants deny the allegations in paragraph 41.

13

14         42.     As evidenced by the threatening letters to Yodlee's customers, including Bank of
America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer

15     Bank of America and against other defendants in this and other judicial districts, there is a real,
substantial, and continuing justiciable controversy between the parties regarding the

16     enforceability of Defendants' patents.

17     **RESPONSE:**

18         Admitted that there is a real, substantial, and continuing justiciable controversy between

19     the parties regarding enforceability of the '530 patent.  Denied as to the other averments in

20     paragraph 34.

21

22         43.     Yodlee is entitled to a judgment declaring that the `530 patent is unenforceable due
to unclean hands.

23     **RESPONSE:**

24         Denied.

25

26

27

28

<u>**COUNTERCLAIMS**</u>

<u>**COUNT ONE**</u>

Defendants-counter-complainants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Ablaise"), bring this counterclaim for infringement of the '737 patent:

1.      This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

2.      Ablaise is a British corporation.

3.      GIIA is a British Virgin Islands Corporation.

4.      On information and belief, Plaintiff-counter-defendant Yodlee, Inc. ("Yodlee") is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 3600 Bridge Parkway, Suite 200, Redwood City, California 94065-1170.

5.      Ablaise owns and has standing to sue for infringement of United States Patent No. 6,961,737 ("the '737 patent") (Ex. A.), entitled, "Serving Signals."

6.      The '737 patent was duly and legally issued by the United States Patent and Trademark Office on November 1, 2005.

7.      Yodlee has infringed, induced, or contributed to the infringement by others of one or more claims of the '737 patent as defined in 35 U.S.C. § 271, in this judicial district and throughout the United States by making, using selling, offering to sell, supplying, and causing to be supplied web-based software for performing financial transactions and website development services, such as those described in paragraphs 2 and 7 of plaintiff's Complaint. On information and belief, FFI knew or should have known its actions would induce actual infringement of the '737 patent by others.

8.      Yodlee's infringement of the '737 patent will continue unless enjoined by this Court.

9.      On information and belief, Yodlee's infringement of the '737 patent has always been deliberate and willful.

10.      Ablaise has been damaged by the infringing acts of Yodlee.

11.     Ablaise will continue to be damaged unless and until Yodlee is restrained from its infringing acts by this Court.

WHEREFORE, Ablaise prays for judgment as set forth below.

## **COUNT TWO**

Ablaise brings this counterclaim for infringement of the '530 patent:

12.     Ablaise incorporates by reference and realleges paragraphs 1 through 10 above as if fully set forth herein.

13.     Ablaise owns and has standing to sue for infringement of United States Patent No. 6,295,530 ("the '530 patent") (Ex. B.), entitled, "Internet Service of Differently Formatted Viewable Data Signals Including Commands For Browser Execution."

14.     The '530 patent was duly and legally issued by the United States Patent and Trademark Office on September 25, 2005.

15.     Yodlee has infringed, induced, or contributed to the infringement of one or more claims of the '530 patent as defined in 35 U.S.C. § 271, in this judicial district and throughout the United States by making, using selling, offering to sell, supplying, and causing to be supplied web-based software for performing financial transactions and website development services, such as those described in paragraphs 2 and 7 of plaintiff's Complaint, throughout the United States, including this judicial district. On information and belief, FFI knew or should have known its actions would induce actual infringement of the '530 patent by others.

16.     Yodlee's infringement of the '530 patent will continue unless enjoined by this Court.

17.     On information and belief, Yodlee's infringement of the '530 patent has always been deliberate and willful.

18.     Ablaise has been damaged by the infringing acts of Yodlee.

19.     Ablaise will continue to be damaged unless and until Yodlee is restrained from its infringing acts by this Court.

1

## **PRAYER FOR RELIEF**

2        WHEREFORE, Ablaise demands judgment against Yodlee, including Yodlee's affiliates,

3   officers, agents, servants, employees, and all persons in active concert or participation with them,

4   as follows:

5        (a)      Dismissal of Plaintiff's Complaint and denial of all the relief sought in such

6   Complaint;

7        (b)      An order enjoining Yodlee from infringing, inducing others to infringe, and/or

8   contributing to the infringement of the '737 and '530 patents or, in the alternative, entry of a

9   compulsory license;

10        (c)      An award to Ablaise of such damages as it shall prove at trial against Yodlee, after

11   a full accounting of all damages that Ablaise has suffered as a result of Yodlees' unlawful

12   conduct, said damages to be no less than a reasonable royalty;

13        (d)      An award to Ablaise of all damages so determined for willful infringement, in

14   accordance with 35 U.S.C. § 284, together with prejudgment interest;

15        (e)      A determination that this case is exceptional within the meaning of 35 U.S.C. §

16   285, and an award to Ablaise of the costs of this action and reasonable attorneys' fees; and

17        (f)      Such other relief as this Court and/or a jury may determine to be proper and just.

18

19

## **DEMAND FOR JURY TRIAL**

20        Ablaise and General Inventions Institute hereby demand a trial by jury of all issues in this

21   action.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1   Dated:  February 5, 2007        Respectfully Submitted,

2

3                                  /s/ Martin L. Fineman
                                  Martin L. Fineman

4                                  DAVIS WRIGHT TREMAINE LLP
                                  One Embarcadero Center, Suite 600

5                                  San Francisco, California 94111-3834
                                  Phone: (415) 276-6500

6                                  Fax:  (415) 276-6599
                                  Email:  martinfineman@dwt.com

7                                  Thomas G. Scavone
                                  Matthew G. McAndrews

8                                  NIRO, SCAVONE, HALLER & NIRO
                                  181 West Madison Street, Suite 4600

9                                  Chicago, Illinois 60602
                                  Phone:  (312) 236-0733

10                                 Fax:  (312) 239-3137

11                                 Attorneys for Defendants
                                  ABLAISE LTD. and GENERAL INVENTIONS

12                                 INSTITUTE A, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit C

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**280 South First Street**
**San Jose, California 95113**
_____
www.cand.uscourts.gov

Richard W. Wieking                                        General Court Number
Clerk                                                           408.535.5364

**January 22, 2007**

**CASE NUMBER:  CV 06-07222 PVT**
**CASE TITLE:  YODLEE, INC.-v-ABLAISE LTD. ET AL**

<u>REASSIGNMENT ORDER</u>

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the **Oakland** division.

**Case Assigned to the Honorable Saundra Armstrong Brown** for all further proceedings.

Counsel are instructed that all future filings shall bear the initials **SBA** immediately after

the case number.


ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND
SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE
HAS BEEN REASSIGNED.

Date: 1/22/07

FOR THE EXECUTIVE COMMITTEE:

_____
                                                              Clerk


NEW CASE FILE CLERK:

Copies to: Courtroom Deputies                     Special Projects
Log Book Noted                                         Entered in Computer 1/22/07


CASE SYSTEMS ADMINISTRATOR:
Copies to:  All Counsel                                Transferor CSA

# Exhibit D

# UNITED STATES DISTRICT COURT
### Northern District of California
### 280 South First Street
### San Jose, California 95113

———————————

www.cand.uscourts.gov

Richard W. Wieking                                             General Court Number
Clerk                                                              408.535.5364

## January 22, 2007

**CASE NUMBER:  CV 06-02451 PVT**

**CASE TITLE:  FINANCIAL FUSION,INC., ET AL-v-ABLAISE LTD., ET AL**

<u>REASSIGNMENT ORDER</u>

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the **Oakland** division.

**Case Assigned to the Honorable Saundra Armstrong Brown** for all further proceedings.

Counsel are instructed that all future filings shall bear the initials **SBA** immediately after

the case number.


ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND
SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE
HAS BEEN REASSIGNED.

Date: 1/22/07

FOR THE EXECUTIVE COMMITTEE:

_____
                                            Clerk



NEW CASE FILE CLERK:

Copies to: Courtroom Deputies            Special Projects
Log Book Noted                              Entered in Computer 1/22/07


CASE SYSTEMS ADMINISTRATOR:
Copies to:  All Counsel                     Transferor CSA